IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **PAYNE'S DIVERSIFIED HOUSING INC. and ANGELINE PAYNE,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SECRETARY OF VETERANS AFFAIRS et al.,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO. 1:25-CV-01703-SCJ-JEM** |

# ORDER

Pending before the Court is Plaintiff Angeline Payne's application to proceed *in forma pauperis* ("IFP"). (Doc. 1.) For the following reasons, Plaintiff Angeline Payne's IFP application, (Doc. 1), is **DENIED**, and Plaintiffs are **ORDERED** to pay the full filing fee within **30 days** of the date of this Order.[1]

---

[1] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986)); *see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6,

Plaintiffs are further **ORDERED** to obtain legal counsel, who must enter an appearance in this case within **30 days** of the date of this Order.

## I. <u>DISCUSSION</u>

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (§ 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and

---

2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

costs, and to support and provide necessities for himself and his dependents." *Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) ([t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969).[3] Instead, the statute conveys a privilege to proceed to those litigants unable to pay costs without undue hardship when the action is not frivolous or malicious, and the "permission to so proceed is committed to the sound discretion of the court." *Camp*, 798 F.2d at 437; *Startti*, 415 F.2d at 1116. While the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, "something more than mere statement and an affidavit that a man is 'poor' should be

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dep't Stores*, 607 F. Supp. 32, 34 (S.D. Fla. 1984) (quoting *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968)).

Here, it appears that Plaintiff Angeline Payne filled out the IFP application only for herself. (Doc. 1.) However, "[i]n multi-plaintiff suits, every plaintiff must qualify for pauper status. Thus, if even one plaintiff fails to qualify for pauper status, the filing fee must be paid." *Reaves v. Kyler*, No. CV 124-065, 2024 U.S. Dist. LEXIS 125308, at *1 (S.D. Ga. July 12, 2024) (citing *Curry v. Ocwen Loan Servicing, LLC*, No. 1:17-CV-04450-WSD-AJB, 2017 WL 10671174, at *2 (N.D. Ga. Nov. 27, 2017) ("[I]f multiple plaintiffs seek to proceed [IFP], each plaintiff must qualify for IFP status."), *adhered to on reconsideration*, 2018 WL 3699000 (N.D. Ga. Mar. 28, 2018); *Zaragoza v. Litton Loan Servicing*, No. 1:10-CV-4117-RWS-AJB, 2011 WL 13319891, at *2 (N.D. Ga. Jan. 28, 2011) (collecting cases)). Even if Plaintiff Angeline Payne qualified for IFP status, Plaintiff Payne's Diversified Housing Inc. cannot. "[T]he IFP statute only allows a 'person' to proceed IFP, not an artificial entity such as an LLC or a corporation." *LH Props. II, LLC v. Absolute Med. Weight Loss*, No. 1:18-cv-01051-CAP-AJB, 2018 U.S. Dist. LEXIS 66332, *4 (N.D. Ga. Mar. 14, 2018) (citing 28 U.S.C. § 1915(a)(1), (d)). According to the Supreme Court, "the word 'person' as used in the [IFP] statute refers only to individuals, that is, to natural persons and not to artificial entities." *Id.* (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-11 (1993) (holding that inmate association bringing civil rights action against prison officials not entitled to proceed IFP)). "The IFP statute requires a party to file an

affidavit supporting the person's allegation of poverty, but '[b]ecause artificial entities cannot take oaths, they cannot make affidavits' and artificial entities do not suffer poverty. Poverty, in its primary sense, is a human condition. . . .'" *Id.* (quoting *Rowland*, 506 U.S. at 203-04; citing *Redford v. Planchard*, No. 1:09-MI-0199, 2009 WL 3158175, at *5 (N.D. Ga. Sept. 25, 2009) (Duffey, J., adopting King, M.J.)). Therefore, the filing fee must be paid.

Additionally, corporations cannot proceed pro se in civil actions. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Therefore, Plaintiffs must secure legal counsel to proceed with this case.

## II. CONCLUSION

For the foregoing reasons, the IFP application, (Doc. 1), is **DENIED**, and Plaintiffs are **ORDERED** to pay the full filing fee within **30 days** of the date of this Order. Plaintiffs are further **ORDERED** to obtain legal counsel, who must enter an appearance in this case within **30 days** of the date of this Order. Plaintiffs are **ADVISED** that failure to comply with this Order may result in dismissal of this action.

**SO ORDERED** April 4, 2024.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE