**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**PAYNE'S DIVERSIFIED HOUSING INC. and ANGELINE PAYNE,**

**Plaintiffs,**

**v.**

**SECRETARY OF VETERANS AFFAIRS et al.,**

**Defendants.**

**CIVIL ACTION FILE NO. 1:25-CV-01703-MHC-JEM**

**ORDER**

Pending before the Court are Plaintiff Angeline Payne's Motion for Reconsideration, (Doc. 3), Motion to Appoint Counsel, (Doc. 4), and Motion for Temporary Restraining Order, (Doc. 5). The disposition of those motions and the Court's further instructions to Plaintiffs are detailed herein.

## I. DISCUSSION

Plaintiffs initiated this action by filing a pro se application to proceed *in forma pauperis* ("IFP") for Plaintiff Angeline Payne. (Doc. 1.) The Court informed Plaintiffs that corporations cannot proceed in a civil action pro se or IFP, and the Court denied the IFP application and ordered Plaintiffs to pay the full filing fee and obtain legal counsel within 30 days of the date of the Order. (Doc. 2.) On May 1, 2025, Plaintiff Angeline Payne filed a Motion for Reconsideration, (Doc.

3), Motion to Appoint Counsel, (Doc. 4), and Motion for Temporary Restraining Order, (Doc. 5).

Upon careful review of the motion for reconsideration, the Court finds that none of the arguments therein is a proper basis for such a motion. (*See* Doc. 3 at 1-2.) Upon careful review of the motion to appoint counsel, the Court finds that it must be denied at this time. "Appointment of counsel in a civil case is not a constitutional right." *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Here, as the Court explained in its previous Order, Plaintiffs cannot proceed IFP because one Plaintiff is a corporation. (Doc. 2 at 4.) And "the Court finds 'no authority either permitting or requiring appointment of counsel for a corporate [plaintiff] in circumstances such as those before the court.'" *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888-T-33TBM, 2013 U.S. Dist. LEXIS 53076, at *5 (M.D. Fla. Apr. 12, 2013) (quoting *Associated Builders Corp. v. United States*, No. 01-D-654-S, 2001 WL 1191144, at *1 (M.D. Ala. Oct. 10, 2001)). Finally, because Plaintiffs cannot proceed IFP and they have not paid the filing fee, the motion for temporary restraining order is not properly before this Court.

## II. CONCLUSION

For the foregoing reasons, Plaintiff Angeline Payne's Motion for Reconsideration, (Doc. 3), is **DENIED**; her Motion to Appoint Counsel, (Doc. 4),

is **DENIED WITHOUT PREJUDICE**; and her Motion for Temporary Restraining Order, (Doc. 5), is **DENIED AS MOOT**. If Plaintiff Angeline Payne wishes to proceed pro se and IFP, then she must file a new IFP application for herself and attach to that application a new complaint in which she is the only plaintiff. If both Plaintiffs wish to continue in this matter, then they must obtain legal counsel, file a new complaint signed by that counsel, and pay the full filing fee. Either way, this Order must be complied with by **May 23, 2025**. Failure to comply with this Order shall result in a recommendation to the District Judge that this action be dismissed.

**SO ORDERED** May 9, 2025.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE