**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**[1]

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS et al.,**

**Defendants.**

**CIVIL ACTION FILE**
**NO. 1:25-CV-01703-MHC-JEM**

## ORDER

Pending before the Court is Plaintiff's amended motion to proceed *in forma pauperis* ("IFP"). (Doc. 12.) To apply for IFP status in this District, parties must complete the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Accordingly, Plaintiff's amended IFP motion, (Doc. 12), is **DENIED WITHOUT PREJUDICE**, and Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering fully and truthfully all questions posed.[2] Plaintiff is **ADVISED** that failure to do so may result in dismissal of this action.

---

[1] In accordance with the Court's prior Order, (Doc. 7), Plaintiff filed a new complaint listing Angeline Payne as the only Plaintiff in this matter. (Doc. 12-1.) The Clerk is **DIRECTED** to correct the docket to reflect this change.

[2] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they

The Clerk is **DIRECTED** to mail a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiff at 4585 Spring Valley Parkway, South Fulton, GA 30349.

**SO ORDERED and DIRECTED** May 27, 2025.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986)); *see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).