**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS, BSI FINANCIAL SERVICES INC, MAGISTRATE COURT, DREW POWERS, MARSHAL J. WILEY, JUDGE ASHLEY DRAKE, JUDGE ELIZABETH GEORGE, JUDGE DFOORS, and ANY OTHER RESPONSIBLE PARTY,**

**Defendants.**

**CIVIL ACTION FILE**
**NO. 1:25-CV-01703-SCJ-JEM**

# ORDER

Pending before the Court are Plaintiff's second Motion for Reconsideration, (Doc. 8), Motion to Supplement, (Doc. 9), second Motion to Appoint Counsel, (Doc. 13), and third Motion for Reconsideration, (Doc. 15). The disposition of those motions and the Court's further instructions to Plaintiff are detailed herein.

## I. BACKGROUND

On March 31, 2025, Plaintiff initiated this action by filing a pro se application to proceed *in forma pauperis* ("IFP") for herself, though both she and a

corporate entity were listed as co-plaintiffs. (*See* Doc. 1.) The Court informed them that corporations cannot proceed in a civil action pro se or IFP, and the Court denied the IFP application and ordered the plaintiffs to pay the full filing fee and obtain legal counsel within 30 days of the date of the Order. (Doc. 2.) On May 1, 2025, Plaintiff filed a motion for reconsideration, (doc. 3), motion to appoint counsel, (doc. 4), and motion for temporary restraining order, (Doc. 5). On May 9, 2025, the Court denied those motions and advised that if Plaintiff wished to proceed pro se and IFP, then she must file a new IFP application for herself and attach a new complaint listing only herself as the plaintiff. (Doc. 7.) Alternatively, the Court advised that if both Plaintiffs wished to continue in this matter, then they must obtain legal counsel, file a new complaint signed by that counsel, and pay the full filing fee. (*Id.*) On May 22, 2025, Plaintiff filed, among other things, a second motion for reconsideration, (Doc. 8), a motion to supplement, (Doc. 9), an amended IFP application and complaint, (Docs. 12, 12-1), and a second motion to appoint counsel, (Doc. 13). On May 27, 2025, the Court denied Plaintiff's amended IFP application without prejudice because Plaintiff did not complete the correct application form. (Doc. 14.) The Court ordered her to either file a second amended IFP application using the correct form or pay the full filing fee. (*Id.*) On June 9, 2025, Plaintiff filed a third motion for reconsideration with exhibits. (Docs. 15, 15-1.) One of those exhibits is her second amended IFP application. (Doc. 15-1 at 6-14.)

## II. DISCUSSION

### A. IFP Application

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [or non-prisoner][1] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). When considering an IFP application, the court's "only determination . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez*, 364 F.3d at 130 (internal quotes and citations omitted). An IFP application is sufficient "if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*; *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (Before denying an IFP application, the court must first compare the litigant's assets and liabilities "to determine whether he has satisfied the poverty requirement."). "Courts routinely look to household income and assets

[1] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

in gauging ability to pay, regardless of whether the plaintiff's spouse is or is not a party." *David v. Dep't of the Army*, No. 1:20-CV-01619-JPB, 2020 WL 9595479, at *2 (N.D. Ga. Apr. 21, 2020), *report and recommendation adopted*, 2020 WL 9595489 (N.D. Ga. May 12, 2020); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) ([t]he fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived").

Here, Plaintiff asserts in her second amended IFP application and affidavit in support thereof that over the last 12 months she received $972 in average monthly income from retirement payments and public assistance, and that she expects to receive the same income next month. (Doc. 15-1 at 6-7.) She does not assert whether she has any cash, but she states that she has $25 in a bank account. (*Id.* at 7.) She asserts that she has no assets. (*Id.* at 8.) She asserts that she is the "unpaid caretaker" for her two adult children. (*Id.*) She lists her average monthly expenses as $275 for rent or mortgage payments, $186 for utilities, $40 for home maintenance, $392 for food, $40 for clothing, and $39 for laundry, indicating $972 in total average monthly expenses. (*Id.* at 9-10.) Although it does not appear that Plaintiff has reported the full extent of her income, assets, or expenses, the Court concludes that, based on the nature of this case (wrongful foreclosure on her home), Plaintiff's IFP application and accompanying affidavit support a finding that she is unable to pay the fees and costs of litigating this action without foregoing the basic necessities of life. Therefore, Plaintiff's second amended IFP application, (Doc. 15-1 at 6-10), is **GRANTED**.

**B. <u>Frivolity Review</u>**

**1. Legal Standard**

Once the Court finds that an IFP application is "sufficient on its face to demonstrate economic eligibility," the Court should "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (alteration in original) (quoting *Watson*, 525 F.2d at 891). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-CV-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation omitted). A complaint fails to state a claim "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Fernandez Rundle*, No. 10-10029, 2010 WL 3279158, at *2 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While a pro se complaint is liberally construed, *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]'" *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court is under no duty to "re-write" a pro se plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty.*

*Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing pro se pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

The Court's power to dismiss a claim for frivolity differs from, and in some ways supersedes, the power to dismiss for failure to state a claim under Rule 12(b)(6). *Miller*, 541 F.3d at 1100 (citing *Neitzke*, 490 U.S. at 327). Specifically, a court performing a frivolity review is not required to assume the truth of the allegations in the complaint like it is on a Rule 12(b)(6) motion. *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke*, 490 U.S. at 327); *Miller*, 541 F.3d at 1100 (courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). If a claim is arguable, however, it must be treated like a claim brought by a paying litigant and should survive frivolity review. *Id.*

**2. Plaintiff's Allegations and Claims**

Plaintiff's Amended Complaint consists of a few scant paragraphs. She alleges that she is bringing this action for wrongful foreclosure of her residential property located in Georgia. (Doc. 12-1 at 2.) She alleges that "Defendant(s) foreclosed without proper legal standing and continued to pursue action after notice of federal case transfer." (*Id.*) She alleges that, "[d]espite prior dismissal of a related magistrate court action, Defendant(s) have attempted to relitigate claims in contradiction of federal jurisdiction." (*Id.*) She alleges that she has

suffered irreparable harm, emotional distress, reputational damage, and economic loss. (*Id.*) She prays for $1,960,000 in damages, injunctive relief preventing further foreclosure attempts, appointment of counsel, and court costs. (*Id.*)

### *i. Plaintiff has not established subject matter jurisdiction.*[2]

Plaintiff alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. That statute gives federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Such jurisdiction exists "'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Here, Plaintiff alleges one cause of action for wrongful foreclosure, (Doc. 12-1 at 2), which is a state law claim. Therefore, the Court does not have federal question jurisdiction over this matter.

Although Plaintiff does not allege that this Court has diversity jurisdiction, the Court will address that issue for the sake of thoroughness. 28 U.S.C. § 1332(a) gives federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where complete diversity exists. 28 U.S.C. § 1332(a); *Univ. of S. Alabama*, 168 F.3d at 412. For complete diversity to exist, no plaintiff can be a

[2] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

citizen of the same State as any defendant. *Univ. of S. Alabama*, 168 F.3d at 412 ("all plaintiffs must be diverse from all defendants"). A plaintiff who invokes diversity jurisdiction "has the burden to prove that there is diversity." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007). To do so, the plaintiff must affirmatively allege facts in her complaint showing that both the amount in controversy and the diversity of citizenship prongs are satisfied. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (The party invoking diversity jurisdiction "must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement.") (citation omitted); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("A [plaintiff's] conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet [her] burden."); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists. . . . Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.") (internal citations omitted).

Here, Plaintiff alleges that she is seeking $1,960,000 in damages. (Doc. 12-1 at 2.) However, she has not alleged any facts to support this number. (*See id.* at 1-2.) Additionally, Plaintiff alleges that she "resid[es]" in Fulton County, Georgia. (*Id.* at 1.) However, "[f]or diversity purposes, citizenship means domicile; mere

residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (cited with approval by *Travaglio*, 735 F.3d at 1268). And, again, "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg*, 428 F.3d at 1320 n.2.[3]

In sum, Plaintiff has not established that this Court has subject matter jurisdiction over this case. Plaintiff's Amended Complaint as currently pleaded is therefore insufficient to survive frivolity review under 28 U.S.C. § 1915(e)(2)(B).

***ii. Plaintiff fails to state a wrongful foreclosure claim.***

Plaintiff does not allege or cite to any legal basis for her wrongful foreclosure claim. (*See* Doc. 12-1.) However, Plaintiff is alleging that Defendants wrongfully foreclosed on her home in Georgia, so the Court will analyze whether Plaintiff states a wrongful foreclosure claim under Georgia law.

Under Georgia law, a plaintiff alleging a wrongful foreclosure claim must establish that (1) the foreclosing party owed her a legal duty, (2) the foreclosing party breached that duty, (3) she suffered damages, and (4) a causal connection exists between the breach and her damages. *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 285-86 (1994); *Canton Plaza, Inc. v. Regions Bank, Inc.*, 315 Ga. App. 303, 306 (2012). Such a claim may be brought under a breach of contract theory or a tort theory. *Joseph v. Fed. Home Loan Mortg. Corp.*, No. 1:12-CV-01022-RWS, 2012

[3] If Plaintiff wishes to rely on diversity jurisdiction, then she must allege facts in her second amended complaint supporting the amount in controversy and showing her citizenship as well as the citizenship of every named defendant. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

U.S. Dist. LEXIS 159355, at *22 (N.D. Ga. Nov. 5, 2012) ("In Georgia, a wrongful foreclosure action sounds in contract and tort law.") (citing *Clark v. West*, 196 Ga. App. 456, 457 (1990)). Here, Plaintiff does not allege (either explicitly or implicitly through factual assertions) whether she is pursuing her claim under a breach of contract theory, tort theory, or both. (*See* Doc. 12-1.)

To proceed under a breach of contract theory, Plaintiff must identify a specific contractual provision that Defendants allegedly breached. *See Adkins v. Cagle Foods JV, LLC*, 411 F.3d 1320, 1327 (11th Cir. 2005) (affirming dismissal of breach of contract claim because plaintiffs could not identify any contractual provision breached by defendant); *Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.*, 426 F. Supp. 2d 1356, 1369 (N.D. Ga. 2006) (dismissing breach of contract claim because Plaintiff "cannot point to any contractual provision that [defendant] breached."). Plaintiff fails to do so. (*See* Doc. 12-1.)

To proceed under a tort theory, Plaintiff first must allege facts showing that Defendants owed her a duty under one of Georgia's foreclosure statutes—O.C.G.A. § 44-14-162.2 or O.C.G.A. § 23-2-114. *See McCarter v. Bankers Tr. Co.*, 247 Ga. App. 129, 132 (2000); *Echezona v. Wells Fargo*, No. 112CV00254ODEJFK, 2012 WL 12872909, at *7 (N.D. Ga. Nov. 13, 2012). Section 44-14-162.2 can provide a basis for a wrongful foreclosure claim "where a secured creditor fails to comply with the statutory advertising and notice requirements set forth" therein. *Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 753 (2013) (citing *Racette v. Bank of America*, 318 Ga. App. 171, 174-75 (2012); *Roylston v. Bank of America*, 290 Ga. App. 556, 559 (2008)). Section 23-2-114 provides that "a foreclosing creditor has a duty

to exercise fairly the power of sale provision in a security deed." *Adams v. Mortg. Elec. Registration Sys. Inc.*, No. 1:11-CV-04263-RWS, 2012 WL 1319453, at *7 (N.D. Ga. Apr. 16, 2012) (citing *DeGolyer v. Green Tree Servicing, LLC,* 291 Ga. App. 444, 449 (2008) ("Where a grantee does not comply with the statutory duty under OCGA § 23–2–114 to exercise fairly the power of sale in a deed to secure debt, the debtor may sue for damages for the tort of wrongful foreclosure."); *Brown v. Freedman,* 222 Ga. App. 213 (1996) ("A claim for wrongful exercise of a power of sale under OCGA § 23–2–114 can arise when the creditor has no legal right to foreclose.")). Nowhere in her Amended Complaint does Plaintiff allege any facts to show that Defendants failed to comply with the requirements of either statute. (*See* Doc. 12-1.)

Accordingly, Plaintiff's Amended Complaint as currently pleaded is insufficient to survive frivolity review under 28 U.S.C. § 1915(e)(2)(B).

### C. <u>Other Pending Motions</u>

Upon careful review of the second and third motions for reconsideration, the Court finds that none of the arguments therein is a proper basis for such a motion. (*See* Docs. 8, 15.) In her motion to supplement, Plaintiff apparently seeks to add information to her original complaint. (*See* Doc. 9.) Because Plaintiff has since filed an amended complaint, (Doc. 12-1), Plaintiff's motion to supplement her original complaint is moot.

Upon careful review of the second motion to appoint counsel, the Court finds that it must be denied at this time. "Appointment of counsel in a civil case is not a constitutional right." *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir.

2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Here, Plaintiff asks the Court to appoint her counsel "due to the legal complexity of this case, the need for investigation, and her limited ability to represent herself effectively due to personal health conditions and procedural barriers." (Doc. 13 at 3.) Upon review of Plaintiff's Amended Complaint, the Court does not see how this matter is legally complex—Plaintiff asserts one claim for wrongful foreclosure. To the extent Plaintiff is arguing that discovery is necessary in this case, that is true for most, if not all, civil cases. And Plaintiff does not argue how her personal health conditions or unidentified procedural barriers have blocked her from retaining an attorney on her own. Additionally, as noted above, the Court is not convinced that it has subject matter jurisdiction over this case, so the appointment of counsel at this time could very well be a waste of judicial resources. Otherwise, Plaintiff has not shown, and the Court does not find, that exceptional circumstances exist at this time to warrant appointment of counsel for Plaintiff.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Reconsideration, (Docs. 8, 15), are **DENIED**; her Motion to Supplement, (Doc. 9), is **DENIED AS MOOT**; and her Motion to Appoint Counsel, (Doc. 13), is **DENIED WITHOUT PREJUDICE**.

Additionally, Plaintiff's second amended IFP application, (Doc. 15-1 at 6-14), is **GRANTED**, but her Amended Complaint, (Doc. 12-1), does not survive frivolity review. In light of Plaintiff's pro se status, the Court will give Plaintiff leave to amend her complaint if she believes in good faith that she can assert one or more non-frivolous claims against Defendants. *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018). Plaintiff is therefore **ORDERED**, within **28 days** from the date of this Order, to file a second amended complaint. The second amended complaint should be pleaded such that every named defendant and the Court can discern what claims Plaintiff is bringing and the particular factual and legal bases of each claim. Specifically, the second amended complaint must:

- Address the shortcomings noted in this Order;
- Comply with the pleading requirements of Rules 8 and 10;
- Comply with the requirements of Rule 11;
- Include facts showing that the amount in controversy and citizenship requirements of 28 U.S.C. § 1332 are met, if Plaintiff wishes to rely on diversity jurisdiction;
- Include a brief factual background section with specific, non-conclusory factual allegations that directly pertain to this case, suggest support for the required elements of each claim, and are presented in logical order (which may or may not be chronological) in individually numbered paragraphs;
- Allege each cause of action under a separate count, as required by Rule 10(b);

- Provide underneath each count in separately numbered paragraphs (a) the relevant statute and the particular provision(s) of the statute violated, and (b) the relevant facts, including dates, that she believes entitles her to relief and that specifically support the necessary elements of each claim; and

- If more than one defendant is named in the amended complaint, state in each count which defendant(s) Plaintiff seeks to hold liable and the facts supporting the claim against each defendant.

Plaintiff is **ADVISED** that a second amended complaint will supersede her amended complaint, so she must assert in her second amendment any claims contained in the amended complaint that she wishes to proceed upon; the Court will not read the two complaints in tandem. She must raise in her second amended complaint all claims that she wishes to bring because later attempts to raise additional claims are reviewed under a different, more restrictive set of rules. Her second amended complaint must comply not only with the specific directions set forth above but also Rules 8 and 10 of the Federal Rules of Civil Procedure.[4] Failure to timely comply with this Order may result in a recommendation to the District Judge that this action be dismissed. Plaintiff must

[4] To that end, pro se plaintiffs may obtain certain basic materials and handouts from the Office of the Clerk of Court, located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. But Plaintiff is reminded that the Clerk and his deputies are not allowed to give legal advice. Pro se plaintiffs may also utilize the law library located in the Elbert P. Tuttle Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia, or visit the Court's website at *http://www.gand.uscourts.gov*. The Federal Rules of Civil Procedure and the Local Rules of this Court are available on the Court's website.

keep the Clerk and Defendant advised of her address and telephone number at all times; failure to do so may result in dismissal of the case.

**SO ORDERED** June 16, 2025.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE