**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ANGELINE PAYNE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SECRETARY OF VETERANS AFFAIRS, BSI FINANCIAL SERVICES INC, MAGISTRATE COURT, DREW POWERS, MARSHAL J. WILEY, JUDGE ASHLEY DRAKE, JUDGE ELIZABETH GEORGE, JUDGE DFOORS, and ANY OTHER RESPONSIBLE PARTY,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br>**NO. 1:25-CV-01703-SCJ-JEM** |

**<u>NOTICE TO PRO SE PLAINTIFFS</u>**

This matter has been referred to the undersigned Magistrate Judge pursuant to Standing Order No. 18-01. According to the Clerk's docket, Plaintiff is proceeding pro se (without an attorney). While a person has the absolute right to represent himself or herself in court, litigants are strongly encouraged to retain a lawyer who is knowledgeable both in the rules of evidence and procedure employed in this court and with the laws and rules surrounding the subject matter of the litigation. A party is generally not entitled to extra leeway or consideration just because the party is not represented by a lawyer. Further, neither the Court nor its staff will provide assistance to a party due to that

party's pro se status. *See Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 276 (11th Cir. Jan. 9, 2008) (noting that a court is not to act as counsel for a pro se party); *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party . . . ").

Litigants, including Plaintiff, who proceed pro se before the undersigned Magistrate Judge are **ADVISED** that they must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff must familiarize herself with the rules as well as the laws applicable to the case. To that end, pro se plaintiffs may obtain certain basic form materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, or visit the Court's website, http://www.gand.uscourts.gov. The Federal Rules of Civil Procedure and the Local Rules of this Court are available on the Court's website. Parties are reminded that the Clerk and his deputies are not allowed to give legal advice. Pro se plaintiffs may also utilize the law library located in the Elbert P. Tuttle Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia.

Pro se plaintiffs also are **REQUIRED** to provide the Clerk with an original and one copy of any further pleadings or other papers filed with the Court after the Complaint and are further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s) by mail or by hand delivery under Rule 5 of the

Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.[1]

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service.

Requests on procedural matters (for example, more time to file or respond to a pleading) or substantive issues (for example, to compel discovery or to not dismiss a case) must be filed with the Clerk in the form of a pleading, with a copy served upon the opposing party or lawyer. **LETTERS SENT TO OR FAXED TO THE COURT ARE NOT PROPER PLEADINGS AND WILL NOT BE CONSIDERED AS SUCH. IN FACT, THEY MAY BE IGNORED**. In addition, Plaintiff should not contact the Court via telephone to inquire about the status of any pending motions. All motions will be dealt with by the Court in due course.[2]

Pro se parties also are **ADVISED** that, under Local Rule 7, "PLEADINGS ALLOWED; FORM OF MOTIONS," if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. *See* LR

---

[1] Once counsel for a defendant has appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

[2] Should Plaintiff need to contact the Court for other reasons, she must do so by sending an email to *GANDsm_JEM_Chambers@gand.uscourts.gov*.

7.1(B), NDGa. Furthermore, under Local Rule 56.1, relating to motions for summary judgment and responses thereto, the failure by a party opposing the motion for summary judgment to controvert each factual statement contained in the statement of material facts not in issue, filed by the party in favor of the motion, will be taken as an admission of those facts if the party opposing the motion does not specifically controvert those assertions as required by the local rules.

Plaintiff is further **REQUIRED** to keep the Court advised of her current address and telephone number at all times during the pendency of the lawsuit. Failure to advise the Court, the Clerk of Court, and opposing counsel/party in writing within ten days of any change in address or telephone may result in sanctions being imposed, including dismissal of the complaint, the striking of a pleading, or adverse judgment being entered.

**SO ORDERED** June 26, 2025.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE