**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUL 14 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

ANGELINE PAYNE,
Plaintiff,
vs.

**1. SECRETARY OF VETERANS AFFAIRS )**
**UNITED STATES OFFICER**

**2. BSI FINANCIAL SERVICES INC. )**

**3. DREW POWERS (a.k.a. VA Attorney) )**

**4. JUDGE ASHLEY DRAKE )**

**5. JUDGE LINDA BORSKY )**

**6. JUDGE JOHN DE FOORS III )**

**7. DEBBIE ANN RICKMAN )**

**8. JUDGE TODD ASHLEY )**

9. CHÉ ALEXANDER )

10. MARSHALL J. WILEY )

11. VENDOR RESOURCE MANAGEMENT (VRM)
Defendants.

Case No: 1:25-CV-1703-MBC-JEM

SECOND AMENDED COMPLAINT

## I. INTRODUCTION

This is a civil complaint brought by Angeline Payne, a lawful resident and rightful titleholder of 4585 Spring Valley Parkway, who alleges that Defendants conspired to unlawfully foreclose, dispossess, and rekey her property through a pattern of fraudulent conveyance, unauthorized representation, judicial misconduct, wrongful legal procedure, suppression of evidence, and deliberate abuse of office and public trust. Plaintiff seeks monetary damages, injunctive relief, judicial review, and investigation and audit of this case and the property chain of custody.

## II. JURISDICTION AND VENUE

Included is jurisdictional grounds and venue explanation based on federal question and constitutional violations.

## III. PARTIES

1. Plaintiff Angeline Payne, pro se, is the lawful titleholder of the property located at 4585 Spring Valley Parkway, South Fulton Georgia 30349

2. Defendant 1: Secretary of Veterans Affairs, is responsible for guaranteeing VA-backed home loans. The Secretary(s) allowed the guarantee on the subject loan to be archived in 2015 and failed to remove false claims of agency representation.

3. Defendant 2: BSI Financial Services Inc., falsely claimed to be a mortgage servicer, failed to prove standing, and advanced unlawful foreclosure actions.

4. Defendant 3: Drew Powers, acted without bar credentials or federal authorization while falsely claiming to represent the Secretary of Veterans Affairs and a United States Officer.

5. Defendant 4: Judge Ashley Drake, knowingly permitted the use of unverified legal representation and denied Plaintiff due process in housing court proceedings.

6. Defendant 5: Judge Linda Borsky, issued rulings under unlawful claims without verified jurisdiction and failed to act in a neutral judicial capacity.

7. Defendant 6: Judge John De Foors III, allowed proceedings to continue based on defective legal service and improper filings without valid creditors.

8. Defendant 7: Debbie Ann Rickman, acted outside lawful authority in housing court by forwarding case matters without due diligence and full evidence review.

9. Defendant 8: Judge Todd Ashley, oversaw proceedings involving unlawful entries, denied review of Plaintiff's ownership documentation, and ignored evidence of archive status of the loan.

10. Defendant 9: Ché Alexander, Fulton County Clerk of Superior and Magistrate Courts, failed to properly record and respond to filings, mishandled evidence documents, and participated in procedural misconduct.

11. Defendant 10: Marshall J. Wiley, took official actions tied to housing court and/or clerk filings and participated in unlawful dispossession actions.

12. Defendant 11: Vendor Resource Management (VRM), sent a third-party agent to rekey and trespass upon Plaintiff's property prior to any lawful foreclosure or judgment. VRM had no standing and acted as an unauthorized creditor or agent.

## IV. FACTUAL ALLEGATIONS

Full Timeline:

2005: Fulton County Rehab Loan issued

2010: Security deed satisfied

2015: VA loan archived; no record in VALRI system

2020: Unlawful reappearance of current mortgage actors

2024-2025: Court activity despite no valid creditor, unauthorized attorneys, wrongful attempt of rekeying and forced removal, show of force and lien on property.

notifications regarding irregularities in filings, title claims, and unauthorized activity against her lawful ownership.

5. The VA did not act to protect the integrity of the veteran's estate or the lawful post-sale ownership of the property, despite its mandate to oversee housing-related issues concerning veterans and their surviving spouses. Their inaction directly contributed to the distress, legal entanglement, and destabilization of Plaintiff's lawful possession.

III. Legal Basis for Claims

Plaintiff asserts the following claims against the Secretary of Veterans Affairs:

Count I: Violation of the Fifth Amendment – Denial of Due Process
The VA failed to act or intervene in a timely manner to prevent deprivation of Plaintiff's property rights without due process, despite its authority and responsibility in safeguarding veteran-related housing transitions.

Count II: Negligence under the Federal Tort Claims Act (FTCA)
The VA owed a duty to monitor and ensure lawful administration of housing and estate matters involving veterans' property and failed to act in a reasonable manner when alerted to fraudulent or irregular activities that impacted Plaintiff's rights.

Count III: Breach of Administrative Duty
The Department had a duty to uphold federal protections related to veterans' housing and property succession. Its failure to acknowledge and address Plaintiff's legitimate concerns and documentation constitutes a breach of its duty to act in a responsible and transparent manner.

IV. Relief Requested

## V. CLAIMS FOR RELIEF

Count I: Fraud and Misrepresentation

Count II: Judicial Misconduct and Due Process Violations

Count III: Wrongful Foreclosure and Eviction

Count IV: Civil Conspiracy and Abuse of Office

Count V: Trespass and Conversion (VRM specific)

Count VI: Unauthorized Practice of Law (Drew Powers)

Count VII: Clerk Malfeasance (Ché Alexander)

Count VIII: Emotional Distress and Constitutional Violations

## VI. RELIEF REQUESTED

Plaintiff respectfully seeks:

Compensatory and punitive damages for trespass, fraud, judicial misconduct, and unlawful foreclosure

Immediate federal stay and quite possession of property

Investigation into fraudulent representation and judicial actors

Disqualification and disciplinary review of court officers involved

Court-ordered audit of deed and title history

VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all claims so triable.

Respectfully submitted,

/s/ Angeline Payne
Pro Se Plaintiff
Angeline Payne
4585 Spring Valley Parkway
South Fulton, GA 30349
404-202-2169
angelpayne1@gmail.com
July14, 2025

DEFENDANT 1: Secretary of Veterans Affairs / Officer of the United States

I. Identity of the Defendant (s)

DEFENDANT ENTRY
Doug Collins, in his official capacity as Secretary of Veterans Affairs, and former Secretaries Robert A. McDonald, Robert Wilkie, and Denis McDonough, in their respective capacities at the time of the events described herein. This filing addresses both historical administrative failures and seeks current-day redress.

II. Factual Allegations

1. Plaintiff, Angeline Payne, is the lawful purchaser of the real property located at 4585 Spring Valley Parkway, which she acquired in November 2013 through a bona fide transaction from the veteran's widow, Bridget Gooden.

2. The purchase was made in good faith and under the assumption that all rights, title, and interest were lawfully conveyed and protected under applicable state and federal statutes.

3. Despite clear title and active occupancy, Plaintiff has faced ongoing legal challenges, wrongful foreclosure actions, and attempted evictions rooted in disputed claims of ownership, financial servicing irregularities, and lack of federal intervention, particularly by those responsible for safeguarding veterans' housing transfers and preventing abuse or exploitation of post-service assets.

4. The Department of Veterans Affairs, through its designated officers and administrative agents, failed to investigate or respond to Plaintiff's repeated

Exhibit 1 – Secretary of Veterans Affairs
This exhibit includes documentation showing the Secretary of Veterans Affairs failed to intervene in fraudulent actions involving Plaintiff's purchased property at 4585 Spring Valley Parkway.

Attachments:
[List your supporting documents for this exhibit here.]

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory judgment confirming Plaintiff's lawful ownership and occupancy rights to 4585 Spring Valley Parkway.

An order compelling investigation by the VA into any irregularities or misconduct that undermined Plaintiff's lawful title and quiet enjoyment.

Monetary damages to compensate for emotional distress, litigation costs, and any wrongful financial burden imposed.

Any further relief deemed appropriate by this Court.

EXHIBIT – SECRETARY OF VETERANS AFFAIRS

Defendant: Secretary of Veterans Affairs (Official Capacity)

Departments: United States Department of Veterans Affairs (VA)

Relevant Timeframe: 2010 – 2025

Plaintiff: Angeline Payne

Property: 4585 Spring Valley Parkway

Exhibit Narrative: Timeline of Oversight and Administrative Failure

This exhibit establishes the timeline of Secretarial oversight and failure in the handling, classification, and follow-up regarding the Veterans Affairs loan attached to the subject property.

• 2010 – Fulton County satisfied the security deed for the Fulton County Rehabilitation Program.

• 2013 – Plaintiff purchased the property from Bridget Gooden.

• 2015 – VA loan status was confirmed as archived by VA loan officers; no longer accessible or active in the V.A.L.E.R.I. system.

• 2014–2017 – Under Secretary Robert A. McDonald, the VA acknowledged loan archival.

• 2018–2021 – Under Secretary Robert Wilkie, the VA failed to notify local agencies or remove federal guarantee records, resulting in ongoing title ambiguity.

• 2021–2025 – Under Secretary Denis McDonough, the VA continued to allow wrongful claims by third parties using VA-based justifications.

Current Secretary Doug Collins, as the standing officer of the VA, is responsible for overseeing all redress efforts and accountability.

Plaintiff's Assertion

The Department of Veterans Affairs, through administrative negligence and failure to act under successive Secretaries, enabled third-party actions on an inactive and

# EXHIBITS

DEFENDANT 2: BSI Financial Services, Inc.

I. Identity of the Defendant

BSI Financial Services, Inc. is a third-party mortgage servicer responsible for managing certain loan-related actions involving the real property located at 4585 Spring Valley Parkway, lawfully purchased by Plaintiff in November 2013. BSI assumed servicing duties after other prior servicers (RSI in 2015 and Ditech in 2017), and began asserting control over the property's foreclosure process beginning in 2020.

II. Factual Allegations

1. Plaintiff, Angeline Payne, began experiencing irregular and unlawful servicing actions by BSI Financial Services in 2020, which escalated into a series of improper foreclosure attempts.

2. BSI initiated a third foreclosure in December 2021, despite unresolved legal matters and the lack of a valid, enforceable debt or foreclosure judgment. At that time, the property was under the protection of a Temporary Restraining Order (TRO) that remained in effect until a court hearing took place in October 2022.

3. Despite this TRO, BSI proceeded with a foreclosure deed filing, knowingly violating the legal protections in place. This action constituted a blatant disregard for judicial process and was conducted under color of law without lawful authority.

4. In 2022, BSI again attempted a second foreclosure, resulting in a deed being filed in the Magistrate Court records on December 19, 2022. However, BSI itself issued a written letter stating that this 2022 foreclosure was conducted in error.

5. The contradiction between BSI's own written acknowledgment of error and its filing of a legally impactful foreclosure deed demonstrates a pattern of reckless, fraudulent behavior and disregard for Plaintiff's lawful property rights.

6. These successive actions, particularly the 2021 foreclosure under a TRO and the erroneous 2022 deed, represent an ongoing campaign of fraud, abuse of process, and violation of Plaintiff's constitutional rights, inflicting extreme hardship, emotional distress, and undermining the validity of Plaintiff's title.

7. Prior to BSI's involvement, RSI attempted an unlawful foreclosure in 2015, and Ditech initiated foreclosure activity in 2017, but neither resulted in lawful transfer of title. BSI's misconduct, however, was the most aggressive and sustained, and ultimately resulted in wrongful filing of foreclosure deeds, despite no lawful right to foreclose.

III. Legal Basis for Claims

Plaintiff asserts the following legal claims against BSI Financial Services, Inc.:

Count I: Fraudulent Misrepresentation and Fraud upon the Court
BSI made materially false representations to courts and filed documents it knew were invalid, misrepresenting its authority to foreclose.

Count II: Violation of Plaintiff's Constitutional Right to Due Process (14th Amendment)

By foreclosing during an active TRO and misusing the court filing system to record a fraudulent deed, BSI deprived Plaintiff of property without due process.

Count III: Abuse of Process

BSI misused legal mechanisms (e.g., foreclosure filings, court records) for unlawful purposes and caused Plaintiff harm through malicious litigation tactics.

Count IV: Negligent and Intentional Infliction of Emotional Distress

The pattern of foreclosure fraud, contradictions in documentation, and disregard for legal protections caused Plaintiff prolonged emotional and psychological harm.

Count V: Fraudulent Redirection of Mail, Failure to Pay Taxes, and Unlawful Lien Creation)

BSI's failure to pay the taxes resulted in the imposition of a tax lien on the Plaintiff's property, negatively impacting her legal title, creditworthiness, and ability to refinance, sell, or otherwise make decisions concerning the property. This deliberate or grossly negligent misconduct constitutes fraud, breach of fiduciary duty, and tortious interference with Plaintiff's property rights.Plaintiff suffered emotional distress, economic damages, and impairment of her property title due to Defendant's wrongful actions.

Count VI: Violation of State Consumer Protection Laws and Federal Mortgage Servicing Guidelines

BSI failed to provide truthful servicing, misrepresented ownership interest, and used improper procedures inconsistent with Georgia foreclosure law and CFPB servicing regulations.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

Nullification of all foreclosure deeds filed by BSI Financial Services, created in fictitious names, including the December 2021 and December 2022 foreclosure filings.

Monetary damages for emotional distress, legal costs, loss of property use, and reputational harm.

Injunctive relief barring BSI from further interference with Plaintiff's ownership of 4585 Spring Valley Parkway.

Sanctions or referral to appropriate federal and state regulatory bodies for investigation of BSI's misconduct.

Any other relief deemed just and proper by the Court.

DEFENDANT 3: Drew Powers

I. Identity of the Defendant

Drew Powers is an attorney who identified herself as retained legal counsel for the Secretary of Veterans Affairs, a federal officer of the United States. In her professional capacity, she represented or purported to represent the federal interest in housing-related litigation involving Plaintiff's property located at 4585 Spring Valley Parkway.

II. Factual Allegations

1. Defendant Drew Powers was involved in the legal handling of a dispossessory action originally filed against Plaintiff related to the property at 4585 Spring Valley Parkway.

2. The original dispossessory case was dismissed and transferred to the appellate court. It was subsequently remanded to superior court for further review. However, the superior court never assigned a docket number, and no valid remand process or hearing was scheduled or completed.

3. Despite the lack of remand jurisdiction or docketed authority, on December 3, 2024, Drew Powers opened or facilitated the filing of a second dispossessory action, initiating new proceedings without legal justification or jurisdictional foundation.

4. Plaintiff received no notice or summons in compliance with procedural due process. The court's docket falsely reflected that Plaintiff had been notoriously

served by a marshal on that same date — a date when Plaintiff was, in fact, in intensive care at a hospital (ICU) and physically incapacitated.

5. Drew Powers proceeded with this improper legal action under color of authority, leveraging her professional position and influence to reopen a matter that had been procedurally exhausted, and she did so in violation of Plaintiff's constitutional right to notice and a meaningful opportunity to be heard.

6. Her actions resulted in material harm, including legal confusion, exposure to wrongful dispossession, and emotional distress, while also undermining the legitimacy of the judicial process.

III. Legal Basis for Claims

Plaintiff asserts the following claims against Drew Powers:

Count I: Violation of Plaintiff's Right to Due Process (14th Amendment)
By reopening a case without notice or jurisdiction and enabling judicial action while Plaintiff was incapacitated, Drew Powers violated fundamental constitutional rights.

Count II: Abuse of Process
Drew Powers intentionally manipulated court procedures to secure a legal advantage, filing a second dispossessory without proper standing, remand docketing, or valid notice.

Count III: Fraud upon the Court

By asserting facts (such as alleged marshal service) that were knowingly false, and by initiating proceedings based on a non-existent remand order, Defendant committed fraud upon the court.

Count IV: Civil Conspiracy to Interfere with Property Rights (42 U.S.C. § 1985) In collusion with court officers or others acting under color of law, Drew Powers deprived Plaintiff of rightful legal process and interfered with her protected property interests.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory judgment that the December 3, 2024, dispossessory action was improperly initiated and violated Plaintiff's due process rights.

An order vacating all actions or filings resulting from this improper proceeding.

Monetary damages for emotional distress, legal expenses, and injury caused by the abuse of process.

Referral of Drew Powers to the State Bar of Georgia or other disciplinary authority for professional misconduct.

Any further relief the Court deems just and appropriate.

DEFENDANT 4: Judge Ashley Drake

I. Identity of the Defendant

Judge Ashley Drake is, upon information and belief, a judicial officer presiding over civil dispossessory proceedings in the Magistrate Court of [Insert County, e.g., Fulton County], Georgia. In her capacity as a judge, she is responsible for ensuring due process is upheld in all matters that come before her court, including the verification of service, hearing notifications, and judicial responses to post-judgment motions.

II. Factual Allegations

1. Judge Ashley Drake presided over a hearing related to Plaintiff's property located at 4585 Spring Valley Parkway in March [insert exact date if known], during which neither Plaintiff (Angeline Payne) nor Bridget Gooden — the original seller of the property — received any notice of the hearing.

2. The lack of notice was not incidental. Evidence later revealed a systemic backlog at the United States Postal Service's Crown Road Mail Processing Center, which had delayed or failed to send out court mailings, including notices of hearing and summonses, for a period spanning from 2021 through June 2024.

3. This backlog was confirmed through communications with the Chief Clerk of Courts, Shea Alexander, and brought to the attention of both the courts and Senator Jon Ossoff's office, verifying that the problem affected numerous defendants and litigants during that timeframe — including the Plaintiff.

4. Despite this confirmation, Judge Drake refused to set aside her judgment, knowing that notice had likely not reached the Plaintiff or co-defendant Bridget Gooden.

5. In her Answer and responsive pleadings, Plaintiff explicitly requested that the matter be transferred to Superior Court for full adjudication. However, Judge Drake failed to acknowledge or act upon that request, issuing a ruling that effectively denied Plaintiff a fair opportunity to be heard and to have the matter elevated for full legal review.

6. Ms. Gooden — who had not lived at the subject property for over nine years — was still summoned to appear in court without valid grounds and without receiving notice either. Judge Drake's insistence on moving forward with the hearing despite these irregularities further compounds the deprivation of Plaintiff's due process rights.

7. As a result of Judge Drake's actions, Plaintiff was left with no alternative but to seek relief from the appellate court, bypassing an ineffective and prejudiced judicial process at the magistrate level.

III. Legal Basis for Claims

Plaintiff asserts the following claims against Judge Ashley Drake:

Count I: Violation of Plaintiff's Right to Procedural Due Process (14th Amendment)
Judge Drake knowingly proceeded with and upheld a judgment despite widespread and documented failures in court notice delivery, and refused to vacate the ruling

when provided with credible evidence of mail backlog and 1100 pieces of returned mail dating back to 2021.

Count II: Judicial Misconduct and Abuse of Discretion
In refusing to acknowledge Plaintiff's request for transfer to Superior Court, Judge Drake acted beyond her scope and discretion, denying Plaintiff access to the proper venue for adjudication of complex property rights.

Count III: Failure to Cure Known Administrative Error
Despite documented evidence that mail was not delivered for over three years — affecting the very parties in this matter — Judge Drake refused to remedy the situation, effectively ratifying a judgment obtained without lawful notice.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory finding that Plaintiff's right to due process was violated due to improper service and denial of access to court.

Vacatur of any judgment issued in the March [insert year] hearing overseen by Judge Drake.

Monetary damages for emotional distress and harm suffered as a result of the improper legal proceeding.

Any further relief this Court deems just and equitable, including potential referral for judicial review or administrative correction.

DEFENDANT 5: Judge Linda Borsky

I. Identity of the Defendant

Judge Linda Borsky is, upon information and belief, a judicial officer presiding over civil dispossessory proceedings in Magistrate Court Case No. 24ED-32-9189, involving the Plaintiff's residence at 4585 Spring Valley Parkway. As a judicial officer, she holds the responsibility to ensure litigants receive fair notice, opportunity to be heard, and protection of their due process rights.

II. Factual Allegations

1. On April 24, 2025, a hearing was held in the above-captioned case without notice to Plaintiff, Angeline Payne, despite her having filed an Answer requesting $80,000 in damages and asserting that the case was opened improperly and without jurisdiction, given that a prior dispossessory matter had already been dismissed and was then under review by the federal court.

2. The hearing record reflects that by 9:30 a.m., Judge Borsky had struck Plaintiff's answer from the record, despite the fact that Plaintiff was not present due to receiving tampered court mail on the exact date of the hearing — preventing her from appearing or defending her claims.

3. The court order issued by Judge Borsky states:

"Motion to Strike Defendant's Answer"

"Landlord is entitled to Writ of Possession instantanar [sic]"

"Notice sent to all parties on 4/9/2025"

"No return mail or change of address on record"

"No direct appeal from default"

4. However, Plaintiff maintains that the mailed notice was received only on the actual day of court, after the hearing had already taken place, and that the envelope had visible signs of tampering, rendering the hearing and outcome both procedurally and constitutionally defective.

5. Judge Borsky's decision to strike the answer — which had been lawfully filed — and immediately issue a writ of possession without providing a genuine opportunity to contest the case, especially in light of the known timeline of a previous, dismissed dispossessory action, reflects judicial misconduct, denial of due process, and intentional disregard for procedural justice.

6. Further, the re-filing of a dispossessory action in the same court, while an appellate matter and remand were still unresolved, placed Plaintiff's home in double jeopardy, with conflicting jurisdictional issues ignored by Judge Borsky.

7. The Superior Court never issued a docket number for the remanded case, and made no meaningful effort to handle the remand or prevent duplicative proceedings — which were further advanced by Judge Borsky's failure to halt or investigate the duplicative filings.

III. Legal Basis for Claims

Plaintiff asserts the following legal claims against Judge Linda Borsky:

Count I: Violation of Procedural Due Process (14th Amendment)
By striking Plaintiff's answer and issuing a writ of possession without verifying service, acknowledging filed claims, or granting a fair hearing, Judge Borsky violated Plaintiff's due process rights.

Count II: Judicial Misconduct and Abuse of Discretion
Judge Borsky acted beyond the scope of judicial discretion by ignoring obvious procedural irregularities, tampered mail, and overlapping case jurisdiction involving appellate and federal courts.

Count III: Denial of Access to the Courts
By effectively cutting off Plaintiff's ability to present her claims or contest the second wrongful dispossession, Judge Borsky denied Plaintiff her right to a meaningful legal remedy.B

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory ruling that the actions of Judge Borsky on April 24, 2025, constituted a violation of Plaintiff's constitutional rights.

An order to vacate the judgment and Writ of Possession issued in Magistrate Case No. 24ED-32-9189.

Monetary damages for deprivation of property, emotional distress, and harm due to judicial misconduct and the improper hearing.

Referral to the Judicial Qualifications Commission or other judicial oversight body for investigation of Judge Borsky's conduct.

Any other relief the Court finds appropriate and just.

DEFENDANT 6: Judge John De Foors III

I. Identity of the Defendant

Judge John DeFoor III is a judicial officer serving in the Magistrate Court of [Insert County], Georgia. As a magistrate judge, he is responsible for the lawful adjudication of dispossessory matters and must ensure that all filings before him are procedurally valid, jurisdictionally sound, and not duplicative of already adjudicated claims.

II. Factual Allegations

1. On December 3, 2024, Judge John DeFoor III signed off on a dispossessory order in Magistrate Court Case No. 24ED-329189, concerning Plaintiff's residence at 4585 Spring Valley Parkway.

2. At the time this second case was filed and subsequently ruled upon, Judge DeFoor either knew or should have known that:
A prior dispossessory action involving the exact same property and parties had already been litigated, dismissed, and transferred to the appellate court.
That dismissed case had been remanded to Superior Court, though never properly docketed, leaving its resolution pending.
Any subsequent dispossessory filing over the same property was, therefore, procedurally improper and constitutionally suspect.

3. Despite these facts, Judge DeFoor approved a second, duplicative dispossessory proceeding without conducting a due diligence review to determine whether the filing was legally and jurisdictionally valid.

4. This action was taken at the request of Attorney Drew Powers, who claimed to represent the Department of Veterans Affairs, a federal agency. Yet no federal jurisdictional authority or intervention was presented to justify renewed litigation on a closed matter.

5. Judge DeFoor's approval of the second dispossessory effectively overrode the prior dismissal, bypassed the remand process, and granted a writ of possession against Plaintiff under circumstances where jurisdiction had not been re-established, and due process had not been afforded.

6. These actions not only contributed to Plaintiff's ongoing wrongful dispossession and property insecurity, but also demonstrate a judicial failure to verify case integrity, jurisdictional continuity, and the legitimacy of legal counsel's assertions.

III. Legal Basis for Claims

Plaintiff asserts the following legal claims against Judge John DeFoor III:

Count I: Violation of Procedural Due Process (14th Amendment)
Judge DeFoor failed to provide Plaintiff fair process when he approved a new dispossessory action over a matter that had already been adjudicated and was under appellate/federal review.

Count II: Abuse of Judicial Authority and Jurisdiction
The court lacked lawful jurisdiction to hear or approve a second dispossessory concerning the same matter, and Judge DeFoor acted outside his authority in granting the order.

Count III: Judicial Misconduct and Negligence

By signing a dispositive legal order without proper verification of procedural and historical context, Judge DeFoor contributed to Plaintiff's deprivation of legal rights and title protection.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory ruling that the order signed by Judge DeFoor on December 3, 2024, was legally defective and constitutionally invalid.

An order vacating any ruling or writ issued in Magistrate Court Case No. 24ED-329189.

Monetary damages for the harm suffered from the wrongful use of judicial authority.

A formal referral for review by the Georgia Judicial Qualifications Commission for judicial conduct inconsistent with legal standards.

Any other relief the Court deems just and proper.

DEFENDANT 7: Judge Debbie Ann Rickman

I. Identity of the Defendant

Judge Debbie Ann Rickman is, upon information and belief, a judicial officer serving in the Magistrate Court of [Insert County], Georgia. She presided over proceedings related to Magistrate Case No. 23ED-273255, the original dispossessory matter involving the Plaintiff's home at 4585 Spring Valley Parkway.

II. Factual Allegations

1. In May 2023, Plaintiff, Angeline Payne, was subject to a dispossessory action filed under Case No. 23ED-273255, which she actively contested.

2. This original case was ultimately dismissed on May 5, 2025, but not before the matter had been elevated to the Appellate Division, which then remanded the case to Superior Court on August 5, 2024. The remand was received by Superior Court on August 9, 2024.

3. Critically, the Superior Court never docketed the case, never issued a case number, and never notified Plaintiff of any further action. The matter remained procedurally suspended and in legal limbo.

4. Despite this, and in contradiction to the procedural record, Judge Rickman issued an order on May 5, 2025, transferring or ruling on the matter as if it were still properly before the Magistrate Court.

5. This action occurred:

Nearly nine months after the appellate court had already remanded the case.
Without a valid docket number or jurisdictional assignment from the superior court.
After Plaintiff had filed her federal case alleging constitutional violations, denial of due process, and judicial misconduct related to this exact legal sequence.

6. Judge Rickman's action had the effect of reinvigorating a closed case, overriding both appellate and superior court jurisdiction, and undermining Plaintiff's right to rely on the integrity of the legal process.

7. At no point did the court provide Plaintiff with meaningful notice or opportunity to contest this jurisdictional overreach. Instead, Judge Rickman's order stood as a final action with no statutory basis, no jurisdiction, and no authority, directly contributing to the stacking of unlawful legal procedures against the Plaintiff.

III. Legal Basis for Claims

Plaintiff asserts the following claims against Judge Debbie Ann Rickman:

Count I: Violation of Procedural Due Process (14th Amendment)
Judge Rickman acted on a case outside her jurisdiction, after it had been dismissed and remanded to another court. This deprived Plaintiff of notice and a fair adjudicative process.

Count II: Usurpation of Jurisdiction / Abuse of Authority
By issuing a transfer or ruling in a case that had been removed from her court's control for over nine months, Judge Rickman violated state and federal rules of jurisdiction and acted without legal authority.

Count III: Judicial Misconduct and Contributing to Judicial Confusion

The May 5, 2025, order created conflict with appellate, superior, and federal proceedings, placing Plaintiff in a procedural vortex and undermining her right to clarity in adjudication.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaration that Judge Rickman's May 5, 2025, order was void ab initio due to lack of jurisdiction.

An order confirming that any proceedings or actions arising from that order are invalid.

Monetary damages for emotional distress, legal confusion, and loss of rights stemming from the invalid judicial action.

Referral of this matter to judicial oversight agencies for investigation of potential misconduct.

Any other relief the Court deems just and proper.

DEFENDANT 8: Judge Todd Ashley

I. Identity of the Defendant

Judge Todd Ashley is a judicial officer in the Magistrate Court of [Insert County], Georgia. He was involved in the post-dismissal phase of Magistrate Case No. 23ED-273255, the original dispossessory action related to Plaintiff's residence at 4585 Spring Valley Parkway.

II. Factual Allegations

1. On May 29, 2025, Judge Todd Ashley issued an order summarily dismissing all of Plaintiff's pending motions filed in connection with Case No. 23ED-273255.

2. In that ruling, Judge Ashley falsely characterized Plaintiff, Angeline Payne, as a "sovereign citizen", asserting that her legal theories and filings were part of a discredited belief system "repeatedly rejected by the American courts."

3. Plaintiff never asserted or identified herself as a sovereign citizen, either in this or any related case. She filed in good faith as a Pro Se litigant under constitutionally protected rights.

4. This labeling was wholly unsupported by the record and served no legal purpose other than to dismiss Plaintiff's arguments without addressing their merits, effectively evading review and prejudicing Plaintiff's standing before the court.

5. The dismissal of Plaintiff's motions followed shortly after Judge Debbie Ann Rickman's May 5, 2025 transfer, which itself was jurisdictionally defective, as the

case had already been remanded from the appellate court to the superior court in August 2024 and docketed federally thereafter.

6. Judge Ashley's ruling ignored the fact that:

Plaintiff's motions were filed within lawful procedural bounds;

The court lacked jurisdiction due to unresolved transfer;

The federal complaint concerning the property and judicial misconduct had already been filed and was active.

7. The result of this action was to suppress Plaintiff's ability to defend her property rights, cast her in a false and prejudicial legal light, and remove from the record motions that were lawfully submitted.

III. Legal Basis for Claims

Plaintiff asserts the following legal claims against Judge Todd Ashley:

Count I: Violation of Procedural and Substantive Due Process (14th Amendment)
Judge Ashley denied Plaintiff a meaningful opportunity to be heard by dismissing her motions without legal review and based on a false label unsupported by fact or record.

Count II: Defamation and Abuse of Judicial Authority
The public labeling of Plaintiff as a "sovereign citizen" was defamatory, damaging to her credibility, and served to delegitimize her constitutional claims without cause.

Count III: Judicial Retaliation

Plaintiff asserts that Judge Ashley's use of baseless terminology and rejection of lawful filings constituted a retaliatory response to her federal court filing and constitutional claims.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory judgment stating that Judge Ashley's order of May 29, 2025, was made without factual basis, violated Plaintiff's due process rights, and was jurisdictionally improper.

An order requiring reinstatement of all stricken or dismissed motions filed in Magistrate Case No. 23ED-273255.

Monetary damages for reputational harm, emotional distress, and judicial misconduct.

Referral for professional and ethical review to the appropriate oversight authorities.

Any further relief this Court deems just and proper.

DEFENDANT 9: Ché Alexander (Clerk of Magistrate and Superior Court)

I. Identity of the Defendant

Ché Alexander is the Clerk of Court serving both the Magistrate and Superior Courts of Fulton County, Georgia. In her official capacity, she is responsible for the processing and dissemination of legal filings, court notices, hearing schedules, and all other procedural correspondence necessary to ensure due process for litigants in the judicial system.

II. Factual Allegations

1. On March 8, 2025, Plaintiff, Angeline Payne, participated in a Zoom meeting with Ché Alexander, along with another constituent, to address concerns about ongoing mail delays and systemic backlogs affecting judicial notices in Fulton County.

2. During the meeting, Ché Alexander admitted on record that she had been sending her clerks to the Crown Road Mail Processing Center to address an unresolved backlog of court-related mail, which had been impacting court proceedings and citizen participation for at least three years.

3. This backlog has been repeatedly linked to defendants not receiving notice of hearings, judgments being entered without proper service, and Plaintiff's own inability to appear at a March hearing — because her hearing notice arrived on the same day as the proceeding.

4. Shortly after this meeting, Plaintiff received court mail in her mailbox on a Sunday — a day the U.S. Postal Service does not deliver regular mail. The

envelope had been tampered with, evidenced by damage to the strip mail seal that Plaintiff used to secure it. The letter was addressed to the Justice Tower's legal department, referencing a concern about Ché Alexander's conduct.

5. The suspicious arrival of tampered mail related to Ché Alexander on a non-delivery day — immediately following Plaintiff's public concerns about her handling of the court's mailing system — raises serious concerns about mail tampering, potential retaliation, and administrative misconduct. —

6. Plaintiff further finds it alarming and procedurally damaging that court notices — particularly in cases involving dispossessory or foreclosure actions — have repeatedly been delayed, misdirected, or arrived on the date of the hearing, denying Plaintiff a meaningful opportunity to appear and be heard.

7. These incidents point to a systemic breakdown — if not deliberate obstruction — of due process and access to court, all under the authority of the Clerk's Office.

III. Legal Basis for Claims

Plaintiff asserts the following claims against Ché Alexander:

Count I: Violation of Procedural Due Process (14th Amendment)
By failing to ensure the timely and lawful delivery of critical court notices, Ché Alexander contributed directly to Plaintiff's inability to receive fair notice and respond to legal actions.

Count II: Negligent or Willful Interference with Mail and Judicial Process

As a high-level court officer responsible for coordinating with USPS, the Defendant allowed or failed to prevent serious disruptions to court access, with evidence of mail irregularities tied to her office.

Count III: Civil Rights Interference under Color of State Law (42 U.S.C. § 1983)
The Clerk's dereliction of duty, resulting in missed hearings, denial of notice, and possible mail tampering, constitutes a violation of Plaintiff's civil rights under federal law.

Count IV: Request for Criminal Investigation into Mail Tampering and Judicial Interference
Given the repeated mail issues directly involving Ché Alexander's office and the suspicious delivery of tampered communications referencing her conduct, Plaintiff seeks official inquiry into potential criminal misconduct.

IV. Relief Requested

Plaintiff respectfully requests the following relief from the Court as to this Defendant:

A declaratory judgment finding that the failures and misconduct within the Clerk's Office denied Plaintiff due process and materially harmed her ability to defend her property rights.

Referral to the Fulton County District Attorney and the U.S. Postal Inspection Service for criminal investigation into tampered mail, improper delivery timing, and obstruction of communication with judicial oversight entities.

DEFENDANT 10 – VENDOR RESOURCE MANAGEMENT (VRM)

I. Identity of the Defendant
Vendor Resource Management (VRM)
Alleged Holding Creditor / Vendor Contractor for Loan Servicing

II. Summary of Conduct
On or around December 3, 2022, VRM dispatched a realtor to the plaintiff's property at 4585 Spring Valley Parkway with the intent to rekey the home. This occurred before any foreclosure was recorded and without any legal notice or writ of possession. VRM acted under the false pretense of being the lawful holding creditor, despite there being no evidence of a deed, mortgage, or servicing authority tied to them via the VA's VALERI system. No batch number, assignment, or chain of custody was disclosed or available.

The rekeying attempt was not only unauthorized and unlawful, but it triggered a coordinated show of force, including alleged involvement of U.S. Marshals, creating intimidation and trauma to the plaintiff and her family. These actions resulted in emotional distress, violation of her constitutional right to due process, and a breach of quiet enjoyment and personal security.

III. Legal Basis for Claims

Trespass and unlawful entry in violation of state and federal housing protections

False representation as a federally-backed mortgage holder or authorized creditor

Due Process Violations under the Fifth and Fourteenth Amendments (no notice, no hearing)

Deceptive and abusive practices under consumer protection statutes (15 U.S.C. § 1692 et seq.)

IV. Exhibits Supporting Allegations

Exhibit 10 – Documentation and timeline of VRM's unauthorized activity and absence of legal standing

Affidavits – Statements from witnesses (Earth Payne, Sky Payne) corroborating intimidation and VRM's physical attempt to control property

V. Relief Requested

Compensatory damages for trespass, emotional distress, and unlawful interference with property

Injunctive relief barring VRM from any future access to or claim over the property

Civil penalties under applicable state and federal laws for false representation and deceptive practices

DEFENDANT 11 – MARSHALL J. WIDELY

I. Identity of the Defendant
Name: Marshall J. Widely
Title: Fulton County Marshal
Role in Action: Improper Service of Process / Due Process Violation

II. Summary of Conduct
Defendant Marshall J. Widely is alleged to have engaged in improper and potentially unlawful service of process related to a second dispossessory action filed on December 3, 2024, concerning Plaintiff's property at 4585 Spring Valley Parkway.

At the time of the alleged service, Plaintiff was hospitalized in the Intensive Care Unit (ICU) and could not have been lawfully served under Georgia or federal procedural requirements. Nonetheless, court records reflect that service was executed and relied upon in subsequent proceedings.

Furthermore, the December 3rd action was improperly initiated while a prior dispossessory case was still pending on appellate remand, without a new docket number or standing to proceed in the Superior Court. Defendant Widely's role in effectuating the allegedly false service of process enabled the issuance of a writ of possession based on fundamentally defective grounds, thereby contributing directly to Plaintiff's loss of property rights and constitutional protections.

III. Legal Basis for Claims

Violation of Due Process under the 14th Amendment (unlawful service while Plaintiff was incapacitated)

Negligence in verifying Plaintiff's status and medical incapacity before service

Abuse of Process in carrying out and certifying defective or unauthorized service

Enabling Unlawful Eviction in concert with other defendants despite ownership status

IV. Exhibits Supporting Allegations

Exhibit 11 – Records of hospitalization and ICU admittance concurrent with date of alleged service

Dispossessory case history showing procedural irregularities and lack of proper Superior Court docket assignment

Correspondence and court filings evidencing ongoing appellate remand during time of filing

V. Relief Requested

Compensatory damages for violation of due process, emotional distress, and loss of procedural right

Injunctive relief barring future enforcement of writs based on defective service

Corrective administrative review of Marshal's handling of process in disputed cases

Monetary damages for harm caused by delayed notices, missed hearings, and emotional distress.

An order requiring oversight and procedural reforms in the Clerk's Office to ensure future litigants are not similarly harmed.

Any further relief this Court deems just and appropriate.

5. EXHIBIT COVER SHEET
EXHIBIT [s]: UNAUTHORIZED MAILBOX ACTIVITY

Case No.: 1:25-CV-1703
Plaintiff: Angeline Payne
Defendant(s): SECRETARY OF VETERANS AFFAIRS, BSI FINANCIAL SERVICES INC, MAGISTRATE COURT, Attorney Drew Powers, Marshal J.Wiley, Judge Ashley Drake, Judge Linda Borsky, Judge John De Foors III,, Chief Clerk Magistrate Chè Alexander, Judge Todd Ashley, VENDOR RESOURCE MANAGEMENT (VRM) each officially and personally and Any Other Responsible Party,

Title: Unauthorized Mail Delivery & Suspected Stalking at Plaintiff's Residence

Date Range: April 24, 2025] – July 06, 2025

Description: This exhibit includes a sworn affidavit, formal USPS complaint, local police incident report, documentation of mailbox tampering, and a chronological log of suspicious mail activity involving unauthorized persons delivering or placing items into Plaintiff's mailbox. The conduct has occurred on dates when USPS does not deliver (e.g., Sundays) and has contributed to Plaintiff's ongoing claims of harassment, mail fraud, stalking, and interference with federally protected rights.

Included Documents: Exhibits

COMPLAINT USPS ONLINE

Hotline Complaint
Reference number: 68737

1 message
DoNotReply <DoNotReply@uspsoig.gov> Thu, May 29, 2025 at 10:48 AM

Reply-to: DoNotReply <DoNotReply@uspsoig.gov>

To: angelpayne1 <angelpayne1@gmail.com>

Office of Consumer Affairs: GEORGIA

Thank you for contacting the U.S. Postal Service Office of Inspector General (OIG). By conducting audits, evaluations, and investigations, the ensures efficiency, accountability, and integrity in the U.S. Postal Service.

We carefully review every submission to ensure it is a matter under the OIG's jurisdiction or area of responsibility. After reviewing the information, submitted, we have determined the U.S. Postal Service Consumer and Industry Contact Office is the correct contact.

The OIG has forwarded your correspondence to the office below for their review and action. Please direct all further inquiries on this matter to:

United States Postal Service
Consumer & Industry Contact Office
3900 Crown Rd SW Rm 2392 Atlanta, GA 30304
(404) 765-7702 or (800) ASK-USPS
Sincerely,
The OIG Hotline Team

**Exhibit E: Photo Evidence**


FIRST-CLASS
US POSTAGE
$ 000.69




Photo of the hearing letter that arrived on the date of the hearing. It was postmark for April 9th, held at the post office since the 18th of April, ended up in my mailbox on the day of the hearing the 24th, with evidence of tampering with the mail with a small piece of tape that had been reapplied to the envelope and not sticking.

Exhibit A: Affidavit of Mailbox Tampering

FEDERAL MAIL TAMPERING & STALKING COMPLAINT PACKAGE
Prepared for: Angeline Payne
Filing Date: Monday, July 15, 2025

1. AFFIDAVIT OF MAILBOX TAMPERING & SUSPECTED STALKING

Affiant: Angeline Payne
4585 Spring Valley Parkway
South Fulton, GA 30349
angelpayne1@gmail.com
July 06, 2025

I, Angeline Payne, under penalty of perjury, submit the following sworn statement regarding suspicious and unlawful activities observed at my residence.
I am the lawful resident of the above address and an authorized recipient of mail delivered to the mailbox located on the premises.

I have received mail delivered into my mailbox on Sundays, a day that is not designated for United States Postal Service (USPS) delivery in my region.

The individuals placing mail appear to be unauthorized persons, as the official USPS mail carrier is not scheduled to deliver on the days in question.

This mail tampering activity has occurred multiple times and raises serious concerns regarding federal mail tampering under 18 U.S.C. § 1705 and § 1708.

Given the context of my ongoing federal housing and property dispute, and the known activity of individuals falsely representing federal entities (e.g., VA officers), I believe this mailbox intrusion is a form of intimidation and surveillance designed to harass me.

I further believe this activity may constitute stalking under 18 U.S.C. § 2261A, given the repeated nature of the intrusion and its connection to prior and ongoing attempts to interfere with my federal legal rights.

I am requesting investigation and protective action from both federal and local authorities.

Signature: ______________________

Date: ______________________

**Exhibit B: USPS Complaint Letter**

2. USPS POSTAL INSPECTION SERVICE COMPLAINT LETTER
To: United States Postal Inspection Service
3900 crown road Southwest, room 2400, Atlanta Georgia 30304-9998

Subject: Request for Investigation – Unauthorized Mail Delivery / Mailbox Tampering / Suspected Harassment

Dear Postal Inspector,

I am writing to report unauthorized use of my residential mailbox, including mail delivered on non-service days (notably Sundays) and by individuals who are not USPS personnel. I am concerned this activity violates federal law (18 U.S.C. § 1705 and § 1708).

This conduct has occurred at least [5] times and appears to coincide with legal pressure and suspicious events tied to an ongoing federal property rights dispute. I believe this could be part of a coordinated intimidation effort. I respectfully request a formal investigation.

Please contact me at 404-202-2169 or angelpayne1@gmail.com for further information. I am prepared to submit photos, a log of events, and a sworn affidavit.

Sincerely,

Angeline Payne

**Exhibit C: Draft Police Report**

3. POLICE REPORT FOR LOCAL DEPARTMENT (TO HAND-DELIVER OR CALL IN)

Date of Report: July 12, 2025
Reporting Party: Angeline Payne
Address: 4585 Spring Valley Parkway South Fulton GA 30349
Phone Number: 404-202-2169

Incident Type: Mailbox Tampering / Suspicious Activity / Suspected Harassment

Description:
I am reporting recurring suspicious behavior involving unauthorized delivery of mail to my personal mailbox, including activity on Sundays when USPS is not in service. I suspect this may be related to stalking or harassment stemming from my involvement in a federal legal dispute. I request that a report be filed and that this information be made available should any further action occur.

I currently have an open case with the USPS inspector general at the Regional center at 3900 Crown Road Mail processing center.

I called in the police report and had to leave a message on Saturday July 12th around 4:00 p.m.
Spoke to Officer Williams, Case # 2025-010571
The report should be ready 5 days from this date July 12th, 2025. I will add that police record as a supplement.

4. FEDERAL CASE ADDENDUM FOR SUBMISSION AS AN EXHIBIT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
Plaintiff: Angeline Payne
Case No.: 1:25-CV-1703-MBC-JEM

ADDENDUM TO FEDERAL COMPLAINT
Subject: Mailbox Tampering, Unauthorized Mail Delivery, and Suspected Stalking
Plaintiff respectfully submits this addendum in support of her ongoing federal case involving housing rights, fraud, and misuse of federal authority.

Plaintiff has experienced repeated instances of unauthorized individuals placing mail into her residential mailbox, including on Sundays—non-operational days for USPS in her jurisdiction. This activity violates 18 U.S.C. § 1705 and § 1708, which prohibit tampering with mailboxes and unauthorized mail handling.

These incidents have occurred alongside other documented harassment and efforts to unlawfully dispossess the Plaintiff from her residence. Based on timing, repetition, and nature, Plaintiff reasonably believes this conduct also constitutes stalking and intimidation under 18 U.S.C. § 2261A.
Included with this Addendum are the following supporting materials:

Sworn Affidavit
USPS Complaint Letter
Local Police Report
Timeline of incidents
Photos of Sunday-delivered mail
This evidence further supports Plaintiff's plea for injunctive relief, protection, and investigation into illegal behavior conducted under color of authority and/or in violation of federal law.
Respectfully Submitted,
Angeline Payne
Pro Se Litigant

**Exhibit D: Timeline Log**

TIMELINE LOG

Mail Tampering Incident Timeline: Magistrate and Federal Court Correspondence:

Date: April 24, 2025

Event:
Court Hearing Notice Received

Details / Notes:
Delayed Notice for hearing received. However, the physical copy was not in your possession before the hearing began

Date: April 25, 2025

Event:
Tampered Magistrate Court Mailing

Details / Notes:
Mail containing notice of hearing was deposited early morning between 8:00–8:30 a.m., retrieved at 9:13 a.m. by granddaughter — 13 minutes after the hearing had started.

Date: May 5, 2025

Event:
Federal District Court Mailing Never Received

Details / Notes:
IFP Reconsideration notice from the federal clerk's office never arrived. A call confirmed it was sent but not delivered.

Date: May 11, 2025

Event
Resend of Federal Court Mail Confirmed

Details / Notes:
Second mailing sent by the federal court clerk at your request, following non-receipt.

Date: May 18, 2025

Event:
Delayed Federal Mail Arrives

Details / Notes:
Second attempt (sent May 11) arrived 7 days later — possible delay/tampering window identified.

Date: May 11, 2025

Event:
Email from Opposing Counsel Re: Certified Mail

Details / Notes:
Opposing attorney Drew Powers claims she sent certified mail for a cost bill regarding closed case 3255. You never received the certified letter. You responded by email stating the case was dismissed, federalized, and transfer attempt was improper.

Date: June 29, 2025

Event:
Suspicious Sunday Delivery – Mail Appears Steamed Open
Son received mail deposited late on a Sunday evening.

Details / Notes:
It appeared steamed open with a sticker stating “no such address”, even though it was correctly addressed.

Event:
The envelope was intended for the Justice Building: 185 Central Ave, Atlanta.

Date: July 6, 2025

Event
Second Sunday Delivery – Duplicate Mail with Double Stamps

Details / Notes:
Another suspicious Sunday delivery. Duplicate letter from Magistrate Court Judge Todd Ashley. Contained duplicate double-stamp markings matching previous suspicious mail.

Retrieved again by my son. Signs suggest mail may have been backdated or intercepted and reinserted.

Observations to Support Complaint:

Multiple instances of mail arriving on Sundays (non-delivery days).
Duplicate and suspiciously delayed notices, especially from judicial bodies.

Steamed-open mail and tampered envelopes.

Pattern centers around key court filings or communications — suggesting targeted interference.

Eyewitnesses include Earth Payne, Tiajwanna Thompson, Kayla McNeil, Storm Payne and officer Williams who noted pattern of tampering related to court related mai lin police report # 2025-010571.

# AFFIDAVIT OF INTEREST AND FACTS

I, Angeline Payne, of 4585 Spring Valley Parkway, 30349, under oath state:

1. I purchased the property located at 4585 Spring Valley Parkway, 30349 from the widow of the veteran, who is the lawful heir to the veteran's estate.

2. The widow is of sound mind and was cooperative in the transaction. She is the sole legal heir to the estate and the property in question.

3. The veteran's daughter, who is not a legal heir to the estate, interfered in this matter by discouraging the widow from allowing her late husband's name to be used in court or records unless permitted by the veteran's daughter who once again is not an heir to the estate.

4. This interference delayed my ability to obtain the veteran's Social Security number and relevant records for nearly two years.

5. Prior to this, the widow had willingly provided me his VA loan documents, which contained his Social Security number. These documents were submitted to the office of a United States Senator, Jon Ossoff to seek assistance from the VA. The VA still declined to provide the letter confirming that the loan was archived.

6. The VA declined to release any information, citing a policy requiring authorization from the widow or legal heir, who, despite being cooperative in the transaction, did not formally authorize release of documents to me due to third-party interference.

7. The Department of Veterans Affairs ceased guaranteeing the loan in 2005 upon the veteran's death.

8. A Security deed was later executed by the Fulton County Housing Authority for rehabilitation of the property. That deed was fully satisfied, and I am in possession of that documentation. The final balance paid on the property through that deed was approximately $65,000.

9. It is my understanding that the VA archived this loan in or around 2015, closing any federal interest in the property.

10. Attorney Drew Powers is listed as a private foreclosure attorney, not an authorized representative of the Department of Veterans Affairs or the United States Department of Justice.

11. Under penalty of perjury, I affirm that these facts are true to the best of my knowledge and belief.

Signature: ______________________________

Printed Name: Angeline Payne

Date: ______________________________

Notary Seal and Signature: ______________________________

LOAN SERVICING HISTORY:

Loan Servicing History – Non-Defendant Context

Background Timeline Related to VA Loan and Servicer Activity on Property at 4585 Spring Valley Parkway

2005 – Second loan secured via the Fulton County Rehabilitation Program. This act removed the VA loan guarantee from the original mortgage.

2010 – Fulton County formally satisfied the security deed, removing its claim over the property.

2010–2011 – By this period, any collection activity on the original mortgage was time-barred under Georgia statute of limitations.

2013 – Plaintiff Angeline Payne lawfully purchased the property from veteran's widow, Bridget Gooden.

2015 – Plaintiff and Ms. Gooden visited the Veterans Administration, where a loan officer confirmed the original VA loan had been archived and was no longer accessible in the VALERI system.

2015 – Residential Credit Solutions (RCS) acted as a loan servicer. Plaintiff requested the VALERI batch number validating VA guarantee status. RCS failed to produce such verification.

2017 – DITECH became the loan servicer. A second request for VALERI batch number was submitted by plaintiff. Again, no documentation was provided confirming VA loan standing.

2020 – BSI Financial Services assumed servicing. Plaintiff once again sought validation via VALERI records. BSI failed to confirm any standing with VA guarantee.

Summary:
This timeline supports the plaintiff's claim that the VA loan on the property was permanently deactivated and archived no later than 2015. All servicing activity conducted by RCS and DITECH failed to validate lawful claim to debt recovery. These entries provide necessary background for understanding the improper foreclosure attempts by later parties such as BSI Financial Services and VRM.

SERVICE SUMMARY MEMO

Plaintiff: Angeline Payne

Case: Payne v. Secretary of Veterans Affairs, et al.

Prepared for Service of Legal Summons and Court Documents

1. Fulton County Magistrate Court – Judges

Chief Magistrate Judge Cassandra Kirk

Fulton County Magistrate Court

Justice Center Tower

185 Central Avenue SW, Suite T1605

Atlanta, GA 30303

Phone: (404) 613-5045

(Use this address to serve any Magistrate Court Judge individually.)

2. Fulton County Marshal – Marshall J. Widely

Fulton County Magistrate Court – Marshal's Office

185 Central Avenue SW, Suite T1605

Atlanta, GA 30303

Phone: (404) 612-4451

(Marshal Widely may be served via the Clerk's Office at this address.)

3. U.S. Department of Veterans Affairs – Atlanta Regional Office

Senator Johnny Isakson VA Regional Office

1700 Clairmont Road

Decatur, GA 30033

Phone: 800-827-1000

Alternate Mailing Address:

VA Regional Office (Atlanta)

P.O. Box 100026
Decatur, GA 30031-7026

4. U.S. Department of Veterans Affairs – Central Office (Washington, D.C.)
U.S. Department of Veterans Affairs
810 Vermont Avenue NW
Washington, DC 20420
(Main federal office for VA administrative and legal matters)

Deed Book 53404 Pg 70
Filed and Recorded Dec-10-2013 12:15pm
2013-0301612
Real Estate Transfer Tax $0.00
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

PREPARED BY:
NCSA
P.O.Box 1202
Red Oak, GA 30272

WHEN RECORDED RETURN TO:
NCSA
P.O.Box 1202
Red Oak, GA 30272

ABOVE SPACE PROVIDED FOR RECORDERS USE

# QUIT CLAIM DEED

On November 1, 2013 THE GRANTOR (S),

- Bridget Gooden Hamilton, a married person, for and in consideration of: $10.00 conveys, releases and quit claims to the GRANTEE (S):
- Payne's Diversified Housing, Inc, Angeline L. Payne, Registered Agent,residing at 3527 Glenview Circle, Atlanta, GA 30331 the following described real estate, situated in College Park, in the County of Fulton, State of Georgia:
- (legal description): ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 46 OF THE 13TH DISTRICT, FULTON COUNTY, GEORGIA, BEING KNOWN AS 4585 SPRING VALLEY PARKWAY, COLLEGE PARK, GA 30349, PARCEL NUMBER 13 003300010151 MADE A PART HEREOF.

Grantor does hereby grants, bargain and sell all of Grantor's rights, title, and interest in and to the above described property and premises to the Grantee(s), and to the Grantee(s) heirs and have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof.

**IN WITNESS OF:**

Ricardo Dillard
Witness

Ricardo Dillard
4310 Valley Lake Terrace
College Park, GA 30349

Davez Barber
Witness

Davez Barber
4400 Jailette Road
College Park, GA 30349

**Grantor Signature(s):**

DATED: Nov 1, 2013

Bridget G. Hamilton
Bridget Gooden Hamilton
6170 Lamp Post Place
College Park, GA 30349

Rovonne Lawson
NOTARY PUBLIC
Henry County, GEORGIA
My Commission Expires September 20, 2017

Nm:PAYNE(1614202). Rq:128,2

FULTON COUNTY

**FULTON COUNTY OFFICE OF HOUSING REHABILITATION PROGRAM**

SATISFIED
JUL 15 2010
CATHELENE ROBINSON, C.S.C.
D.C.S.C. Fulton Co., Ga.

**Security Deed**

1/15/2010
01/25/2005

Deed Book 49189 Pg 280
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

STATE OF GEORGIA, COUNTY OF FULTON

This Security Deed (hereinafter referred to as the "Deed") made on or as of the 25th day of January 2005, between Bridgette Gooden (hereinafter called, and if more than one party, jointly and severally called "Grantor"), residing at 4585 Spring Valley Parkway, College Park, GA. 30349 in the County of Fulton and the State of Georgia, and FULTON COUNTY GOVERNMENT, a political subdivision in the State of Georgia (hereinafter called "Grantee"), whose address is: 115 Martin Luther King Jr., Dr., suite 275, Atlanta, GA 30303.

**W I T N E S S E T H :**

Grantor, for and in consideration of the loan evidenced by the promissory note hereinafter referred to and for other valuable considerations, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto Grantee the following described property:

**ALL** those tracts or parcels of land with the buildings and improvements thereon situated, lying and being in Land Lot_______of_____District,____Section of Fulton County, Georgia, as more particularly bounded and described in Exhibit "A" attached hereto.

**TOGETHER** with all right, title and interest of the Grantor in and to all streets, roads and public places, opened or proposed, in front of and adjoining the said premises, and all easements and rights of way, public or private, now or hereafter used in connection with said premises;

**TOGETHER** with all buildings, structures and other improvements now or hereafter located on the above described real property, or any part of parcel thereof;

**TOGETHER** with all and singular the tenements, hereditament, easements and appurtenances thereunto belonging or in any wise appertaining;

**TOGETHER** with all machinery, apparatus, equipment, fittings and fixtures now or hereafter erected or placed in or upon said real property or any improvements thereon now or hereafter attached to or used in connection with said real property and all replacements thereof whether or not the same have or would become part of said real property by attachment thereto;

**TOGETHER** with all awards heretofore and hereafter made by reason of the taking by eminent domain of the whole or any part of said premises or of any right appurtenant thereto, including any awards or payments for use and occupation and for change of grade of streets, which awards are hereby assigned to the Grantee and the Grantor will execute and deliver to the Grantee on demand such assignments and other instruments as the Grantee may require for such purposes and will reimburse the Grantee for its costs (including reasonable attorneys' fees) in the collection of such awards.

Deed Book 42174 Pg 154
Filed and Recorded Mar-21-2006 04:13pm
2006-0084302
Georgia Intangible Tax Paid $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

Deed Book 49189 Pg 279
Filed and Recorded Jul-15-2010 11:53am
2010-0283342
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

**STATE OF GEORGIA**

**COUNTY OF FULTON**

**Re: GRANTEE:**
**Bridgette Gooden**
**4585 Spring Valley Parkway**
**College Park, GA 30349**

**The indebtedness referred to in that certain Security Deed attached hereto and of record in Book 42174, Page 154, in the Office of the Superior Court of Fulton County, Georgia, having been satisfied in full, and the undersigned being the present record holder and owner of such deed, the clerk of such Superior Court is authorized and directed to cancel this deed of record this July 12, 2010.**

**FULTON COUNTY GRANTOR:**

**By:** [signature]
**Troy D. White**
**Director, Housing and Community Development**

Name: Karen R. Sturdivant

Title: Notary Public
**Notary**

Witness: [signature]

[Notary seal: Clayton County, Georgia]

FULTON COUNTY

**FULTON COUNTY OFFICE OF HOUSING REHABILITATION PROGRAM**

**Security Deed**

**STATE OF GEORGIA, COUNTY OF FULTON**

This Security Deed (hereinafter referred to as the "Deed") made on or as of the 25th day of January 2005, between Bridgette Gooden (hereinafter called, and if more than one party, jointly and severally called "Grantor"), residing at 4585 Spring Valley Parkway, College Park, GA. 30349 in the County of Fulton and the State of Georgia, and FULTON COUNTY GOVERNMENT, a political subdivision in the State of Georgia (hereinafter called "Grantee"), whose address is: 115 Martin Luther King Jr., Dr., suite 275, Atlanta, GA 30303.

**WITNESSETH:**

Grantor, for and in consideration of the loan evidenced by the promissory note hereinafter referred to and for other valuable considerations, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto Grantee the following described property:

**ALL** those tracts or parcels of land with the buildings and improvements thereon situated, lying and being in Land Lot_________of______ District,_____ Section of Fulton County, Georgia, as more particularly bounded and described in Exhibit "A" attached hereto.

**TOGETHER** with all right, title and interest of the Grantor in and to all streets, roads and public places, opened or proposed, in front of and adjoining the said premises, and all easements and rights of way, public or private, now or hereafter used in connection with said premises;

**TOGETHER** with all buildings, structures and other improvements now or hereafter located on the above described real property, or any part of parcel thereof;

**TOGETHER** with all and singular the tenements, hereditament, easements and appurtenances thereunto belonging or in any wise appertaining;

**TOGETHER** with all machinery, apparatus, equipment, fittings and fixtures now or hereafter erected or placed in or upon said real property or any improvements thereon now or hereafter attached to or used in connection with said real property and all replacements thereof, whether or not the same have or would become part of said real property by attachment thereto;

**TOGETHER** with all awards heretofore and hereafter made by reason of the taking by eminent domain of the whole or any part of said premises or of any right appurtenant thereto; including any awards or payments for use and occupation and for change of grade of streets, which awards are hereby assigned to the Grantee and the Grantor will execute and deliver to the Grantee on demand such assignments and other instruments as the Grantee may require for such purposes and will reimburse the Grantee for its costs (including reasonable attorneys' fees) in the collection of such awards.

Deed Book 42174 Pg 154
Filed and Recorded Mar-21-2006 01:13pm
2006-0084302
Georgia Intangible Tax Paid $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**TO HAVE AND TO HOLD** the said bargained property (all of which is collectively referred to herein as the "Property") unto Grantee forever in FEE SIMPLE subject only to the first lien for loan granted by one hereinafter termed Lender.

This Deed is intended to secure the payment of a debt in the sum of Sixty Seven ~~**FORTY NINE**~~ **THOUSAND** Three ~~**NINE**~~ **HUNDRED** Twenty ~~**EIGHT**~~ **DOLLARS AND 00/100 (**~~**$ 49,908.00**~~**)** with interest as evidence by one certain promissory note even date herewith, executed and delivered by Grantor to Grantee (the "Note") which has a final maturity on or before **January 1, 2010** and all other sums payable to Grantee under the Note and hereunder together with all renewals, extensions and modifications of the Note or the debt evidenced thereby.

As further security for the debt secured hereby, Grantor hereby sells, assigns, sets over and transfers to Grantee all of the rents, issues, and profits which shall hereafter become due or be paid for the use of the premises, reserving only the right to Grantor to collect said rents so long as there is no default in the obligations of Grantor under this Deed or in payment of the debt secured hereby.

Grantor covenants that Grantor is lawfully seized, of the estate hereby conveyed and has the right to grant, sell, and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Grantor warrants the title to the Property generally and will defend the title against all claims and demands, subject to encumbrances of record.

**GRANTOR FURTHER COVENANTS AND AGREES WITH GRANTEE AS FOLLOWS:**

1. Payment. Grantor will pay when due all sums secured hereby.

2. Prior Security Interests; Charges; and liens. Grantor shall perform all of Grantor's obligations under any security deed, mortgage, deed of trust, or other security instrument which conveys an interest in or creates a lien on the Property which has priority over that conveyed by this Deed. Such obligations shall include Grantor's covenants to make payments when due. Grantor shall immediately pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed.

3. Hazard Insurance. Grantor shall keep the buildings and improvements now existing or hereafter erected on the Property and all personal property covered by this Deed insured against loss and damage fire, by hazards included within the term "extended coverage", and by such other hazards as Grantee may require and in such amounts and for such periods as Grantee may require, but in no event less than the amount of the Note. ***The Grantee must be added as a lien holder on Insurance Policy.***

The insurance carrier providing the insurance shall be chosen by Grantor subject to approval by Grantee; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form satisfactory to Grantee. Grantee shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed or other instrument which has priority over this Deed.

In the event of loss, Grantor shall give prompt notice to the insurance carrier and to Grantee. Grantee may make proof of loss if not made promptly by Grantor.

Deed Book 42174 Pg 155

If the Property is abandoned by Grantor, or if Grantor fails to respond to Grantee within thirty (30) days from the date notice is mailed by Grantee to Grantor that the insurance carrier offers to settle a claim for insurance benefits, Grantee is authorized to collect and apply the insurance proceeds at Grantee's option either to restoration or repair of the Property or to the sums secured by this Deed.

4. Grantor Not to Permit Destruction or Abandonment. Grantor will not cause or permit any building or improvements upon the property to be removed, demolished or structurally altered, in whole or in part, or any fixture or article of personal property covered by this Deed to be removed or destroyed, without the prior written consent of Grantee, unless such fixtures and articles of personal property are replaced by fixtures or personal property of like kind and quality. Grantor will not abandon the Property or cause or permit any waste to the buildings, improvements, fixtures or articles of personal property covered by this Deed and will at all times maintain them in a reasonably good condition, and will comply, and cause all occupants of said Property to comply, with all laws and ordinances relating to the maintenance or use of the Property issued by an governmental department.

5. Protection of Grantor's Security. Grantor will, before the same become delinquent, pay or cause to be paid all taxes, assessments, water and sewer rents, excises, levies license fees and other charges which may be assessed or become liens on the Property and the articles of personal property covered by this Deed. Grantor will exhibit to Grantee within ten (10) days after demand receipted bills or satisfactory proofs of such payments. If Grantor fails to make such payments or fails to perform the covenants and agreements contained in this Deed, or if any action or processing is commenced which materially affects Grantee's interest in the Property, then Grantee, at Grantee's option, upon notice to Grantor, may make such appearances, disburse such funds, including reasonable attorney's fees, and take such action as is necessary to protect Grantee's interest. If Grantee requires title insurance as a condition of making the loan secured by this Deed, Grantor shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Grantor's and Grantee's written agreement or applicable law.

Any amounts disbursed pursuant to this paragraph 5 shall become additional indebtedness of Grantor secured by this Deed. Unless Grantor and Grantee agree to other terms of payment, such amounts shall be payable upon notice form Grantee to Grantor requesting payment thereof. Nothing contained in this paragraph 5 shall require Grantee to incur any expense or take any action hereunder.

6. Inspection. Grantee may make or cause to be made reasonable entries upon and inspections of the Property, provided that Grantee shall give Grantor notice prior to any such inspection specifying reasonable cause therefor related to Grantee's interest in the Property.

7. Recipient Not Released. Modification of amortization of sums secured by this Deed granted by Grantee to any successor in interest of Grantor shall not operate to release, in any manner, the liability of the original Grantor and Grantor's successors in interest. Grantee shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Grantor and Grantor's successors in interest.

Deed Book 42174 Pg 156

8. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Grantor and Grantee, subject to the provisions of paragraph 13 hereof. All covenants and agreements of Grantor shall be joint and several. Any Grantor who co-signs this Deed, but does not execute the Note, (a) is co-signing this Property to Grantee under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Grantee and any other Grantor hereunder may agree to extend, modify, forebear, or make any other accommodations with regard to the terms of this Deed or the Note without that Grantor's consent and without releasing that Grantor or modifying this Deed as to that Grantor's interest in the Property.

9. Notices. Notices, demands, or requests made hereunder shall be made in writing by postage prepaid, United States certified or registered mail, return receipt requested to Grantor or Grantee, as the case may be, at the address first set forth herein, or at such other addresses as may be designated by notice given in the aforesaid manner.

10. Governing Law; Severability. This instrument is a deed conveying title to the premises, and not a mortgage creating a lien, only, is made under the provisions of the existing laws of the State of Georgia and County of Fulton relating to deeds to secure debt, and is intended to constitute a security agreement under the Uniform Commercial Code of Georgia. This instrument shall be construed in accordance with the laws of the State of Georgia. In the event that any provision or clause of this Deed or Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provisions, and, to this end, the provisions of this Deed and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

11. Grantor's Copy. Grantor shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

12. Rehabilitation Agreement. Grantor shall fulfill all of Grantor's obligations under any home rehabilitation, improvement, repair, or other agreement which Grantor enters into with Grantee. Said agreement is attached hereto as Exhibit "B" and incorporated by reference herein. Grantee at Grantee's option may require Grantor to execute and deliver to Grantee, in a form acceptable to Grantee, and assignment of rights, claims or defenses which Grantor may have against parties who supply labor, materials or services in connection with improvements made to the Property.

13. Transfer of the Property. If Grantor sells or transfers the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of all, three years or less, not containing an option to purchase, Grantor shall cause to be submitted information required by Grantee to evaluate the transferee as if a new grant were being made to the transferee. Grantor will no longer continue to be obligated under the Note and this Deed in the event of a sale or transfer of the Property, if such sale or transfer has previously been approved and accepted by Grantee. If Grantee, on the basis of any information obtained regarding the transferee, reasonably determines that Grantee's security may be impaired, or that there is an unacceptable likelihood of a breach of any covenant or agreement in this Deed, or if any information required hereunder is not

Deed Book 42174 Pg 157

timely submitted, Grantee may declare all of the sums secured by this Deed to be immediately due a[illegible] payable. If Grantee exercises such op[illegible] to accelerate, Grantee shall mail Grantor notice of acceleration in accordance with paragraph 9 hereof. Such notice shall provide a period of not less than thirty (30) days from the date this notice is mailed or delivered within which Grantor may pay the sums declared due. If Grantor fails to pay such sums prior to the expiration of such period, Grantee may, without further notice or demand on Grantor, invoke any remedies permitted by paragraph 15 hereof.

14. Acceleration; Remedies. Except as provided in paragraph 13 hereof, upon an Event of Default (as defined below) which is not cured within ten (10) days after written notice to Grantor thereof as provided below, Grantee, at Grantee's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may exercise the right of non-judicial foreclosure granted hereunder. Upon occurrence of an Event of Default and failure to cure, Grantor shall, on demand, surrender possession of the Property to Grantee and hereby consents that, at any time after such demand, Grantee may enter upon the Property, let the same, collect all rents therefor and apply the rents, after payment of all charges and expenses, on account of the debt secured hereby, whether then mature or not; and said rents and all leases existing at the time of such default are, in the event of such default, hereby assigned as further security for the payment of said debt to Grantee, which by virtue of such right to possession and as attorney-in-fact of Grantor may dispossess, by summary proceedings or otherwise, any tenants of said Property then or thereafter in default in the payment of any rent, and Grantor hereby irrevocably appoints Grantee attorney-in-fact of Grantor for such purpose. In the event that Grantor is an occupant of the Property, Grantor agrees to surrender the possession of the Property to Grantee immediately upon default hereunder upon demand by Grantee and if Grantor remains in possession after such demand, such possession shall be as tenant of Grantee and Grantor agrees to pay monthly in advance to Grantee such rent for the Property so occupied as Grantee may demand, and in default of said doing, Grantor may also be dispossessed by summary proceedings or otherwise. In case of the appointment of a receiver of rents and profits of said Property, the covenants of this paragraph may be enforced by said receiver. Nothing herein shall be construed to obligate Grantee to discharge or perform the duties of a landlord to any tenant or to impose any liability upon Grantee as the result of its rights under this Deed and Grantee shall be liable to account only for rents received.

15. Events of Default. "Event of Default" as used herein shall include: (a) the breach of any covenant under this Deed: and (b) any default under the Note secured hereby. Prior to exercising the remedies provided in paragraph 14 above, Grantee shall give notice to Grantor as provided in paragraph 9 hereof specifying: (a) the event of default; (b) the action required to cure such event or default; (c) the date, not less than ten (10) days from the date the notice is mailed to Grantor, by which such breach must be cured; and (d) that failure to cure such Event of Default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, foreclosure by non-judicial process, and sale of the Property. If any action or proceeding be commenced by or against Grantee affecting the Note, the debt secured hereby, or the validity or priority of this Deed, or if the Property is offered for sale by virtue of the exercise of the powers herein granted, Grantee may appear, defend, prosecute, retain counsel and take such action as Grantee shall deem advisable, and the costs thereof (including attorneys' fees

Deed Book 42174 Pg 158

and applicable statutory costs, allowances and disbursements) together with interest thereon at a rate o[illegible]teen percent (15%) per annum, shall b[illegible]aid by Grantor to Grantee on demand and shall be secured by this period.

16. Subrogation. Grantee shall be subrogated to any encumbrance, lien, claim or demand (including all the rights therein and securities for the payment thereof) paid or discharged with proceeds of the indebtedness secured hereby, or by Grantee under the provisions hereof.

17. Right of Non-Judicial Foreclosure. Upon maturity of the debt secured hereby, whether by acceleration or otherwise, Grantee may sell the Property at auction at the usual place for conducting sales at the Fulton County Courthouse, to the highest bidder for cash, after advertising the tie, terms and place of such sale once a week for four (4) weeks immediately preceding such sale (but without regard to the number of days intervening between the date of publication of the first advertisement and the date of sale) in the newspaper in which the Sheriff's advertisements for Fulton County are then being published and giving Grantor at least four weeks' notice of such sale, all other notice being hereby waived by Grantor. Such four weeks' notice to Grantor is not intended to extend any notice and curing period otherwise provided herein but is only notice of the exercise of the remedy herein provided for after such notice and curing periods have expired. Grantee, its agents, representatives, successors or assigns, may bid and purchase at such sale. Grantee may thereupon execute and deliver to the purchaser at such sale a conveyance of the Property in fee simple, which conveyance shall contain recitals as to the Event of Default upon which the execution of the power of sale herein granted depends, and Grantor hereby constitutes and appoints Grantee the true and lawful attorney-in-fact of Grantor to make such recitals, sale and conveyance, and all of the acts of Grantee as such attorney-in-fact are hereby ratified and confirmed. Grantor agrees that such recital shall be binding and conclusive upon Grantor and that the conveyance to be made by Grantee shall divest Grantor of all right, title, interest, equity and right of redemption, including any statutory redemption, in and to the premises. Grantee shall collect the proceeds of such sale, and after reserving therefrom the entire debt secured by this instrument (including attorneys' fees as provided herein) and by any prior liens, together with and all costs and expenses of such sale, shall pay any surplus to Grantor, all as provided by law. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are in addition to any and all other remedies which Grantee may have hereunder, at law or in equity.

18. Tenants. So long as the debt secured hereby or any part thereof remains unpaid, Grantor agrees that possession of the Property by Grantor, or any person claiming under Grantor shall be as tenant under Grantee, and in case of a sale under power as provided in this Deed, Grantor and any person in possession under Grantor, shall, at the option of the purchaser at such sale, then become and be tenants holding over, and shall forthwith deliver possession to such purchaser, or be summarily dispossessed in accordance with the laws applicable to tenants holding over.

19. Forbearance by Grantee Not a Waiver. No failure of Grantee to require strict performance at any time of any of the exercise the option herein granted to accelerate the maturity of the debt secured hereby, nor any forbearance by Grantee before or after the exercise of such option, nor any withdrawal or abandonment by Grantee of any exercise of the power, of sale herein granted or any of its rights under such power, shall be construed as a waiver or any option, power, or right of Grantee hereunder. The rights and remedies of Grantee, expressed or contained in this Deed, are cumulative and no one

Deed Book 42174 Pg 159

of them shall be deemed to be exclusive of the others or of any right or remedy Grantee may now or hereafter have in law or equity. The covenants of this Deed shall run with the land and bind Grantor, the assigns, distributee, legal representatives, successors and heirs of Grantor, and all the Property shall inure to the benefit of Grantee, the successors and assigns of Grantee and all subsequent holders of this Deed.

20. Definitions. Whenever and wherever herein the singular number is used, it shall include the plural and vice versa as the context may require and the pronouns "he" or "it" referring to Grantor will also include "he", "she", "they", or "it", as the context requires, and if there shall be more than one person herein before described as Grantor, the promises and covenants herein made and contained shall be deemed to be made by said persons jointly and severally, and each shall be jointly and severally liable thereon. The terms "Grantor" and "Grantee" shall include the named Grantor and the named Grantee and their respective heirs, legal representatives, successors and assigns.

21. Entire Agreement. This agreement represents the entire agreement between the parties and no alteration or amendment thereof shall be effective unless in writing and signed by the parties sought to be charged or bound thereby, and each and every portion of this Deed shall apply to and bind the respective distributee, legal representatives, successors and assigns of the parties hereto.

22. Mechanic's Liens. In the event a mechanic or materialman's lien is filed against the Property, Grantor agrees to remove the same by payment, bonding or other appropriate measure in order to release the lien thereof from the secured premises and upon failure so to do within thirty (30) days after notice by Grantee, the same shall constitute an Event of Default hereunder giving to Grantee the right to declare the obligations secured by this Deed immediately due and payable and thereafter to avail itself of all rights hereunder to collect the same, including the right of foreclosure.

**IN WITNESS WHEREOF**, this Deed has been executed by Grantor under seal the day and year first above written.

GRANTOR:

Bridget Sanders [signature]

**(Homeowner)**

1/25/05

**Date**

Signed, sealed, and delivered in the presence of:

Notary Public [signature]

NOTARY PUBLIC ... GEORGIA
MY COMMISSION ... AUG. 22, 2008

Seal: ... PUBLIC

[signature]

Senior Inspector

Deed Book 42174 Pg 160

**FULTON COUNTY OFFICE OF HOUSING REHABILITATION PROGRAM**
**REHABILITATION CONTRACT**

This agreement is made and entered into this 25th day of January 2005, by and between Robert Mitchell/dba A.T.M Construction (hereinafter referred to as "Contractor"), Fulton County, Georgia (hereinafter referred to as "County"), and the Community Housing Development Corporation (hereinafter referred to as "CHDC") in the amount of $62,320. ~~$ 49,908.00~~ For housing rehabilitation services of property located at 4585 Spring Valley Parkway, College Park, GA. 30349 as specified by the County's Work Write-Up (hereinafter referred to as "Rehabilitation Project").

This Contract shall not become binding upon the parties referenced herein until said parties have properly executed this agreement.

In consideration of the mutual covenants and agreements contained herein, the undersigned parties agree to the following provisions:

I. GENERAL PROVISIONS:

A. This Contract embodies all the representations, rights, duties and obligations of the parties. Any prior oral or written agreements not embodied herein shall not be binding or inure to the benefit of the parties.

B. The parties state that, to the best of their knowledge and belief, no member of the County, or its officers, employees or agents, who exercise any functions or responsibilities in connection with the completion of the Rehabilitation Project, has any personal interest, direct or indirect, in this Contract.

C. The parties to this Contract hereby acknowledge and agree to comply with the following documents, all of which are made a part hereof by reference:

1. Fulton County Housing Rehabilitation Program Policies and Procedures, and Standard Specifications.

2. Contractor's Bid Proposal/ Homeowner's Proposal Acceptance.

3. Federal Lead Base Paint Notification.

D. The Contractor agrees that before he/she may begin work on the Rehabilitation Project, the County and CHDC must provide written approval of all grants or loans subject thereto.

E. The parties hereto acknowledge and agree that neither the County nor CHDC guarantees, insures or is any other manner responsible for the work to be completed in the Rehabilitation Project. The Contractor(s) acknowledges that he/she shall have no claim, cause of action of any type or kind against the County, CHDC, their officers, employees or agents, arising as a result of this Contract, including, but not limited to, the improvements or work performed by the Contractors and and /or Subcontractors on the subject property.

Deed Book 42174 Pg 161

F. This agreement shall be construed in accordance with and enforced under the laws of the State of Georgia.

II. PROVISIONS FOR THE CONTRACTOR:

A. The Contractor agrees to furnish all labor, materials, supervision, and services to perform work as specified in the County's Work Write-Up.

B. The Contractor shall begin work only after receiving the written Notice to Proceed from the County.

C. The Contractor shall comply with the Standard Specifications for Residential Rehabilitation by the County, the Bid Manual, and Program Procedures of the Fulton County Housing Rehabilitation Program, and all rules, regulations, ordinance, and laws of the County, State of Georgia, and the Federal Government.

D. The Contractor shall promptly secure all necessary permits, inspections and approvals required for completing the Rehabilitation Project, and allow reasonable inspections of all work by authorized inspectors and officials of all applicable governmental municipalities.

E. The Contractor shall certify that all sub-contractors have been paid for services and materials prior to receipt of a final Payment.

F. The Contractor shall maintain insurance as follows:
1. General Liability:
I. Bodily Injury, including death, $1,000,000.00 each occurrence and aggregate limits of $2,000,000.00.
2. Workman's Compensation:
I. Bodily Injury each Accident $100,000.00, injury by Disease (each employee) $100,000.00, Bodily injury by Disease - $500,000.00 policy limits.

G. The Changes to the Bid or Proposal shall be prohibited without a written "Change Order" issued by the CHDC and County.

H. The Contractor shall name the County, CHDC, and Homeowner as additional insured and provide appropriate "Certificates of Insurance" indicating the required limits of coverage and name of insurance carrier. (The insurance carrier must have a minimum rating of an A with AM Best.

I. The Contractor shall abide by Federal Regulations prohibiting the use of lead-base Paint.

J. The Contractor shall abide by the Civil Rights Act as amended to date in the performance of the work authorized by this Contract.

K. The Contractor shall satisfactorily complete the work within 45 working days from the date of the Notice To Proceed. Liquidated Damages in the amount of $250.00 per day will be assessed for each day beyond the completion date, unless the County and /or CHDC provide an extension in writing prior to the scheduled completion date.

Deed Book 42174 Pg 162

L. The Contractor shall indemnify and hold harmless the County, CHDC, its officers, employees, agents, successors, and /or assigns from any and all claims, costs, and / or liability in connection with this Contract, the Rehabilitation Project, and the Contractors performance therein.

M. The Contractor shall indemnify and hold harmless the County, CHDC, the homeowner, their officers, employees, agents, successors, and /or assigns from any and all claims, costs, and / or liability in connection with the payment to or performance of any subcontractor performing services pursuant to the Rehabilitation Project and this Contract.

N. Contractor agrees to pay or bond off any material man or mechanics liens filed against the Property within five (5) days of receipt of notice of the filing of such liens, and to indemnify and hold harmless the County, CHDC, the homeowner, their officers, employees, agents, successors, and /or assigns against any cost, loss or damage caused by any such liens.

THIS CONTRACT AND ALL EXHIBITS HEREIN ARE APPROVED AND ACCEPTED AS OF THE ABOVE WRITTEN DATE.

IN WITNESS WHEREOF, the parties to this Agreement have executed the same in triplicate, each of which shall be deemed originals, as of the above written date.

Contractor/ATM Constructors, Inc.

Benny Crane, CHDC Board President

Camilla J. Moore, Director, Fulton County Office of Housing

Yolanda Williams-Favors, Counsel, CHDC

Signed, sealed and delivered in the presence of:

Notary Public

NOTARY PUBLIC, FAYETTE COUNTY GEORGIA MY COMMISSION EXPIRES AUG 22, 2005

Deed Book 42174 Pg 163

3/3/2020

GEORGIA

# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **BSI FINANCIAL SERVICES, NMLS 3807 CO.** | Control Number: | **18008108** |
| Business Type: | **Domestic Profit Corporation** | Business Status: | **Admin. Dissolved** |
| NAICS Code: | **Any legal purpose** | NAICS Sub Code: | |
| Principal Office Address: | **3900 CROWN UNIT 162611, ATLANTA, GA, 30321, USA** | Date of Formation / Registration Date: | **1/17/2018** |
| State of Formation: | **Georgia** | Last Annual Registration Year: | **NONE** |
| Dissolved Date: | **08/26/2019** | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | **Agent Resigned** |

Back

Filing History Name History

Return to Business Search

**What does admin dissolved mean?**

- Administrative dissolution is when the government dissolves, or shuts down a company or organization due to a failure to comply with regulations and/or laws. A simple failure to pay taxes could result in administrative dissolution. However, there are also more complicated reasons such as failure to maintain a valid registered agent.

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

12/7/17

BRIDGETTE GOODEN
6170 LAMP POST PL
COLLEGE PARK, GA 30349

RE: Account Number: 1470925544
Property Address: 4585 SPRING VALLEY PARKWA
COLLEGE PARK, GA 30349

Dear Borrower:

Welcome to BSI Financial Services. The servicing of your loan with DITECH FINANCIAL has been transferred to BSI Financial Services, and BSI Financial Services is servicing the loan on behalf of the current creditor VRM Mortgage Services, to whom the debt is owed.

As of the date of this letter, your total unpaid principal balance is $95926.76 due to VRM Mortgage Services, and your escrow account balance is $-40579.9. Your next payment due is in the amount of $957.65. Your current interest rate is 4 %.

The total debt inclusive of all past due interest and fees, if any, is $168663.78. Because of interest, late charges, and other charges that may vary from day-to-day, the amount due on the day you pay may be greater; therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payoff funds. **Please contact BSI Financial Services at 1-877-804-4832 within 48 hours of when you intend to remit payoff funds to confirm the payoff amount.** We will inform you of any adjustments prior to posting the payoff funds.

For further information, please write to us at the address listed above or call us toll-free at 1-877-804-4832. Monday - Friday 8:00 a.m. - 11:00 p.m. (ET) and Saturday 8:00 a.m. - 12:00 p.m. (ET).

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of the judgment or verification. Upon your written request for the name and address of the original creditor within the thirty (30) day period after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Your loan may be sold by the current creditor to another party at any time. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Please send the written request to:

BSI Financial Services
**Attn: Customer Care**
314 S. Franklin St., Second Floor
PO Box 517
Titusville, PA 16354

BSI Financial Services may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report. You have the right to dispute the accuracy of the information



If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, Whatever rights we hold in the property that secures the obligation remain unimpaired.

Please keep a copy of this form for your records

BSI Financial Services

## AUTOMATIC CLEARING HOUSE APPLICATION

**Loan Number:**______________________ **Date:**__________

**Send completed application and a copy of a voided check or savings deposit slip to:**

★Fax: (814) 286-5089 (Attn: ACH Dept.) Mail: 314 S. Franklin St, Titusville, PA 16354 (Attn: ACH Dept.)

**The form below must be filled out in its entirety to be processed. Please attach a voided check to this form. If you are using a savings account, we require a BANK STATEMENT or LETTER from the BANK which should include your name, bank routing and savings account number.**

*Credit Union Members: to ensure prompt processing of your application, please verify your account number and routing/transit numbers with your credit union. The correct numbers may be different from what is printed on your check.*

| Customer Information | | | |
|---|---|---|---|
| **Borrower Name(s):** | **Contact Phone#:** | ☐ Home ☐ Work ☐ Cell | |
| **Mailing Address:** | **City:** | **State:** | **Zip code:** |

| Bank Account Information | |
|---|---|
| Please Select one: ☐ Checking Account | ☐ Savings Account |
| Bank Name: | Bank Phone Number: |
| Bank ABA Routing Number: | Bank Account Number: |

| Automatic Payment Amount | | |
|---|---|---|
| Current monthly payment $: | | |
| Additional principal payment (optional) $: | Additional Escrow payment (optional) $: | **Total of Additional: $** |

**Automatic Payment Withdrawal Date**

Desired start date: ____________(mm/dd/yy)

Please Select <u>one</u> of the three draft options below. Details of each of the options are provided in the ***FAQs*** provided with this form:

☐ Monthly Drafting (Please select a valid date):____________**(1st to 30th ONLY)**

☐ Bi-Weekly Drafting (Day of Week): ________

☐ Weekly Drafting (Day of Week):__________

**To ensure proper drafting, a day of the week (Monday through Friday) will need to be selected for the weekly or bi-weekly options**

**IMPORTANT:** To ensure no late charges are assessed, you must select a Withdrawal Date PRIOR to the end of your monthly grace period. Generally payments are due on the first day of each month and the withdrawal date may be up to 15 days past your due date based on your grace period. **Refer to your promissory note for your specific due date and grace period.**

**Auto Debit Authorization**

I authorize BSI Financial Services, Its authorized representatives and service providers ("BSI"), and the above named bank to automatically debit my bank account monthly for the amount of (i) my monthly payment of principal, interest and escrow, which amounts are specifically set forth in my mortgage loan documents, plus (ii) any additional principal or escrow as indicated above. I understand that the payment amount for principal, interest, and escrow may vary from month to month due to changes in escrow requirements or principal and interest payments for adjustable type mortgages, if applicable. BSI Financial Services is authorized to debit my bank account until BSI Financial Services has received written or oral notification. Termination requests must be received by BSI Financial Services three (3) business days prior to the next scheduled monthly debit. I understand that (i) I must CONTINUE MAKING PAYMENTS until the date that my automatic payments will begin, of which BSI Financial Services will notify me by mail and which may take up to 45 days, and (ii) my account must be current before the automatic payment will be authorized to begin. The terms of this Authorization do not modify the terms of my loan. By signing below, I hereby agree to the terms stated above and the FAQs provided with this form, as well as acknowledge receipt of a copy of this Authorization that I may retain I acknowledge that should an electronic transfer under this agreement be returned to BSI Financial Services for insufficient funds (NSF) I may be charged an NSF processing fee if permitted by applicable law and I will be responsible for making alternate arrangements for the payment to bring my account current and ensure future payments are posted within my grace period. I acknowledge that if I file for protection under the US Bankruptcy Code, this agreement will become null and void. By providing my cell phone number, I am granting BSI Financial Services express consent to contact me at that number about my Loan and ACH application. My consent allows BSI Financial Services to use text messaging, artificial or pre-recorded voice messages and automatic dialing technology for informational and account service calls. Message and data rates may apply.

**Sign Here:**

______________________________ ______________________________

**Borrower** **Date** **Co- Borrower** **Date**

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

Sent via First Class Mail

March 10, 2023

Angeline Payne
4585 Spring Valley Parkway
College Park, GA 30349

| | | |
|---|---|---|
| RE: | Borrower Name: | Bridgette Gooden |
| | Account Number: | 1470925544 |
| | Property address: | 4585 Spring Valley Parkwa, College Park, GA 30349 |
| | Certified Mail Number: | 7021 2720 0001 1384 9216 |

Dear Ms. Payne,

We received your letter on February 10, 2023, regarding the above-referenced loan, addressed to BSI Financial Services (BSI), which was forwarded to my attention for review and response.

After review of your letter and account, we have determined that BSI has previously responded regarding this matter. In our previous response letter dated January 27, 2023, which is enclosed, BSI advised you that the foreclosure sale for the above-mentioned property was held on December 7, 2022. This was in error. The foreclosure sale was held on December 7, 2021.

BSI disagrees with your claim that a TRO was in place at the time of foreclosure as our records indicate that case was dismissed. Our records reflect that you failed to serve BSI, and the court did not enter a TRO or injunction preventing foreclosure. BSI filed a motion to dismiss, as amended, the case on October 26, 2023. The court dismissed your lawsuit on November 1, 2022.

Filed Dec, 21 - Dismissed Oct 23

If you believe an error occurred on the account, or if you would like to submit a request for information, please mail a letter with the name and loan number and a description of the error you believe occurred or the information you are requesting, to:

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

P D A, Inc
A. Payne
4685 Spring Valley Pkwy
CO SF, GA 30349

CERTIFIED MAIL

7022 1670 0001 0574 2769

RED OAK GA 302
MAR 15 2023
USPS

FOREVER

RDC 28

16384

$7.50
R2304N117304-1

MAR 2 0 2023

RETURN RECEIPT
REQUESTED

BSI Financial Services
3145 Franklin St
Second Floor
Titusville, Pennsylvania 16354

[redacted]
QWR

Deed Book 66407 Page 344
Filed and Recorded 12/19/2022 11:17:00 AM
2022-0359782
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, GA
Participant IDs: 0727387522
7067927936

Return to:
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

Tax ID #: 13 003300010151

Cross Index Security Deed:
Book: 20478
Page: 321
County: Fulton

STATE OF: Texas
COUNTY OF: Denton

## DEED UNDER POWER OF SALE

THIS INDENTURE, made this 7th day of December, 2021, by Bridgette Gooden and Melvin Gooden (hereinafter collectively referred to as "Grantor(s)"), acting through this duly appointed attorney in fact, The Secretary of Veteran Affairs, an officer of the United States, (hereinafter referred to as "Lender"), as Party of the First Part, and The Secretary of Veteran Affairs, an officer of the United States, whose address is c/o BSI Financial Services, 314 S. Franklin St, Second Floor, Titusville, PA 16354, as Party of the Second Part:

W I T N E S S E T H:

WHEREAS, Grantor(s) executed and delivered that certain Security Deed given to Bank United of Texas FSB dated January 3, 1996 and recorded on January 12, 1996 in Deed Book 20478, Page 321, Fulton County, Georgia Records, and later assigned to The Secretary of Veteran Affairs, an officer of the United States by Assignment of Security Deed recorded on July 2, 2004 in Deed Book 37949, Page 360, Fulton County, Georgia Records, conveying the after-described property to secure a Note in the original principal amount of Ninety-Seven Thousand Four Hundred Ten And 00/100 Dollars ($97,410.00);

WHEREAS, default in the payment of the required installments under said Note occurred, and by reason of said default, Lender elected, pursuant to the terms of the Security Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, said entire indebtedness still being in default, Lender on behalf of Grantor(s), and according to the terms of said Security Deed, did advertise said property for sale once a week for 4 weeks immediately preceding said sale in a newspaper in Fulton County, Georgia, wherein the Sheriff carried his advertisements, namely in the Fulton Daily Report; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. Section 44-14-162.2 and Section 44-14-162.4. The notice so required was rendered by mailing a copy of the Notice of Sale submitted to the publisher to the "Debtor" (as that term is defined in O.C.G.A. Section 44-14-162.1) at least thirty days prior to the foreclosure sale date of December 7, 2021; and

WHEREAS, Lender did expose said property for sale to the highest bidder for cash on the first Tuesday in December, 2021, or the following Wednesday if the first Tuesday fell on a holiday, within the legal hours of sale at the usual place for conducting Sheriff's sales in Fulton County before the Courthouse door, and offered said property for sale at public outcry to the highest bidder for cash when and where the aforesaid Party of the Second Part bid; and

WHEREAS, the said property was knocked off to the Party of the Second Part for consideration in the amount of $217,396.57.

NOW THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said party's representatives, heirs, successors and assigns, the following described property:

**All that tract or parcel of land lying and being in Land Lot 33 of the 13th District of Fulton County, Georgia and being Lot 46, Block C, Unit I, Spring Valley, as per plat recorded in plat book 80 page 78, Fulton County records to which reference is hereby made for a more particular description of said property.**

**Tax ID #: 13 0033000010151**
**Street Address: 4585 Spring Valley Parkway, College Park , GA 30349**

TOGETHER WITH all and singular the rights, members and appurtenances thereto appertaining; also all the estate, right, title, interest, claim or demand of the Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise, whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO any outstanding ad valorem taxes (including taxes which are a lien, but not yet due and payable), any matters which might be disclosed by an accurate survey and inspection of the property, any assessments, liens, encumbrances, zoning ordinances, restrictions, covenants, and matters of record superior to the Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the said Party of the Second Part, and said party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as the said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

Deed Book 66407 Page 346
CATHELENE ROBINSON
Clerk of Superior Court

IN WITNESS WHEREOF, Lender as Agent and Attorney in Fact for Grantor(s) has hereunto affixed Lender's hand and seal as of the day and year first above written but effective the 7 day of December, 2022 JB

The Secretary of Veterans Affairs, an Officer of the United States By: Vendor Resource Management, Inc., a Texas Corporation as Attorney in Fact for Bridgette Gooden and Melvin Gooden

Signed, sealed and delivered in the presence of:

Michelle Murphy
Witness

Print Name: Michelle Murphy

Pennie Clayton
Notary Public

My Commission Expires:

(Notary Seal)

PENNIE CLAYTON
Notary Public, State of Texas
Comm. Expires 02-18-2025
Notary ID 126431565

By #1: Jacob Bass

Print Name: Jacob Bass

Title: AVP

By #2: Adria Brennan

Print Name: Adria Brennan

Title: Asst Vice President

(Pursuant to a delegation of authority containe in 38 C.F.R. 36.4345(e))

(CORPORATE SEAL)

IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA

BSI Financial Svcs.

PLAINTIFF'S NAME/ADDRESS/TEL

23ED273255

CASE NUMBER

Payne's Diversified Hsg.
Angeline Payne R.A.

DEFENDANT'S NAME/ADDRESS/TEL

RULE 31 DESIGNATION OF AGENT FOR BUSINESS ENTITY

Pursuant to Uniform Magistrate Court Rule 31, I certify that I am an **officer or full time employee** a business entity (corporation, limited liability company, sole partnership, partnership, unincorpora association, or other business entity) that is a party in the above-styled litigation.

I further certify that I have been designated by the business entity to represent it in this litigation. A such, I have the authority to act on the business entity's behalf and to bind it in the same manner a to any and all matters related to this case.

Under penalty of perjury, signed this day of , 20 23. 4th Dec. 2023

Signature: Angeline L Payne ~ (2)

Printed Name: Angeline Payne

Company: Payne's Diversified Housing Dev.

Represented: Registered Agent

Address: 4585 Spring Valley Pkwy

Telephone Number: 404-552-5352

E-mail address: angelpayne1@gmail.com

Sworn to and signed before me on this day of Dec 20 23.

Marvin Wooley

[Notary Public]

My commission expires: 1/21/2027

MARVIN WOOLEY NOTARY PUBLIC COMMISSION EXPIRES Jan. 21, 2027 DEKALB COUNTY, GA

Exhibit 2 – BSI Financial Services, Inc.

This exhibit contains evidence of fraudulent foreclosure attempts by BSI Financial Services in 2021 and 2022, including their written admission of error and foreclosure actions taken during a standing court order (TRO).

Attachments:

[List your supporting documents for this exhibit here.]

Letters from

BSI

VRM

RCS

Ditech

* Changed address caused lien on property *

ADDXCH2019

FULTON COUNTY

FULTON COUNTY
BOARD OF ASSESSORS

REQUEST FOR CHANGE OF MAILING ADDRESS

| | |
|---|---|
| Parcel Identification | |
| Property Location/Street Address | 4585 Spring Valley Pkwy |
| Name of Owner | Payne's Diversified Housing |
| Business Name (If Applicable) | Secretary of Veterans Affairs |
| Legal Agent (If not owner requesting change) | |
| **Old Mailing Address** | |
| 314 S Franklin St | |
| Titusville PA 16354 | |
| **New Mailing Address** | |
| 4585 Spring Valley Parkway | |
| South Fulton, GA 30349 | |
| Daytime Telephone Number | 404-602-2148 |
| *Signature of Owner/ **Signature of Legal Agent | :Angeline-Lavern:Payne ~© — DATE: 10/ /24 |

Held form due to litigation

*Note: If you are currently the owner of the property, you will need to submit a copy of your valid state issued driver's license or identification.

* **If you are a legal agent or designee, you will need to provide a Letter of Authorization from the property owner along with a copy of your valid state issued driver's license or identification.

Fulton County Board of Assessors
~~235 Peachtree Street, N.E. Suite 1100~~
Atlanta, Georgia 30303
(404) 612-6440 (Option #4)

RECEIVED BY: PROCESSED BY: DATE:

Letter of Default

Angeline Payne
Registered Agent
Payne's Diversified Housing, Inc
404-552-5352

January 02, 2023

BSI Financial Services
1425 Greenway Dr, Ste.400
Irving TX, 75038-2480

Dear Representative:

On or about December 7th 2022, you were sent a Letter of Demand to provide the batch number from the Valeri system that you utilize for transfer a custody to the veterans administration to show that you had authorization to transfer the custody of the property and who you're collecting funds for on the property at 4585 Spring Valley parkway. As of date you have not returned any information regarding the property that you allegedly stated by a third party, that came to my property, which tax documents show that Payne's Diversified Housing is still responsible for the taxes, that the property had been foreclosed on December 7th 2021 while there was a TRO in place stopping any actions in reference to that property placed December 1st 2021. YOU ARE IN VIOLATION OF THE DEMAND LETTER

A wrongful foreclosure suit is being filed against your company and all others and a R.I.C.O case is being filed against all parties that is participating in this pattern of theif of homes in the state of Georgia which your company will be a defendant.

Angeline Payne
Registered Agent
Payne's Diversified Housing Inc
Angeline-Lauren: Payne

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

Sent via First Class Mail

March 22, 2023

Angelia Payne
4585 Spring Valley Parkway
College Park, GA 30349

| | | |
|---|---|---|
| RE: | Borrower Name: | Bridgette Gooden |
| | Account Number: | 1470925544 |
| | Property address: | 4585 Spring Valley Parkwa, College Park, GA 30349 |
| | Certified Mail Number: | 7022 1670 0001 0574 2769 |

Dear Ms. Payne,

BSI Financial Services is in receipt of your written inquiry received on March 20, 2023. We are in the process of reviewing the inquiry and a response will be provided within the timelines permitted by law.

Sincerely,

Jordan Kirk
Complaint Resolution Specialist
BSI Financial Services
NMLS #38078; # 126672

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

**Payne"s Diversified Housing. Inc.**
Angeline Payne
4585 Spring Valley Parkway
City of South Fulton, GA 30349
404-552-5352

**BSI Financial Services**
3145 Franklin Street,
Second floor
Titusville, Pennsylvania 16354
March 12th 2023

**NOTICE OF TITLE CHALLENGE**

Dear Jordan Kirk,

Recently I had a professional title search done on my property to determine the order and chain of ownership. I'm writing to inform you that I am challenging the title on the property located at 4585 Spring Valley Parkway College Park, Georgia 30349, during that time I did not see any representation of a true sale assigning ownership through proper endorsement of the note from entity to entity represented in the PSA or in any legal notices considering the aforementioned property, due to the fact that the property was under a TRO at the time of auction date.

You have clouded/slander my title, so I will be petitioning to Quiet my title, you have the right to challenge this Quiet title petition slandering of my title, you must record into court records of the original PSA endorsed Note along with second
the assignment, along with the V.A.L.E.R.I. batch number, and net value of your claim with the VA, (which this exclaimed Sales price exceeds the net value formula), It must show a date before the claim bar date on the PSA with a record of the chain of true sales, physically handled from entity to entity before the close of the claim bar date.

Currently evidence shows that your company is working with unclean hands and the suspected false or fake documents entered into the courts are being challenged on their authenticity.

Respectfully,

:Angeline-Lavon:Payne-©

Angeline Payne for
Payne's Diversified Housing Inc.

3/3/2020 GEORGIA

# GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE
BRAD RAFFENSPERGER

HOME (/)

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | BSI FINANCIAL SERVICES, NMLS 3807 CO. | Control Number: | 18008108 |
| Business Type: | Domestic Profit Corporation | Business Status: | Admin. Dissolved |
| NAICS Code: | Any legal purpose | NAICS Sub Code: | |
| Principal Office Address: | 3900 CROWN UNIT 162611, ATLANTA, GA, 30321, USA | Date of Formation / Registration Date: | 1/17/2018 |
| State of Formation: | Georgia | Last Annual Registration Year: | NONE |
| Dissolved Date: | 08/26/2019 | | |

### REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | Agent Resigned |

Back Filing History Name History

Return to Business Search

**What does admin dissolved mean?**

- Administrative dissolution is when the government dissolves, or shuts down a company *or organization due to a failure to comply with regulations and/or laws. A simple failure* to pay taxes could result in administrative dissolution. However, there are also more complicated reasons such as failure to maintain a valid registered agent.

Printed: 12/6/2021 2:41:59PM
By: djrhodes



# Gwinnett County Sheriff's Office

## Cover Sheet

FOREIGN

**Sheriff #:** 21034561

**Person Served:** BSI FINANCIAL SERVICES
C/O MCMICHAEL TAYLOR GRAY LLC
3550 ENGINERRING DRIVE
STE 260
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

Date Received: 12/06/2021

Assigned Zone: 30092 | Court Case #: 2021CV357432

Expiration Date: | Hearing Date:

Paper Types: COMPLAINT FOR TRO AND INJUNCTION

Notes/Alerts:

**Notes:**
12/9 @ 1150 - Per Atty, they are not the RA but will contact Def to see if they can accept the papers on Def's behalf. Left card with Atty. SD189
Non Est

January ~~Atto~~ Taylor / Partner Attorney

**MAGISTRATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

CASE: Secretary of Veterans Affairs, an Officer of the United States vs. Melvin Gooden,Bridgette Gooden,"And All Others"

**TO:** "And All Others"
4585 SPRING VALLEY PARKWAY
College Park GA 30349

**CIVIL ACTION NO**: 23ED273255

**NOTICE OF HEARING**

ON **12/5/2023; AT 9:00 AM IN COURTROOM 6J OF** THE FULTON COUNTY JUSTICE TOWER, 185 CENTRAL AVENUE, ATLANTA, GEORGIA 30303, ALL MATTERS IN THIS MAGISTRATE LANDLORD – TENANT ACTION WILL BE HEARD BEFORE THE PRESIDING JUDGE. **ATTENDANCE IS MANDATORY.**

ALL PARTIES MUST **APPEAR IN PERSON**.

PLEASE FOLLOW GENERAL SAFETY GUIDELINES AND RULES

**GENERAL SAFETY GUIDELINES AND RULES FOR MAGISTRATE COURT BUSINESS**

- All individuals entering the Justice Center will have their temperature checked by designated personnel and shall cover his or her mouth and nose with a mask in a manner consistent with CDC and Georgia Department of Public Health guidelines.
- **Litigants who are sick or exhibiting COVID-19 symptoms, including a fever, should stay home.** Parties in this category must contact the Court BEFORE COURT by email at magistrate.jarequests@fultoncountyga.gov.
- At all times, visitors shall observe social distancing in courtrooms, lobby spaces, and the Clerk's Office. Please maintain 6-feet of distance between yourself and others.
- Parties are encouraged to factor the additional time involved with temperature screening and entrance lines when calculating their arrival time to the Justice Center.

Please email magistrate.jarequests@fultoncountyga.gov or call (404) 613-5360 with any questions about these safety guidelines

Ché Alexander

Ché Alexander, Clerk
Fulton County Superior & Magistrate Court

HA Reg Loan Cent

1-87-827-3702

8-6

As of January 1, 2023, most cases in the Magistrate Court of Fulton County are held **in person**. Parties involved in small claims trials, landlord-tenant (dispossessory) mediation and trials, warrant applications, abandoned minor child hearings, and environmental hearings must **bring evidence to court**. **These cases are held in person**. For hearings that are held virtually, such as small claims status and motions, landlord-tenant JOP, AMV, and garnishment— submit evidence as instructed below. Motions or requests must be filed into the case prior to the hearing date.

**How to Submit Exhibits in Civil Cases for VIRTUAL OR HYBRID hearings ONLY: 5 days BEFORE your hearing**
EMAIL any evidence you wish to present at your hearing to the Court email address (SPECIFIC TO YOUR CASE TYPE):

| Case Type | Send to the email below |
|---|---|
| **Landlord-Tenant (Dispossessor [illegible] ONLY**<br>**Landlord/Property Owners Ten[illegible]enters** | Magistrate.landlord@fultoncountyga.gov<br>Magistrate.tenant@fultoncountyga.gov |
| **Small Claims:**<br>**Status Motions** | Magistrate.status@fultoncountyga.gov<br>Magistrate.motions@fultoncountyga.gov |
| **Garnishment** | Magistrate.garnishment@fultoncountyga.gov |
| **Abandoned Motor Vehicle** | Magistrate.jarequests@fultoncountyga.gov |

**Additional Notices**

For Corporations and busines[illegible]es not represented by an attorney, any officer or full-time employee designated as the agent for purposes of repres[illegible]orporation, sole proprietorship, partnership, or unincorporated association must file a **Rule 31** affidavit with the [illegible] is heard. [illegible] Rule 31 [illegible] EQUIR[illegible] to be signed by the designated agent and notarized by a notary public.

**Legal Resources** **Magistrate Court staff cannot offer legal advice. Two options exist on site.**

Tenants seeking free legal help should contact the **Housing Court Assistance Center** by e-mail at HCAC@avlf.org, by phone at **(404) 521-0790**, or in person in **the Magistrate Clerk's Office at 185 Central Avenue, Suite TG 100, Atlanta, GA 30303**. Tenants may also be eligible for free legal representation through **Atlanta Legal Aid**. Visit atlantalegalaid.org/apply or call **(404) 524-5811** for more information.

For assistance with small claims, garnishment actions, or private warrant cases, contact the Rapid Education Assistance Court Help (R.E.A.C.H.) Clinic. To schedule an appointment, call 404-613-9307, email magistrate.selfhelp@fultoncountyga.gov or schedule directly at https://calendly.com/magistrate-selfhelp/clinic- appointment.

Rental assistance. Either Tenants or Landlords may qualify for rental assistance through various programs. If a resident in the City of Atlanta, contact www.georgiarentalassistance.ga.gov. If in Fulton County outside the city of Atlanta, call 855-776-7912 or www.fultoncountyga.gov/rentalassistance.

***Please note:*** the law requires that a tenant is required to pay rent into the court when the right of possession (trial) cannot be determined within two weeks from service of the landlord's affidavit upon the defendant. O.C.G.A. §44-7-54.

As of April 17, 2023, parties seeking early mediation of their landlord-tenant matter may do so through contacting magistrate.mediation@fultoncountyga.gov. Include your case number as well as the names and contact information of parties wishing to participate. An Atlanta Mediation & Arbitration Services staff member will contact the parties. Mediation will occur within 30 days of notification, absent unforeseen circumstances. ***Cases not resolved in early mediation will remain scheduled for trial, as identified by the Court's Order of Business.***

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

BSI Financial Services

Sent via First Class Mail

January 27, 2023

Angela Payne
4585 Spring Valley Parkway
College Park, GA 30349

| | | |
|---|---|---|
| RE: | Borrower Name: | Bridgette Gooden |
| | Account Number: | 1470925544 |
| | Property address: | 4585 Spring Valley Parkwa, College Park, GA 30349 |
| | Certified Mail Number: | 7021 2720 0001 1384 9216 |

Dear Ms. Payne,

We received your letter on January 9, 2023, regarding the above-referenced loan, addressed to BSI Financial Services (BSI), which was forwarded to my attention for review and response.

After reviewing the inquiry and conducting a thorough investigation, we have determined that the foreclosure sale for the above-mentioned property was held on December 7, 2022. BSI disagrees with your claim that a TRO was in place at the time of foreclosure as our records indicate that case was dismissed.

If you believe an error occurred on the account, or if you would like to submit a request for information, please mail a letter with the name and loan number and a description of the error you believe occurred or the information you are requesting, to:

BSI Financial Services
Attn: Qualified Written Requests
PO Box 517
314 S Franklin Street
Titusville, PA 16354

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

8/3/2020

GEORGIA

GEORGIA CORPORATIONS DIVISION

GEORGIA SECRETARY OF STATE BRAD RAFFENSPERGER

HOME (/)

BUSINESS SEARCH

BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | BSI FINANCIAL SERVICES, NMLS 3807 CO. | Control Number: | 18008108 |
| Business Type: | Domestic Profit Corporation | Business Status: | Admin. Dissolved |
| NAICS Code: | Any legal purpose | NAICS Sub Code: | |
| Principal Office Address: | 3900 CROWN UNIT 162611, ATLANTA, GA, 30321, USA | Date of Formation / Registration Date: | 1/17/2018 |
| State of Formation: | Georgia | Last Annual Registration Year: | NONE |
| Dissolved Date: | 08/26/2019 | | |

REGISTERED AGENT INFORMATION

| | |
|---|---|
| Registered Agent Name: | Agent Resigned |

Filing History Name History

Back

Return to Business Search

**What does admin dissolved mean?**

- Administrative dissolution is when the government dissolves, or shuts down a company or organization due to a failure to comply with regulations and/or laws. A simple failure to pay taxes could result in administrative dissolution. However, there are also more complicated reasons such as failure to maintain a valid registered agent.

Office of the Georgia Secretary of State Attn: 2 MLK, Jr. Dr. Suite 313, Floyd West Tower Atlanta, GA 30334-

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

Sent via First Class Mail

March 10, 2023

Angeline Payne
4585 Spring Valley Parkway
College Park, GA 30349

| | | |
|---|---|---|
| RE: | Borrower Name: | Bridgette Gooden |
| | Account Number: | 1470925544 |
| | Property address: | 4585 Spring Valley Parkwa, College Park, GA 30349 |
| | Certified Mail Number: | 7021 2720 0001 1384 9216 |

Dear Ms. Payne,

We received your letter on February 10, 2023, regarding the above-referenced loan, addressed to BSI Financial Services (BSI), which was forwarded to my attention for review and response.

After review of your letter and account, we have determined that BSI has previously responded regarding this matter. In our previous response letter dated January 27, 2023, which is enclosed, BSI advised you that the foreclosure sale for the above-mentioned property was held on December 7, 2022. This was in error. The foreclosure sale was held on December 7, 2021.

BSI disagrees with your claim that a TRO was in place at the time of foreclosure as our records indicate that case was dismissed. Our records reflect that you failed to serve BSI, and the court did not enter a TRO or injunction preventing foreclosure. BSI filed a motion to dismiss, as amended, the case on October 26, 2023. The court dismissed your lawsuit on November 1, 2022.

If you believe an error occurred on the account, or if you would like to submit a request for information, please mail a letter with the name and loan number and a description of the error you believe occurred or the information you are requesting, to:

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

BSI Financial Services
Attn: Qualified Written Requests
PO Box 517
314 S Franklin Street
Titusville, PA 16354

Should you have any further questions regarding this matter, please contact us at 1-877-804-4832 during the hours listed below.

Monday through Friday 8:00 am to 11:00 pm (ET)
Saturday 8:00 am to 12:00 pm (ET).

Sincerely,

Jordan Kirk
Complaint Resolution Specialist
BSI Financial Services
NMLS # 38078; # 126672

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
800-327-7861
814-217-1366 Fax
www.bsifinancial.com

Sent via First Class Mail

February 25, 2020

Angeline Payne
4585 Spring Valley Pkwy
South Fulton, GA 30349

RE: Certified Mail Number: 7019 1640 0001 4486 2195

Dear Angeline Payne:

BSI Financial Services (BSI) received your written inquiry on February 18, 2020. Please be advised that BSI does not have written authorization to allow us to respond to your inquiry. If you would like to send written authorization along with your written inquiry, please send to the attention of:

BSI Financial Services
Attn: Qualified Written Requests
314 S Franklin Street
Titusville, PA 16354

Sincerely,

Samantha Stigerwalt
Complaint Resolution Specialist
BSI Financial Services
NMLS # 38078; # 126672

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET) and Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839.
Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

**Letter of Default**

Angeline Payne
Registered Agent
Payne's Diversified Housing, Inc
404-552-5352

January 02, 2023

BSI Financial Services
1425 Greenway Dr, Ste.400
Irving TX, 75038-2480

Dear Representative:

On or about December 7th 2022, you were sent a Letter of Demand to provide the batch number from the Valeri system that you utilize for transfer a custody to the veterans administration to show that you had authorization to transfer the custody of the property and who you're collecting funds for on the property at 4585 Spring Valley parkway. As of date you have not returned any information regarding the property that you allegedly stated by a third party, that came to my property, which tax documents show that Payne's Diversified Housing is still responsible for the taxes, that the property had been foreclosed on December 7th 2021 while there was a TRO in place stopping any actions in reference to that property placed December 1st 2021. YOU ARE IN VIOLATION OF THE DEMAND LETTER

A wrongful foreclosure suit is being filed against your company and all others and a R.I.C.O case is being filed against all parties that is participating in this pattern of theif of homes in the state of Georgia which your company will be a defendant.

Angeline Payne
Registered Agent
Payne's Diversified Housing Inc
:Angeline-Lauren: Payne ©

Residential Mortgage 23583

BSI Financial Services

314 S Franklin St / Second Floor
PO Box 517
Titusville PA 16354
877-804-4832
814-217-1366 Fax
www.bsifinancial.com

* TRO was in effect applicant in good faith attempted delivery / without notice - court backlog - you was contacted [ your representative was contacted

Your Attorney on record was served

Licence - Mortgage Servicer - service loan 4200 Regent Blvd, ste B200 Irving, TX 75063 (972-746-2037) NMLS: 38078 S: 146603

Sent via First Class Mail

March 31, 2023

Angeline Payne
4585 Spring Valley Parkway
College Park, GA 30349

| | | |
|---|---|---|
| RE: | Borrower Name: | Bridgette Gooden |
| | Account Number: | 1470925544 |
| | Property address: | 4585 Spring Valley Parkwa, College Park, GA 30349 |
| | Certified Mail Number: | 7022 1670 0001 0574 2769 |

Commissioned by: nccob.gov 2023-0631 8/17/23

Dear Ms. Payne,

We received your letter on March 15, 2023, regarding the above-referenced loan, addressed to BSI Financial Services (BSI), which was forwarded to my attention for review and response.

After review of your letter and account, we have determined that BSI has previously responded regarding this matter. In our previous response letter dated March 10, 2023, which is enclosed, BSI advised you that the foreclosure sale for the above-mentioned property was held on December 7, 2021.

BSI disagrees with your claim that a TRO was in place at the time of foreclosure as our records indicate that case was dismissed. Our records reflect that you failed to serve BSI, and the court did not enter a TRO or injunction preventing foreclosure. BSI filed a motion to dismiss, as amended, the case on October 26, 2023. The court dismissed your lawsuit on November 1, 2022.

With regard to your claim that you are challenging the title of the property, please see the enclosed Assignments of Mortgage that we have on file.

If you believe an error occurred on the account, or if you would like to submit a request for information, please mail a letter with the name and loan number and a description of the error you believe occurred or the information you are requesting, to:

Licensed as Servis One, Inc. dba BSI Financial Services.
BSI Financial Services NMLS # 38078. Customer Care Hours: Mon. – Fri. 8:00 am to 11:00 pm (ET), Sat. 8:00 am to 12:00 pm (ET). Colorado Office Location: 13111 E. Briarwood Ave., Suite 340, Centennial, CO 80112 (303) 309-3839. Licensed as a Debt Collection Agency by the New York City Department of Consumer Affairs, (# 2001485-DCA). North Carolina Collection Agency Permit (# 105608).
If you have filed a bankruptcy petition and there is an "automatic stay" in effect in your bankruptcy case or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If either of these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 20 RDCV 333957

Date Filed 03/04/2020

Attorney's Address

SUPERIOR COURT

GEORGIA, FULTON COUNTY

Angeline L Payne

Plaintiff

VS.

BSI Financial Services

Defendant

Name and Address of Party to be Served

3900 Crown Unit

162611, Atlanta, GA

30321, USA

SHERIFF'S ENTRY OF SERVICE

PERSONAL ☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS ☐ I have this day served the defendant ______ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of ______ described as follows age, about ___ years; weight, about ___ pounds; height about ___ feet and ___ inches, domiciled at the residence of the defendant.

CORPORATION ☐ Served the defendant ______ a corporation by leaving a copy of the with in action and summons with ______ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST ☑ Diligent search made and defendant BSI Financial Services not to be found in the jurisdiction of this court. U.S. Post Office mailbox address, Unable to serve.

This 19th day of May 2020

A. Burnett
A. BURNETT DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

VRM
Mortgage Services

Wednesday, August 7, 2024

4585 SPRING VALLEY PARKWA COLLEGE PARK, GA 30349

RE: AVOID EVICTION LOCKOUT – RELOCATION ASSISTANCE AVAILABLE

Dear Occupant:

The property located at 4585 SPRING VALLEY PARKWA COLLEGE PARK, GA 30349 has been sold at foreclosure sale. The purchaser, The Secretary of Veterans Affairs, through their authorized agent Vendor Resource Management (VRM), is offering CASH FOR KEYS (CFK). If you would like to avoid an eviction lockout, you can accept the CFK offer to receive funds for relocating.

The CFK documents are included in this letter for your review (move out agreement, personal property release, and w9). If you are an active duty servicemember a SCRA waiver is also required. *

While CFK offer amounts are not negotiable, a move out date extension may be an option if additional time is needed to relocate.

If you are interested in accepting the CFK offer or have questions about relocation assistance, please contact VRM's local agent, Isaac Scott with Today's Realty Express, Inc at (770) 907-0525.

*If you are an active duty servicemember please contact VRM's local counsel, McCalla Raymer Leibert Pierce LLC at (678) 251-6500 to self-report. You may be entitled to certain legal protections pursuant to the Servicemembers Civil Relief Act (SCRA).

Sincerely,

VRM - Eviction Department

4100 International Parkway, Suite 1000 | Carrollton, TX | 75007 | 972.381.7600 | vrmco.com

National Call Center
for Homeless Veterans
877-424-3838
va.gov/homeless

**Free Help for Homeless Veterans**

Veterans who are homeless or at risk of homelessness—and their family members, friends and supporters—can make the call to or chat online with the National Call Center for Homeless Veterans, where trained counselors are ready to talk confidentially 24 hours a day, 7 days a week.

**Who Can Call**

- Veterans who are homeless or at risk of homelessness
- Family members, friends and supporters calling on behalf of Veterans
- VA Medical Centers and other VA facilities and staff
- Federal, state and local partners
- Community agencies and providers who serve Veterans who are homeless

**Why Make the Call to 1-877-4AID VET (877-424-3838)**

- It's free and confidential
- You'll get access to trained VA counselors
- It's available 24 hours a day, 7 days a week
- You'll get information about VA homeless programs, health care and other services in your area

**What Happens When Veterans Make the Call**

- A trained VA staff member asks a few questions to find out what you need
- Then, you're connected to the nearest VA staff person who can help

**What Happens When Others Make the Call**

- Family members and non-VA providers receive information about available homeless programs and services
- They can keep their information confidential or leave contact information so staff can follow up

**Make the Call**

Dial 1-877-4AID-VET
(1-877-424-3838)

Access VA's services for homeless and at-risk Veterans, available 24/7.

**Chat Online**

Homeless Veteran Chat

Confidential, 24/7 online support for Veterans and friends

Chat Now

**VA Medical Center (VAMC) Locator**

Locate Your Local
VA Medical Center Now

Veterans who are homeless or at risk of homelessness can call or visit their local VA Medical Center (VAMC) and ask for a Homeless Coordinator. Use the VA locator tool www.va.gov/directory to find your nearest VAMC and call or visit today.

COPY

11/14/13

1

BRIDGETTE GOODEN
4585 SPRING VALLEY PKWY
COLLEGE PARK GA 30349

Re: RCS Loan Number 3000053442

Dear Customer(s):

We received your signed letter authorizing us to release information regarding your loan to Angeline Payne.

This letter is to confirm that we have updated our records to reflect this authorization.

If your loan is currently subject to a bankruptcy proceeding or the debt has been discharged in a Chapter 7 bankruptcy proceeding, this letter is for informational purposes, relates only to the collateral property and is not an attempt to collect a debt from you personally.

Thank you for your business. If you should have any questions and need to speak with someone, please feel free to contact us at (800) 737-1192. Our Customer Service Representatives are available Monday through Thursday between 7:00 a.m. and 11:00 p.m., Friday, between 7:00 a.m. and 9:00 p.m., and Saturday 8:00 a.m. and 2:00 p.m., Central Time.

Sincerely,
Customer Service Department
Residential Credit Solutions, Inc.

RCS is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

OL0228

Residential Credit Solutions, Inc. - NMLS No. 1514
P.O. Box 163889, Fort Worth, Tx. 76161-3889
www.residentialcredit.com

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 2016CV281788

Date Filed 10-25-2016

Attorney's Address

4585 Spring Valley Parkway
College Park, GA 30349

Name and Address of Party to be Served

Alberteli Law LLC
100 Galleria Pkwy S.E
Atlanta, GA 30339

SUPERIOR COURT

GEORGIA, FULTON COUNTY

Angeline Payne

Plaintiff

VS.

Albertelli Law LLC
Ditech Financial LLC
CT Corporation System

Defendant

Fulton County Sheriff's Office
Civil Process
Received
OCT 25 2016
185 Central Ave, 9th Floor
Atlanta, GA 30303

SHERIFF'S ENTRY OF SERVICE

PERSONAL ☐

I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS ☐

I have this day served the defendant ______ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of ______ described as follows age, about___ years; weight, about___ pounds; height about___ feet and___ inches, domiciled at the residence of the defendant.

CORPORATION ☐

Served the defendant ______ a corporation by leaving a copy of the with in action and summons with ______ in charge of the office and place of doing business of said Corporation in this County.

TACK & MAIL ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST ☒

Diligent search made and defendant Albertelli Law, LLC not to be found in the jurisdiction of this court.

Location in Cobb County

This 3rd day of Nov 2016.

S6R6 [signature] 2232

DEPUTY

SHERIFF DOCKET ______ PAGE ______

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

Fulton County Superior Court
***EFILED***JD
Date: 12/3/2021 1:51 PM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA

136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303

## SUMMONS

Angeline Payne AIF
Payne's Diversified Housing, Inc
Angeline Payne
**Plaintiff,**

Case No.: 2021CV357432

**vs.**

BSI Financial Services
and All Others
**Defendant**

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Angeline Payne, Registered Agent
4585 Spring Valley Pkwy
College Park, GA 30349

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This 12/3/2021 day of __________, 20 ____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By [signature]
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you __________, 20____

Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Magistrate Court
***E-FILED***ATW
Date: 6/2/2023 4:26 PM
Cathelene Robinson, Clerk
23ED273255

# MAGISTRATE COURT OF FULTON COUNTY

PROCEEDING AGAINST TENANT HOLDING OVER

Secretary of Veterans Affairs, an Officer of the United States
1544 Old Alabama Road
Roswell, GA 30076 (678) 459-1062
PLAINTIFF'S NAME, ADDRESS & PHONE NO.

VS.

Melvin Gooden, Bridgette Gooden, "And All Others"
4585 SPRING VALLEY PARKWAY, COLLEGE PARK, GA 30349
DEFENDANT'S NAME & ADDRESS (Include. PHONE NO.)

Drew Powers, Esq. (SBN 915620)
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road, Roswell, GA 30076
(678) 459-1062
PLAINTIFF'S **ATTORNEY**: NAME, ADDRESS & PHONE

1. Defendant is in possession as Tenant of premises at the address in Fulton County as stated.
2. **Plaintiff/Affiant** is the ( ) Owner ( X ) Attorney ( ) Agent ( ) Lessee of the owner of said Premises.
3. **Tenant:** ( ) Fails to pay the rent which is now past due.
   ( ) Holds the premises over and beyond the term for which they were rented or leased to him.
   ( X ) other grounds: defendant is a tenant at sufferance
4. Plaintiff desires and has demanded possession of the premises.
5. Defendant has failed and refused to deliver possession of the premises.

**WHEREFORE, Plaintiff DEMANDS** (check and complete all that apply):
(a) Possession of the premises.
(b) Past due rent of $ N/A for the month(s) of N/A N/A
(c) Rent accruing up to the date of judgment or vacancy at the rate of $ N/A per N/A
(d) other: ____

Sworn to and subscribed on May 31, 20 23
[signature]
Signature of Affiant
Drew Powers, Esq. SBN 915620
Name of Affiant (Print or Type)
(678) 459-1062
Phone Number/ Email Address

Witness the Honorable Chief Judge of said Court: The above affidavit was sworn to and subscribed before the undersigned Deputy Clerk by affiant as provided by O.C.G.A.

[signature]
Magistrate/Deputy Clerk/ Notary Public

STUART JORDAN NOTARY PUBLIC DEKALB COUNTY, GEORGIA COMMISSION EXPIRES 2024

## SUMMONS

TO THE CONSTABLE MARSHAL OF FULTON COUNTY or his lawful deputies and to Sheriff of Fulton County of his lawful deputies
**GREETINGS:** The Defendant must file either an oral or written Answer at room TG100, 185 Central Ave., S.W. Atlanta, Georgia 30303 between 8:30 A.M. and 5:00 P.M. **OR** electronically at http://www.odysseyefilega.com (convenience fee applies) **within seven (7) days from the date of the actual service** unless the seventh day is a Saturday, a Sunday, or a Court holiday, in which case the Answer may be made on the next day which is not a Saturday, a Sunday, or a Court holiday. If the Answer is oral, the substance thereof shall be endorsed on the dispossessory affidavit. The Answer may contain any legal or equitable defense or counterclaim. If no valid legal or factual Answer is filed, a writ of possession may be issued pursuant 6/2/2023 4:26 PM. If no Answer is made, a writ of possession shall issue instanter.
This ____ day of ____, 20____ [signature] DEPUTY CLERK

## ENTRY OF SERVICE (Marshall/Sheriff/Private)

I certify that I have served the foregoing Dispossessory Affidavit & summons **on the Defendant** by delivering a copy of same:
( ) **Personally**
( ) Defendant not found at/within Address on said Summons and Affidavit
( ) **Notoriously** upon an individual residing at the premises (Name) ____. Deponent further states that the person served was of suitable age and discretion, and:- Race____ Gender____ Age____ Weight____ Height____
(X) **Tack and Mail:** By posting a copy to the door of the premises **AND** depositing a copy in the U.S. Mail, First Class in an envelope properly addressed, said copy containing notice to the Defendant to Answer at the hour & place in said summons.

**DATE OF SERVICE** 6/29/2023
**DEFENDANT TO FILE ANSWER ON OR BEFORE** 7/6/2023 — Done & RICO – 8/1
**PROCESS SERVER: - Print name:** Mason **Officer's Radio/Badge Number** 453
**Signature:** [signature] *(Must be **NOTARIZED** if served by Private Process Server)*

28 Mitchell
O1G1

WIREFRAUD
↳ Post Master

Revised May 2018

They are

# When they program you to be, they assume that will be the way you will Act Earth

88-244-8711
87-827-3702 ✓

- Address
  → Mortgage servicer
  US &
  Ko and guarantee

VRM: Purchase 2nd from bank
↙ BSI

Holder of the Mortgage

→ loan info:

4 9am

Fulton County Magistrate Court
***E-FILED***ZH
Date: 12/6/2023 12:56 PM
Che Alexander, Clerk
23ED273255

**IN THE MAGISTRATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Secretary of Veterans Affairs, an Officer of the United States,
Plaintiff/Landlord,
v.

Melvin Gooden; Bridgette Gooden; "And All Others",
Defendant/Tenant(s).

PROCEEDING AGAINST TENANT HOLDING OVER
File No. 23ED273255

☐ Motion to Strike/Default Judgment
☐ Judgment on the Pleadings
☐ Trial Judgment
☐ Dismissal by Court

RESET

**ORDER AND JUDGMENT**

This matter came before the Court for hearing without a jury. Having considered the pleadings, evidence, argument, and law, the Court finds as follows: ☒ Tenant did not appear ☐ Landlord did not appear

D. Green for PL

**LANDLORD'S CLAIM FOR POSSESSION**:

☐ Landlord **IS NOT** entitled to a writ of possession.

☐ Landlord **IS** entitled to a WRIT OF POSSESSION ☐ *instanter* or ☐ upon application after seven (7) days from the date of entry of this judgment.

**LANDLORD'S CLAIM FOR MONEY DAMAGES**:

☐ FOR THE LANDLORD and against the Tenant in the amount of $______________ principal (which sum includes rent through ____________________) plus court costs and statutory interest.

☐ FOR THE TENANT and against the Landlord. Landlord failed to prove claim.

☐ Landlord's claim for money damages is DENIED / DISMISSED WITHOUT PREJUDICE.

**TENANT'S COUNTERCLAIM:**

☐ FOR THE LANDLORD and against the Tenant. Tenant failed to prove counterclaim.

☐ FOR THE TENANT and against the Landlord on the counterclaim in the amount of $________________ principal plus court costs and statutory interest.

☐ Tenant's counterclaim is DISMISSED WITHOUT PREJUDICE.

**OTHER:** Reset per perceived medical emergency in courthouse for Defendant. Later determined not to be emergency.

**APPEAL:** If Tenant appeals this Judgment and wishes to remain in possession of the premises, Tenant MUST make the following payments into the court registry by the time specified: (1) $_______ (which constitutes the full amount of the MONEY JUDGMENT plus the balance of _______'S RENT), **no later than SEVEN (7) DAYS from the date of entry of this Order** **AND** (2) MONTHLY RENT of $___________ by the 5th of each month beginning __________. Failure to comply may result in an immediate writ of possession. *See* O.C.G.A. § 44-7-56. There is no direct appeal from a Default Judgment.

**IT IS SO ORDERED**, this 5 day of Dec 2023.

[signature]
FULTON COUNTY MAGISTRATE JUDGE
Robert Wolf

CONSENTED TO BY:

______________________

______________________

Eviction cost paid/date: ___________
Receipt No./Cash/Check: ___________
Presented by: ___________
Phone no.: ___________

There was a misunderstanding of who had to go to the hospital, it was Angeline Payne, RA for PDL

ditech
a Walter company

Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
Phone: (800) 643-0202
Fax: (866) 870-9919
ditech.com

December 15, 2016

BRIDGETTE GOODEN
[redacted]

RE: Ditech Financial LLC ("Ditech")
Account Number: [redacted]

Dear Bridgette Gooden:

This letter is in response to your correspondence received by Ditech regarding the above-referenced account number.

As you know, the servicing of the above-referenced account was transferred from Residential Credit Solutions, Inc. to Ditech Financial LLC ("Ditech") on June 1, 2016. There were no changes to the account terms or conditions due to the transfer. Further, please note that Ditech neither originated, nor owns the account, but merely services it for a third party. For your reference, the account is owned by:

Department of Veteran's Affairs
Citifincial, Inc.
300 St. Paul Place
Baltimore, MD 21202
(877) 988-9642

Please be advised that the owner does not service the mortgage account. All correspondence and inquiries concerning the mortgage account should be addressed to Ditech. Ditech has the authority to act on the owner§s behalf with regard to the administration of the mortgage account, and respond to any questions about the mortgage account. Our licensing information is available on our website, www.ditech.com, by clicking on the "Licensing" option at the bottom of the page.

Please be aware that a copy of the available requested documents are enclosed for reference, i.e., Notice of Servicing Transfer, the Security Deed, the Note, etc. The Chain of Title documents are available from your local county office.

Enclosed, please find a payment history for this account. If you have made payments that are not reflected on the enclosed history, please provide proof of the referenced payments to the address or fax number above for additional research. Proof of a payment includes one or more of the following: legible copies of the front and back of the cashed money order or check, legible unaltered copies of your bank statement for the period the payment was processed, or legible receipts for Western Union, Money Gram, etc.

Either the remaining requests in your correspondence do not pertain to Ditech's servicing business or Ditech considers them proprietary, confidential, burdensome or not germane to the servicing of the account. Therefore, the remaining information has not been provided.

If you have any further questions or concerns, please contact (800) 643-0202, Monday - Friday, 7:00 a.m. to 8:00 p.m. CT, and Saturday 7:00 a.m. to 1:00 p.m. CT.

Sincerely,

Ditech
Customer Service

**This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.**

CKHy1Lx8Pvd

This letter requests VALIDATION of the alleged debt accompanied by an **Affidavit** from the Alleged Lender.

Please provide the following:
1. Copy of the original alleged note accompanied by an AFFIDAVIT from the alleged Lender
2. Identify to what the alleged debt pertains.
3. Provide details how the alleged debt was calculated.
(Field v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber, USCA-02-C-0072, 7th Circuit Court, September 2004.
4. Provide Regulation Z, and Notice of Right to Cancel (Truth in Lending Act)
5. Provide copies of any papers that show that I agreed to pay the alleged debt.
6. Identify the original creditor.
7. Provide the agreement between the creditor and your firm which authorizes you to collect funds (without a contract, signed, your firm has no right to foreclose).
8. Provide evidence that the Statute of Limitations has not expired on this account.
9. Provide evidence that you are licensed to collect in my state.
10. Provide your license numbers and the Alleged Lender's Registered Agent.

Once I receive the requested information, I will require at least thirty (30) days to investigate this information. During such time, all collection activity must **CEASE** and **DESIST**.

If your offices have reported unvalidated information to any of the three (3) major Credit Bureaus (Equifax, Experian, or TransUnion), this action might constitute fraud under both Federal and State Laws. If negative reporting is found on any of my credit reports by your company or the company that you represent, I will bring legal action against you, pursuant to the **Fair Credit Reporting Act**.

Also during this VALIDATION period, if ANY action is taken which could be considered detrimental, including negative reporting to credit bureaus which could be inaccurate or invalid, I will pursue legal action.

Your office has failed to respond to this VALIDATION REQUEST within 30 days from the date of January 25, 2015, all references to this account must be deleted and completely removed from Bridgette Gooden's credit file and a copy of such deletion request shall be sent to her immediately.

I also request that your office make no telephone calls to our home or place of employment. If your offices attempt telephone communication with us, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have to pursue legal action. All future communications **must** be done in writing and sent to the address noted in this letter by USPS or certified mail.

This is an attempt to validate the alleged debt and to correct records, and information obtained will be used for that purpose.

If foreclosure proceedings are not stopped before March 2, 2015, I will send letters directly to Federal Trade Commission, the U.S. Attorney General Consumer Protection Office, Department of Housing and Urban Development (file under RESPA regulations), FDIC, The Attorney General office of Sam Olens and the Georgia Bar Association (for disregarding and failing to comply with this Federal Code).

The Fair Debt Collection Practices Act, Section 15 809, gives everyone who may have a loan concern in regards to consumer rights, whether or not the loan servicing has transferred. The FDCPA is intended for any DEBT COLLECTOR including MORTGAGES. If a borrower sends a "VALIDATION OF DEBT" letter to the present loan servicer, other alleged lender, or entity or company attempting to collect, all requested documentation must be provided to the borrower within 30 days of receipt of the request. During this 30 day period, the Lender or Servicer or Collector must suspend any and all collection activity **(including FORECLOSURE OF THE PROPERTY)** until the debt has been legally validated and **VALIDATION has been received**, and the consumer has adequate time to discover the sent documents.

If any debt collector fails to comply with the "validation of debt notice" the borrower is entitled to an award of actual damages, statutory damages up to $1000 (per count), cost and attorney's fees. 15 U.S.C. Sec. 1692k (a). Class action relief is also available. 15 U.S.C. Sec 1692k (a)(B).

Any debt collector who violates any provision of the FDCPA has a potential liability for the actual damages. A single violation is more than sufficient to support judgment for the borrower/consumer. See: Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990); Supan v. Medical Bureau of Economics, Inc., 785 F. Supp. 304, 305 (D. Conn. 1991). There can be actual damages which includes emotional stress, embarrassment, and humiliation caused by improper activities and conduct during their debt collection activities. The FDCPA allows recovery of Statutory damages limited to 1% of the debt collector's net worth or $500,000.00, whichever is less.

In summary, you have failed to comply and you have taken steps to foreclose **without satisfying** the Qualified Written Request, which is a federal requirement. Please be advised if you move forward with a foreclosure sale, 3/03/2015 that appropriate legal steps will be taken against you and know that a violation complaint has been filed against your law firm and the servicer that you represent. This is a follow up request for VALIDATION of the Alleged Debt with an AFFIDAVIT and once again please provide answers to the 10 items addressed above.

Sincerely,

Bridget Gooden

Angeline Payne (Authorized Representative)
Payne's Diversified Housing, Inc.

RCS

10/14/2013

Sent Via Certified Mail
7196 9006 9296 9889 5571

BRIDGETTE GOODEN
[redacted]

Loan Number: [redacted]
Property Address: [redacted]

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

Dear BRIDGETTE GOODEN:

This letter is formal notice by Residential Credit Solutions, Inc. (herein as "RCS") that you are in default under the terms of the documents creating and securing your Loan described above, including the Note and Deed of Trust/Mortgage/Security Deed ("Security Instrument"), for failure to pay amounts due.

The loan is due for 06/01/2010 and subsequent payments, plus late charges, fees and costs. As of today, the total delinquency and reinstatement amount is $39,020.39, which consists of the following:

| | | | | |
|---|---|---|---|---|
| Next Payment Due Date: | | | | 06/01/2010 |
| Total Monthly Payments Due: | | | | $36,764.57 |
| June 2010 To November 2012 | | at | $903.81 | |
| December 2012 | | at | $903.79 | |
| January 2013 To April 2013 | | at | $880.30 | |
| | | at | $870.88 | |
| Late Charges: | | | | $0.00 |
| Other Charges: | Uncollected NSF Fees: | | | $0.00 |
| | Other Fees: | | | $2,523.74 |
| | Corporate Advance Balance: | | | $0.00 |
| | Unapplied Balance: | | | ($267.92) |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | | | | **$39,020.39** |

**It is possible that after payment of the amounts detailed above there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that RCS paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $39,020.39. If the default, together with additional payments that subsequently become due, is not cured by 11/18/2013, RCS may take steps to accelerate the sums secured by the Security Instrument, including foreclosure or other action to seize the property as allowed by law. If foreclosure proceedings are undertaken, it's possible that a deficiency judgment might be pursued.

IF YOU ARE UNABLE TO BRING YOUR ACCOUNT CURRENT, RCS offers consumer assistance programs designed to help resolve delinquencies and avoid foreclosure. These services are provided without cost to our customers. You may be eligible for a loan workout plan or other similar alternatives. If you would like to learn more about these programs, you may contact the Loss Mitigation Department (800) 737-1192, Monday through Thursday 7 a.m. to 11 p.m., Friday 7 a.m. to 9 p.m., and Saturday 8 a.m. to 2 p.m. CST. WE

RCS

December 26, 2013

BRIDGETTE GOODEN
4585 SPRING VALLEY PARKWAY
COLLEGE PARK, GA 30349

Re: RCS Loan Number: 3000053442

Dear Customer(s):

This letter is in response to the correspondence received by Residential Credit Solutions, Inc. (RCS) for the loan referenced above.

Although your letter is captioned as a Qualified Written Request (as defined under Real Estate Settlement Procedures Act ("RESPA") Sec. 6), it is our determination that it does not qualify for such treatment, as we cannot find reference to a specific allegation of inaccurate servicing. RCS is required by RESPA to provide information regarding the servicing of the loan or respond to a statement about why you think the servicing of the account is in error. Servicing is defined very narrowly in RESPA to be the receipt of scheduled payments and attributing those payments to principal and interest, escrow, and otherwise as required by the Note.

Please note that while RCS is the current servicer of this account, the investor is VRM Vendor Resource Management. The custodian is Citi Bank at 20 Commerce Drive, O'Fallon, MO 63366.

If you are questioning a specific event with respect to this account, or have a specific allegation of improper servicing, please advise us of such in a letter. A copy of your payment history is enclosed in the hopes it will answer any specific servicing question you may have. If you requested a payoff statement and/or a reinstatement, you will receive that under separate cover.

If you should have any questions and need to speak with someone at RCS, please feel free to contact us at our toll free number at (800) 737 - 1192. Our Customer Service Representatives are available Monday through Thursday between the hours of 7:00 AM and 11:00 PM, Friday between the hours of 7:00 AM and 9:00 PM, and Saturday between the hours of 8:00 AM and 2:00 PM, Central Standard Time.

Thank you,
Customer Relations
Residential Credit Solutions, Inc.

NOTICE: If you have received a Chapter 7 bankruptcy discharge, Residential Credit Solutions, Inc. recognizes that the discharge relieves you of all personal liability on the loan. This is not an attempt to collect this debt from you personally. We are in no way attempting to revive your personal liability on your obligation. We do retain the right, however, despite the discharge, to enforce our security interest against the property by foreclosing if a default exists.

**Residential Credit Solutions is a debt collector; any information obtained may be used for this purpose.**

OL0803

Exhibit 3 – Drew Powers

This exhibit includes court records and timeline documentation showing that Attorney Drew Powers reopened a previously dismissed case without jurisdiction and during Plaintiff's hospitalization.

Attachments:

[List your supporting documents for this exhibit here.]

Retaner Letter

## Case Information

24ED329189 | Secretary of Veterans Affairs, an Officer of the United States vs. Angeline Payne ,???And All Others???

| Case Number | Court | Judicial Officer |
|---|---|---|
| **24ED329189** | **Magistrate** | **Defoor2, John** |
| File Date | Case Type | Case Status |
| **12/03/2024** | **Dispossessory** | **OPEN** |

## Party

Plaintiff - Magistrate Court
**Secretary of Veterans Affairs, an Officer of the United States**

Address
**c/o MRLP, LLC, 1544 Old Alabama Rd**
**Roswell GA 30076**

Active Attorneys ▾
**Lead Attorney**
**POWERS, DREW**
**Retained**

Defendant - Magistrate Court
**Payne , Angeline L**

Address
**4585 SPRING VALLEY PARKWAY**
**COLLEGE PARK GA 30349**

Defendant - Magistrate Court
**???And All Others???**

Address
**4585 SPRING VALLEY PARKWAY**
**College Park GA 30349**

## Events and Hearings

12/03/2024 AFFIDAVIT ▾

Exhibit 4 – Judge Ashley Drake

This exhibit provides evidence that Judge Ashley Drake denied Plaintiff's motion to set aside judgment despite court notice failures caused by USPS backlog at the Crown Road Mail Center.

Attachments:

[List your supporting documents for this exhibit here.]

Will add as a summary
through Pasak

Exhibit 5 – Judge Linda Borsky

This exhibit includes court orders and envelope timestamps showing Judge Linda Borsky struck Plaintiff's answer and issued a writ of possession the same morning Plaintiff received her hearing notice.

Attachments:

[List your supporting documents for this exhibit here.]

Order and Judgement

**IN THE MAGISTRATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Secretary of Veterans Affairs, an Officer of the United States
Plaintiff/Landlord,
v.

Civil File No. 24ED329189

Angeline Payne, "And All Others"
Defendant/Tenant(s).

☒ Motion to Strike/Default Judgment
☐ Judgment on the Pleadings
☐ Trial Judgment
☐ Dismissal by Court
☐ Dismissal by Landlord

**ORDER AND JUDGMENT**

This matter came before the Court for hearing without a jury. Having considered the pleadings, evidence, argument, and law, the Court finds as follows: ☒ Tenant did not appear by 9:30am ☐ Landlord did not appear

**LANDLORD'S CLAIM FOR POSSESSION:** Answer is stricken

☐ Landlord **IS NOT** entitled to a writ of possession.

☐ Landlord **IS NOT** seeking a writ of possession.

☒ Landlord **IS** entitled to a WRIT OF POSSESSION ☒ *instanter* or ☐ upon application after seven (7) days from the date of entry of this judgment.

**LANDLORD'S CLAIM FOR MONEY DAMAGES:**

☐ FOR THE LANDLORD and against the Tenant in the amount of $________ principal (which sum includes rent through ________) plus court costs and statutory interest.

☐ FOR THE TENANT and against the Landlord. Landlord failed to prove claim.

☐ Landlord's claim for money damages is DENIED / DISMISSED WITHOUT PREJUDICE.

**TENANT'S COUNTERCLAIM:**

☐ FOR THE LANDLORD and against the Tenant. Tenant failed to prove counterclaim.

☐ FOR THE TENANT and against the Landlord on the counterclaim in the amount of $________ principal plus court costs and statutory interest.

☒ Tenant's counterclaim is DISMISSED WITHOUT PREJUDICE.

**OTHER:** Notice sent to all parties on 4/9/2025. No return mail or change of address on record.

**APPEAL:** If Tenant appeals this Judgment and wishes to remain on the premises, Tenant MUST make the following payments into the reviewing Superior or State Court Registry: (1)$______ (which constitutes the full amount of the MONEY JUDGMENT plus the balance of ______'S RENT), no later than SEVEN (7) DAYS from the date of entry of this Order AND (2) MONTHLY RENT of $______ by the 5th of each month beginning ______. Failure to comply may result in an immediate writ of possession. *See* O.C.G.A. § 44-7-56.

NO DIRECT APPEAL FROM DEFAULT

IT IS SO ORDERED, on this the 24 day of April, 2025.

Linda Borsky
JUDGE LINDA BORSKY
FULTON COUNTY MAGISTRATE COURT

Exhibit 6 – Judge John DeFoor III

This exhibit documents how Judge John DeFoor III signed off on a second dispossessory case despite the same matter having already been dismissed and remanded.

Attachments:

[List your supporting documents for this exhibit here.]

Appeals Letter

Stay order

Fulton County Magistrate Court
***E-FILED***RC
Date: 4/30/2025 10:48 AM
Che Alexander, Clerk
24ED329189

**IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

**Secretary of Veterans Affairs, an Officer of the United States**, Plaintiff,

Case No. 24ED329189

v.

**Angeline L Payne, and All Others.**
Defendant.

**ORDER**

The Clerk is instructed to set this matter down for hearing, with notice to all parties.

Landlord's Application to Execute Writ of Possession is, hereby, stayed.

IT IS SO ORDERED this 29th day of April, 2025.

Judge Jeffrey W. Frazier
**Magistrate Court of Fulton County**

# Court of Appeals
# of the State of Georgia

ATLANTA, August 05, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0416. ANGELINE PAYNE v. SECRETARY OF VETERANS AFFAIRS, AS OFFICER OF THE UNITED STATES.**

On July 1, 2024, the Fulton County Magistrate Court denied Angeline Payne's motion to set aside and vacate a default judgment and writ of possession. On July 16, 2024, Payne, proceeding pro se, filed this application for discretionary review of the July 1 order. We, however, lack jurisdiction.

Pretermitting whether Payne's application is timely, "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). Thus, this Court may address magistrate court matters only if they already have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. See also *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988); Court of Appeals Rule 11 (b).

# COURT OF APPEALS OF GEORGIA

330 Capitol Avenue S.E., Suite 1601
Atlanta, Georgia 30334
(404)656-3450

Business Hours: Monday - Friday, 8:30 a.m. to 4:30 p.m.

## NOTICE OF DOCKETING

## APPLICATION FOR DISCRETIONARY APPEAL

## IMPORTANT RULE REQUIREMENTS AND INFORMATION

## NOTICE OF FILING IN THE COURT OF APPEALS OF GEORGIA

**APPLICATION NUMBER: A24D0416** **DATE OF DOCKETING: July 16, 2024**

**STYLE: ANGELINE PAYNE v. SECRETARY OF VETERANS AFFAIRS, AS OFFICER OF THE UNITED STATES**

was filed today in the Court of Appeals of Georgia.

The respondent has 10 days from the above filing date to file a response. A response is not required.

This application will be reviewed and the Court of Appeals of Georgia shall issue an order granting or denying such an appeal within 30 days of the date on which the application was filed, O.C.G.A. §5-6-35.

**Attorneys:** Note that Rule 46 requires that all submissions be via electronic format. E-filing instructions are found at www.gaappeals.us.

**Non-Attorneys:** Self represented parties may now electronically file their submissions to the Court. Non-Attorneys who elect to e-file must comply with the strict requirements that attorneys must follow. See Rule 46. E-filing instructions are found at https://www.gaappeals.us/eFile2/.

The username below is provided for you to register with the Court's E-filing system.

ANGELINE PAYNE - S23588

**Pro Se Filing by US Postal Mail or Delivery Service:** The contents of a properly addressed mailing other than a motion for reconsideration shall be deemed filed on the date of the U.S. Postal Service postmark date if it is stamped on the envelope or container. A filing received from an overnight delivery service is deemed filed on the date shown on the envelope or container. If no date appears on the container or envelope of a mailing or delivery, the contents shall be deemed filed on the date of receipt by the court. **Motions for reconsideration are deemed filed on the date the motion is physically received in the Clerk's office, i.e., the postmark date is not relevant.**

Accordingly, this application is hereby TRANSFERRED to the Superior Court of Fulton County. In light of this ruling, Payne's motion to extend the time to file an appeal with this Court is DISMISSED as MOOT.

*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/05/2024

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

______________________________, *Clerk.*

Exhibit 7 – Judge Debbie Ann Rickman

This exhibit contains timelines and orders showing that Judge Debbie Ann Rickman attempted to transfer a case that had already been removed to federal court and never docketed by the superior court.

Attachments:

[List your supporting documents for this exhibit here.]

Transfer Order

Fulton County Magistrate Court
***E-FILED***CT
Date: 5/6/2025 2:46 PM
Che Alexander, Clerk
23ED273255

**IN THE MAGISTRATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

**Secretary of Veterans Affairs, an Officer of the United States,**
Plaintiff,

File No. 23ED273255

V.

**Melvin Gooden; Bridgette Gooden; "And All Others"; ANGELINE LAVERN PAYNE,**
Defendant

**TRANSFER ORDER**

In the above-styled action, this Court denied Angeline Payne's Motion to Set Aside Default Judgment on August 1, 2024. Thereafter, the Defendant filed a discretionary appeal with the Court of Appeals of the State of Georgia. On August 5, 2024, this Court received an Order from the Court of Appeals finding that it lacks jurisdiction to hear the matter and directing that the case be transferred to the Superior Court of Fulton County.

Accordingly, pursuant to the directive of the Court of Appeals, the above-styled action shall be transferred to the Superior Court of Fulton County for all further proceedings.

IT IS SO ORDERED, this 5th day of May 2025.

Debbie-Ann Rickman
DEBBIE-ANN RICKMAN, JUDGE
FULTON COUNTY MAGISTRATE COURT

Exhibit 8 – Judge Todd Ashley
This exhibit includes Judge Todd Ashley's May 29, 2025 order labeling Plaintiff a 'sovereign citizen' and dismissing her motions without legal basis or evidence.

Attachments:
[List your supporting documents for this exhibit here.]
Order Dismissing Order

Fulton County Magistrate Court
***E-FILED***RC
Date: 3/8/2024 8:31 AM
Che Alexander, Clerk
23ED273255

**IN THE MAGISTRATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

Secretary of Veterans Affairs, an Officer of the United States,
Plaintiff/Landlord,
v.

Melvin Gooden; Bridgette Gooden; "And All Others",
Defendant/Tenant(s).

PROCEEDING AGAINST TENANT HOLDING OVER
File No. 23ED273255

- ■ Motion to Strike/Default Judgment
- ☐ Judgment on the Pleadings
- ☐ Trial Judgment
- ☐ Dismissal by Court

**ORDER AND JUDGMENT**

This matter came before the Court for hearing without a jury. Having considered the pleadings, evidence, argument, and law, the Court finds as follows: ■ Tenant did not appear by 9:20 am. ■ Landlord did ~~not~~ appear Traw Powers, Esq

**LANDLORD'S CLAIM FOR POSSESSION:** Clerk Battle confirms notice mailed to DT 2/22/24. No mail returned or COA.

☐ Landlord **IS NOT** entitled to a writ of possession.

■ Landlord **IS** entitled to a WRIT OF POSSESSION ■ *instanter* or ☐ upon application after seven (7) days from the date of entry of this judgment. DT FTA.

**LANDLORD'S CLAIM FOR MONEY DAMAGES:** answer stricken

■ FOR THE LANDLORD and against the Tenant in the amount of $ 0 principal (which sum includes rent through N/A ) plus court costs and statutory interest. post foreclosure, PL not seeking money damages

☐ FOR THE TENANT and against the Landlord. Landlord failed to prove claim.

☐ Landlord's claim for money damages is DENIED / DISMISSED WITHOUT PREJUDICE

**TENANT'S COUNTERCLAIM:**

☐ FOR THE LANDLORD and against the Tenant. Tenant failed to prove counterclaim.

☐ FOR THE TENANT and against the Landlord on the counterclaim in the amount of $________ principal plus court costs and statutory interest.

☐ Tenant's counterclaim is DISMISSED WITHOUT PREJUDICE.

**OTHER:** ____________________

**APPEAL:** If Tenant appeals this Judgment and wishes to remain in possession of the premises, Tenant MUST make the following payments into the court registry by the time specified: (1) $______ (which constitutes the full amount of the MONEY JUDGMENT plus the balance of ______'S RENT), **no later than SEVEN (7) DAYS from the date of entry of this Order** **AND** (2) MONTHLY RENT of $________ by the 5th of each month beginning ________. Failure to comply may result in an immediate writ of possession. *See* O.C.G.A. § 44-7-56. There is no direct appeal from a Default Judgment.

**IT IS SO ORDERED**, this 07 day of March 20 24

[signature]
FULTON COUNTY MAGISTRATE JUDGE

CONSENTED TO BY:

________________

________________

Eviction cost paid/date: ________
Receipt No./Cash/Check: ________
Presented by: ________
Phone no.: ________

2

Fulton County Magistrate Court
***E-FILED***NA
Date: 5/29/2025 3:17 PM
Che Alexander, Clerk
23ED273255

**IN THE MAGISTRATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

**Secretary of Veterans Affairs, an Officer of the United States,**
Plaintiff/Landlord,
v.
**Melvin Gooden; Bridgette Gooden;**
**"And All Others"; ANGELINE LAVERN PAYNE,**
Defendant/Tenant. 23ED273255

<u>ORDER DISMISSING DEFENDANT'S MOTIONS IN MAGISTRATE</u>

This matter is before the Court on various motions filed by the defendant. The Court encourages the defendant to review the order of the Georgia Court of Appeals in case A24D0416 in which the Court of Appeals ordered that the case be transferred to the Fulton County Superior Court. Via this order, the Court will abide that directive and reinforce the previous order to transfer filed by Judge Debbie Ann Rickman.

Further the defendant's pleadings bear the hallmarks of a "sovereign citizen." This practice and theory has been repeatedly rejected by the American courts. For example, in <u>Brown v. State</u>, 346 Ga. App. 245, 816 S.E.2d 111 (2018), the Georgia Court of Appeals held that:

> Courts have repeatedly ruled that the claims of "sovereign citizens"...have no conceivable validity and should be rejected summarily, however presented. We agree.
>
> [Parties] claiming to be 'sovereign citizens' assert that the ... government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law." United States v. Jonassen, 759 F3d 653, 657 (I) n. 2 (7th Cir. 2014) (citation and punctuation omitted). Courts have repeatedly rejected [such] theories of individual sovereignty...Regardless of an individual's claimed status of descent ... as a "sovereign citizen," ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented. United States v. Benabe, 654 F3d 753, 767 (II) (B) (1) (7th Cir. 2011) (citations and punctuation omitted).

Therefore, to the extent that they were filed in Magistrate Court, it is ORDERED that all of the defendant's motions are DENIED this 29 day of May, 2025.

Todd Ashley
_______________________________
Judge Todd Ashley, Fulton County Magistrate Court

Exhibit 9 – Ché Alexander

This exhibit provides evidence of procedural misconduct and potential tampering with court correspondence, including proof of a March 8, 2025 admission of mail backlog and suspicious Sunday delivery of opened mail.

Attachments:

[List your supporting documents for this exhibit here.]

Will add as Supplement
- Exhibits in mail Tampering

# JON OSSOFF

## U.S. SENATOR FROM GEORGIA

### Release and Authorization Form

Complete and return this form to the Office of Senator Jon Ossoff so that we can assist you in the matter described below. Pursuant to the Privacy Act of 1974, our office cannot assist individuals without their express written consent.

PLEASE PRINT CLEARLY

**Full Name:** Angeline (First) C (Middle) Payne (Last) (Suffix)

**Date of Birth:** 12 / 03 / 1960 (mm / dd / yyyy) **Daytime Telephone:** 4045525352

**Email:** angelpayne1@gmail.com **Alternate Telephone:**

**Address:** 4565 Spring Valley Park way

**City:** South Fulton GA **Zip:** 30349

*If applicable, please provide the following information:*

**Federal Agency Involved:** Veterans Administration **Social Security #:**

**Veteran Claim #:** Regional Office **Student Loan Account #:**

**Branch of Service:** **Mortgage Servicer:**

**State Dept. Case #:** **Mortgage Loan #:**

**Nature of Problem:** Please provide a written description below regarding the nature of your problem and the assistance you are seeking. Providing as much detail as possible will improve our ability to assist you.

I need a letter from the Senior Loan officer at the Atlanta Regional Office stating that they have not had their hands on this loan for Veteran, now deceased, Melvin Gooden for loan on property located at 4585 Spring Valley Parkway, South Fulton/College Park 30349

By signing below I am requesting and authorizing the Office of U.S. Senator Jon Ossoff to intercede on my behalf, including the right to review all appropriate documentation that he or his staff deems necessary in connection with the application for assistance or any other action I have pending with the agency named above. I understand that any documents I provide to Senator Jon Ossoff or his staff may be copied and forwarded to officials of the agency listed above for review. I acknowledge that the information I provide is complete and truthful.

I hereby authorize the Office of Senator Jon Ossoff to act on my behalf with any federal agency relevant to the matter described above, and therefore waive all rights in the release of any and all related information and records.

**Signature:** Angeline Laverne Payne © **Date:** 7/8/2024

**Please return the original, complete, and signed form by:**

| **U.S. Mail:** | **Email:** | **Fax:** |
|---|---|---|
| 271 17th Street NW, Suite 1510 Atlanta, GA 30363 | CaseworkTeam@ossoff.senate.gov | (202) 228-6899 |

and that no authority was given from the VA for foreclosure or writ because the loan was archived in or around 2015.

05/02 '25
→ FUP
L 05/05

Bridget Gooden
6170 Lamp Post Place
College Park GA 30349

April 17, 2025

Department of Veterans Affairs
Atlanta Regional Office
1700 Clairmont Road
Decatur, GA 30033

RE: Request for Verification of Loan Closure and Archival — Mr. Melvin Gooden
Veteran's SSN: 259949581

To Whom It May Concern,

I am writing to respectfully request written confirmation regarding a home loan originally issued to my late husband, [Insert Veteran's Full Name], through the Veterans Administration. The loan in question was related to property formerly under his ownership [redacted]

Specifically, I am requesting a statement on official VA letterhead that confirms:

1. The loan was closed in 2005, and

2. The loan was archived in 2015.

This information is critical to resolving a wrongful foreclosure claim currently impacting the new property owner, Payne's Diversified Housing, inc, ho has acquired and is attempting to restore lawful standing to the home involved.

This request is time-sensitive, as the outcome of this case hinges on the documentation from your office. I deeply appreciate your attention to this matter and your continued support of veterans and their families.

Should you require any additional information to process this request, I can be reached at the contact information above.

Thank you for your time, service, and assistance.

Warm regards,

Bridget Gooden
6170 Lamp Post Place
College Park GA 30349

April 17, 2025

Department of Veterans Affairs
Atlanta Regional Office
1700 Clairmont Road
Decatur, GA 30033

RE: Request for Verification of Loan Closure and Archival — Mr. Melvin Gooden
Veteran's SSN: 259949581

To Whom It May Concern,

I am writing to respectfully request written confirmation regarding a home loan originally issued to my late husband, [Insert Veteran's Full Name], through the Veterans Administration. The loan in question was related to property formerly under his ownership.

Specifically, I am requesting a statement on official VA letterhead that confirms:

1. The loan was closed in 2005, and

2. The loan was archived in 2015.

9:12 PM 85%

FOX 5 ATLANTA Watch Live

**Ossoff calls on USPS Inspector General to investigate statewide mail disruptions in Georgia**

By FOX 5 Atlanta Digital Team | Updated June 25, 2024 10:41pm EDT | Jon Ossoff | FOX 5 Atlanta |




**Sen. Ossoff addresses USPS mail delays**

Sen. Jon Ossoff is continuing his oversight of the U.S. Postal Service, holding a press conference on the impacts of the mail delays

**ATLANTA** - Sen. Jon Ossoff and Fulton County Clerk of Superior and Magistrate Courts Ché Alexander discussed how the ongoing issues with the United

This article illustrates the backlog and disruptions that was going on in the Fulton County courthouse, and why the March 9th hearing could have been vacated due to myself and all others not getting notice of the hearing, and I didn't find out until June of 2024 that a hearing even occurred, I never even received notice from the court that the writ was granted, an alert from the realtor that was told to rekey my home in December of 2022 alerted me that he was requested to reheat the house in August, with no stated date, that is when I asked for reconsideration and to have the writ vacated, I was denied and that's when I went to appellate court, to appeal the decision.

JON OSSOFF
GEORGIA

303 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510
(202) 224-3521

# United States Senate

WASHINGTON, DC 20510-1011

January 8th, 2025

The Honorable Louis DeJoy
Postmaster General
United States Postal Service
475 L'Enfant Plaza SW
Washington, D.C. 20260

Dear Postmaster General DeJoy,

As we have discussed continuously this year, it is urgent that the service performance of the U.S. Postal Service improve for Georgians and people across the country. I continue to hear from Georgia families and businesses about the difficulty they face sending and receiving their mail.

Today, I specifically write to raise to your attention how the Postal Service's issues in Georgia continue to negatively impact health care for veterans. In addition to issues with receiving prescription medications over the mail, I have heard from constituents that notices from Veterans Affairs Medical Clinics are not being delivered in a timely manner. These notices with time-sensitive information, such as appointment information, must delivered on time.

Access to medical information in a timely manner is vital for the wellbeing and health of all veterans who have serves our nation.

I urge you to investigate these issues specific to veterans' healthcare. Please also provide me an update on the current on-time delivery statistics in Georgia by January 31st, 2025. I look forward to your prompt response.

Sincerely,

Jon Ossoff
United States Senator

Gmail

Angel Payne <angelpayne1@gmail.com>

**Print Investigator house fraud work**
1 message

**Angel Payne** <angelpayne1@gmail.com> Wed, Mar 19, 2025 at 7:11 PM
To: Angel Payne <angelpayne1@gmail.com>

You're absolutely right to start by looking at how organized real estate fraud is enabled by the justice system. In Georgia, particularly Fulton County, the following entities and processes are likely involved, either directly or indirectly, in facilitating or turning a blind eye to fraudulent property seizures:

1. Judicial System (Judges & Courts)

Superior Court Judges: Handle foreclosure cases and quiet title actions. Some judges may be signing off on fraudulent filings without proper scrutiny.

Magistrate Court: Handles eviction proceedings, often rushed through without verifying ownership disputes.

Clerks of Court: Responsible for recording property deeds, transfers, and liens. If corrupt or negligent, fraudulent deeds can be recorded without proper checks.

Real Estate Fraud Task Force (if active): Some jurisdictions have dedicated task forces, but if they are inactive or compromised, fraud persists.

2. Law Enforcement & Legal System

Sheriff's Office: Responsible for executing evictions and foreclosures. If they do not verify proper legal processes, they can be used as muscle for fraudulent claims

Marshal's Office: Enforces court orders, including evictions and property seizures, often without investigating whether the underlying case was fraudulent.

District Attorney's Office: Supposed to investigate and prosecute real estate fraud, but may be ignoring cases or selectively prosecuting.

Attorney General's Office (Consumer Protection Division): Supposed to investigate fraudulent business practices but may not be prioritizing real estate fraud.

3. Government & Regulatory Agencies

Fulton County Tax Assessor's Office: If manipulated, properties may be undervalued, overvalued, or tax liens may be falsely placed to justify seizures.

Georgia Real Estate Commission: Supposed to regulate real estate professionals, but enforcement may be weak.

City & County Code Enforcement: May be used to condemn properties improperly, forcing sales or making them easy targets.

4. Private Sector Corruption & Third-Party Entities

Title Companies & Attorneys: Some knowingly facilitate fraudulent deed transfers.

Real Estate Investment Firms: Many work in organized networks to target distressed properties.

Angeline Payne
4585 Spring Valley Parkway
South Fulton Georgia 30349
[angelpayne1@gmail.com
404-202-2169
February 28, 2025

Risk Management Services
Georgia Department of Administrative Services
200 Piedmont Avenue SE, Suite 1804 West Tower
Atlanta, Georgia 30334-9010

Subject: Demand for Damages – Personal Injury Claim for February 29, 2024, Incident

To Whom It May Concern,

I am submitting this formal demand for damages in connection with the personal injury I sustained at the Georgia State Capitol on February 29, 2024. As detailed in my Notice of Claim, I suffered a severe fall due to uneven and unsafe flooring, which resulted in significant medical expenses, continued physical pain, and long-term impairment.

Incident & Injuries

On February 29, 2024, I tripped and fell inside the Capitol building due to warped and uneven flooring, striking my head on a marble desk. As a stroke survivor, I required immediate medical attention to ensure I was not experiencing another stroke. I was transported to the emergency room, where I underwent CT scans and other evaluations due to dangerously high blood pressure and head trauma. Additionally, I suffered a shoulder injury, which still requires surgical intervention. The pain from this injury persists and significantly affects my daily life and mobility.

Medical Treatment & Expenses

As a direct result of the Capitol's hazardous conditions, I have incurred substantial medical costs, including:

Emergency room visit & stroke evaluation – $3,500–$5,000

CT scans for head trauma & shoulder injury – $1,500–$6,000

Ongoing treatment & pain management – $2,000–$4,000

Future surgery for my shoulder injury – $10,000–$50,000 (estimated)

Mortgage Servicers: May conspire with investors to push fraudulent foreclosures.

Property Management Companies: Can be part of fraudulent schemes by taking control of properties under false pretenses.

Next Steps for Investigation:

1. Request Public Records: Get copies of foreclosure filings, eviction orders, and deed transfers.

2. Identify Pattern of Judges' Rulings: See if the same judges are repeatedly ruling in favor of suspect entities.

3. Track Sheriff's Evictions: Find out who is being evicted and where those properties are going.

4. Follow the Money: Look for connections between judges, law enforcement officials, and real estate firms.

5. Engage Whistleblowers: Someone in the system knows what's happening—find clerks, officers, or attorneys willing to talk.

Would you like me to help draft a public records request or connect you with investigative journalists who specialize in real estate fraud?

Connecting with investigative journalists who specialize in real estate fraud can provide valuable insights and assistance in your investigation. Here are some journalists and media outlets known for their work in this area:

1. Ashli Lincoln – WSB-TV Atlanta

Ashli Lincoln is an investigative reporter at WSB-TV in Atlanta who has extensively covered property theft and real estate fraud in Georgia. Her reporting has led to legislative changes aimed at preventing deed theft. You can reach out to her through WSB-TV's contact page or newsroom.

2. Atlanta News First Investigative Team

The investigative team at Atlanta News First has conducted in-depth investigations into deed theft and real estate fraud, resulting in stronger protections under Georgia law. Contacting their investigative unit could provide you with local insights and potential collaboration opportunities.

3. ProPublica – Real Estate Investigations

ProPublica is a nonprofit newsroom that produces investigative journalism in the public interest. They have a dedicated section for real estate investigations, covering various fraud schemes and unethical practices. While not specific to Georgia, their work offers a broader perspective on real estate fraud. You can explore their articles and consider reaching out to their journalists through their website.

4. Matt Birkbeck – Investigative Journalist and Author

Matt Birkbeck is an investigative journalist known for his reporting on mortgage fraud and real estate scams. His work has exposed various fraudulent schemes and has been recognized for its impact. You can learn more about his work and find contact information on his official website.

5. Mortgage Fraud Blog

The Mortgage Fraud Blog provides updates and insights into various real estate fraud cases across the United States. While it's a blog format, it offers detailed information on recent fraud cases and could serve as a resource for understanding current trends and schemes.

When reaching out to these journalists or media outlets, provide a concise summary of your situation, any evidence you

Angeline Payne
4585 Spring Valley Parkway
South Fulton, GA 30349
angelpayne1@gmail.com
404-202-2169
February 28, 2025

Risk Management Services
Georgia Department of Administrative Services
200 Piedmont Avenue SE, Suite 1804 West Tower
Atlanta, Georgia 30334-9010

Subject: Notice of Claim – Personal Injury at Georgia State Capitol on February 29, 2024

To Whom It May Concern,

I am submitting this formal Notice of Claim under the Georgia Tort Claims Act regarding an injury I sustained at the Georgia State Capitol on February 29, 2024. While walking through a public area of the building, I tripped and fell due to uneven, warped flooring and suffered a serious head injury after striking a marble desk, injury to my knees and injury to my right shoulder. This fall resulted in multiple injuries that required ongoing medical treatment and bed rest, preventing me from filing my claim earlier.

Incident Details:

Date of Injury: February 29, 2024

Location: Georgia State Capitol, [specific area if known]

Cause of Injury: Warped and unsafe flooring in a public entry area

Injuries Sustained: Head trauma, knee trauma and tear injury to my shoulder.

Medical Treatment: Hospitalization, bed rest, rehabilitation to walk, chiropractor and scheduled surgery for right shoulder.

I recently revisited the location and took photographs of the hazardous flooring, confirming that no visible warning signs were present to alert the public to this dangerous condition. I am in the process of securing video footage of the incident.

Damages & Requested Compensation:
Due to the severity of my injuries, extensive medical treatments, loss of mobility, and pain and suffering, I am seeking $85000.00 in compensation. This amount includes:

have gathered, and specific information about the entities or individuals involved. This will help them assess the story's significance and determine how they can assist you in your investigation.

Additionally, consider watching the following news segment for more context on real estate fraud schemes in Georgia:

They're now going for vacant land

https://youtu.be/I2SLDLuEf3k?si=h6nfljW4vmOyrazu

Wrongful Foreclosure

Exhibit 10 – Vendor Resource Management (VRM)

This exhibit presents evidence relating to Vendor Resource Management (VRM), a company alleged to have acted as a false holding creditor in the wrongful foreclosure and attempted eviction of Plaintiff from the property located at 4585 Spring Valley Parkway.

VRM is accused of misrepresenting its authority by contracting a realtor to rekey the property and take possession before any legal foreclosure had taken place. These actions occurred without proper legal authority or supporting documentation establishing VRM's right to control or manage the property.

The following documentation will be provided to support these claims, including correspondence, contract notices, and records from the Magistrate Court and Fulton County Clerk's Office.

Attachments:

[List your supporting documents for this exhibit here, such as:]

- ~~Realtor notice or rekey order initiated by VRM~~ MP
- Communications with VRM or its agents
- Property access records or photos
- Magistrate court filings showing timing discrepancies

Exhibit 11 – Marshall J. Widely

This exhibit contains documentation related to improper service of process conducted by Marshall J. Widely, a Fulton County Marshal, connected to the second dispossessory action initiated on December 3, 2024. Plaintiff was hospitalized in the ICU on the date of alleged service, making lawful service impossible.

Evidence will show that the dispossessory case was opened while an earlier case was still under appellate review, and no proper remand or Superior Court docketing occurred prior to the issuance of this second action. Despite these procedural gaps, Marshal Widely is listed as having served Plaintiff without confirmation or communication, violating due process rights and enabling further wrongful eviction efforts.

Attachments:

[List your supporting documents for this exhibit here, such as:]

- Medical records or hospital logs from December 3, 2024
- Copy of second dispossessory filing with Marshal's certification
- Timeline of appeals and remand delays
- Return of service log, if available

Dates of Entry
Hospital information

AFFIDAVIT

Comment
**Military Affidavit**

12/03/2024 DISPOSSESSORY AFFIDAVIT

Dispossessory Affidavit

Comment
**Dispossessory**

12/19/2024 DISPOSSESSORY

Served
**03/24/20258:09 AM**

Serving Officer
**WILDY, J**

Serving Method
**Personal Service**
Served
**03/24/20258:10 AM**

Serving Officer
**WILDY, J**

Serving Method
**Notorious Service**

03/26/2025 RETURN OF SERVICE

RETURN OF SERVICE

Comment
**SERVICE**

03/26/2025 RETURN OF SERVICE

RETURN OF SERVICE

Comment
**SERVICE**

## Financial

Secretary of Veterans Affairs, an Officer of the United States

| | |
|---|---|
| **Total Financial Assessment** | **$103.00** |
| **Total Payments and Credits** | **$103.00** |

AFFIDAVIT

Comment
**Military Affidavit**

12/03/2024 DISPOSSESSORY AFFIDAVIT ▾

Dispossessory Affidavit

Comment
**Dispossessory**

12/19/2024 DISPOSSESSORY ▾

Served
**03/24/20258:09 AM**

Serving Officer
**WILDY, J**

Serving Method
**Personal Service**
Served
**03/24/20258:10 AM**

Serving Officer
**WILDY, J**

Serving Method
**Notorious Service**

03/26/2025 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
**SERVICE**

03/26/2025 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
**SERVICE**

## Financial

Secretary of Veterans Affairs, an Officer of the United States

| | |
|---|---|
| **Total Financial Assessment** | **$103.00** |
| **Total Payments and Credits** | **$103.00** |

| | | | | |
|---|---|---|---|---|
| 12/17/2024 | Transaction Assessment | | | $103.00 |
| 12/17/2024 | Payment | Receipt # MCJT-1062621 | Secretary of Veterans Affairs, an Officer of the United States | ($103.00) |

## Documents

AFFIDAVIT

Dispossessory Affidavit

RETURN OF SERVICE

RETURN OF SERVICE

Work/School/Sports Excuse

Grady

**GRADY HOSPITAL**
80 Jesse Hill Jr. Drive SE
Atlanta, GA 30303
404-616-1000

RE: Patient: Angeline Payne

Department : GRADY HOSPITAL
GHS 7A
80 JESSIE HILL JR DRIVE SE
ATLANTA GA 30303

On 12/26/2024 at time 4:26 PM EST

To whom it may concern: Angeline Payne has been under my care from 12/19/2024 to 12/26/2024.

Electronically Signed,

Thank you. Anderson, David Wayne, MD

# GRADY HEALTH SYSTEM

**Angeline L. Payne** MRN: 11606046
Right leg pain 12/5/2023 - 12/8/2023 GHS 4B MEDSURG 404-616-3693

## Instructions

**Your medications have changed**

START taking:
**gabapentin** (NEURONTIN)

CHANGE how you take:
**carvedilol** (COREG)
**Glucocard Shine**

STOP taking:
**insulin detemir** 100 units/mL pen-injector (LEVEMIR,FLEXTOUCH)

**Review your updated medication list below.**

## Why you were hospitalized

Your primary diagnosis was: Right Leg Pain

## You are allergic to the following

| Allergen | Reactions |
|---|---|
| **Egg** | Not Noted |
| **Eggs Or Egg-Derived Products** | Not Noted |
| **Metformin** dizzy | Not Noted |

## Your Latest Vitals

| | | | |
|---|---|---|---|
| Blood Pressure 157/85 | BMI 33.44 | Weight 177 lb | Temperature (Oral) 98.5 °F |
| Pulse 65 | Respiration 18 | Oxygen Saturation 100% | BSA 1.86 $m^2$ |

### Other instructions

Ambulatory Referral to Urology
Complete by: Dec 14, 2023
Urology wants to see her outpatient ASAP

## Your Next Steps

**Do**

☐ Pick up 8 medications/supplies from GHS SENIOR CARE AND EMPLOYEE PHARMACY

**Go**

DEC 21 **New Patient Appointment**
1:45 PM
Arrive by 1:30 PM
Reneka Kiera Polk, FNP
Transitions of Care Center
80 Jesse Hill Jr. Drive SE
Lobby Level, J Hallway
ATLANTA GA 30303
404-616-1000
Arrive at: Transitions of Care Center- Lobby Level, J Hallway

Plan to arrive 15 minutes before your appointment so we can see you on time. Patients who arrive late may be rescheduled.

Please bring the following items with you:
-All medication bottles
-Picture ID
-Current insurance card
-Payment/copayment for service (cash, check or credit card)

You have more future appointments. Please review your full appointment list.

## MyChart

View your After Visit Summary and more online at **https://mychart.gradyhealth.org/MyChart/**.

- Donald F Samuel
- Amard R Clark Palmer

150 - Ballots

L Fabrito v Juan

Prosecutorial Misconduct

UNITED STATES POSTAL SERVICE

0015487 01 AB 0.59 **AUTO T8 2 1112 30349-213385 -C01-P15502-I

**Current Resident / Angeline Payne**
**4585 Spring Valley Pkwy**
**South Fulton, GA 30349-2133**

April 22, 2025

**Dear Current Resident / Angeline,**

**Welcome to Informed Delivery®!**

Thank you for signing up to use our new, free feature! Our records show that you've signed up with the following username or email address: **ange*****************.**

If this account does not belong to you or someone in your household, please follow these steps to deactivate this account:

1. Visit *https://usps.com/idremove*
2. Enter the Unsubscribe code: **45412926190 - JXTMKRADQ**
3. Click the "Submit" button

Please note, this code will expire on **07/20/2025**.

As an Informed Delivery customer, you can view and manage your scheduled mail and package delivery from the convenience of your computer or mobile device.

You'll receive Informed Delivery notifications that will show you when you have incoming mail or packages. Use the online Informed Delivery dashboard or mobile app to monitor your package delivery status, reschedule deliveries and so much more!

Informed Delivery shows you what's coming to your mailbox, anytime, anywhere - even while you're traveling. If you have questions or need technical support about this letter, please email us at https://usps.force.com/emailus/s/ or call us at 1-800-344-7779.

To learn more about the Informed Delivery feature, visit us at *informeddelivery.usps.com* or check out our FAQs at *usps.com/idfaqs*.

Thank you for being a valued USPS® customer!

Sincerely,

The United States Postal Service®

*PLEASE SECURELY DESTROY AFTER USE AND RECYCLE*
USCR1