UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JUL 14 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

ANGELINE PAYNE,
Plaintiff,
v.
SECRETARY OF VETERANS AFFAIRS, et al.,
Defendants.
Case No: 1:25-CV-1703-MBC-JEM

STATEMENT OF FACTS

(Chronological Summary)

1. 2005

A second loan was originated on the property at 4585 Spring Valley Parkway, Decatur, GA, through the Fulton County Rehabilitation Program, with a lien filed against the property.

2. 2010

The Fulton County lien was satisfied, and the deed of security was removed from record. The home was considered cleared of any municipal debt or obligation from the program.

3. 2011

Under Georgia's statute of limitations, any debt related to the 2005 loan would have become time-barred.

4. November 2013

Plaintiff Angeline Payne purchased the home from the veteran's widow, Bridget Gooden, in a lawful transaction. Title was transferred accordingly.

5. 2015

Plaintiff and Ms. Gooden visited the U.S. Department of Veterans Affairs office and met with a loan officer, who explained that the original VA loan had been archived, was not accessible, and was not present in the VALRI system — the active loan guarantee tracking system used by the VA.

Plaintiff was told there was no active VA loan or guarantee on the home. - - -

6. 2016–2020

Plaintiff resided in the property, paid for utilities and upkeep, and made documented improvements to the property. No valid foreclosure notices or claims of debt were presented during this time.

7. 2021–2023

Without notification of default or valid standing, Drew Powers, purporting to act on behalf of the Department of Veterans Affairs, filed false documents and initiated a dispossession proceeding in local court.

BSI Financial Services began sending mailings suggesting collection authority, despite the loan being archived and no foreclosure initiated.

VRM (Vendor Resource Management) entered the property without court order, changed the locks, and claimed ownership or custodianship despite no foreclosure deed on file.

Marshall J. Wiley appeared or presented himself as an agent or potential owner without verified authority.

8. 2022–2023

Plaintiff engaged in state and local legal defenses, during which Judges Ashley Drake, Linda Borsky, John De Foors III, and Todd Ashley each took roles in hearings or judgments that ignored Plaintiff's documentation, disability status, or legal standing.

Debbie Ann Rickman, acting through affidavits, filed or facilitated public documents claiming Plaintiff owed debts or was unlawfully in possession.

Ché Alexander, Clerk of Superior Court, processed these disputed documents without verifying foreclosure status, enabling false claims to advance in court.

9. Present (2024–2025)

Plaintiff, acting pro se, has gathered extensive documentation, created this federal complaint, and is filing under in forma pauperis status due to financial hardship and disability.

Plaintiff continues to experience damages from unlawful possession, disruption of housing stability, and disregard for VA loan archiving, local property rights, and judicial impartiality.