**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS UNITED STATES OFFICER,**
**BSI FINANCIAL SERVICES INC.,**
**DREW POWERS (A.K.A. VA ATTORNEY),**
**JUDGE ASHLEY DRAKE,**
**JUDGE LINDA BORSKY,**
**JUDGE JOHN DE FOORS III,**
**DEBBIE ANN RICKMAN,**
**JUDGE TODD ASHLEY,**
**CHÉ ALEXANDER,**
**MARSHALL J. WILEY, and**
**VENDOR RESOURCE MANAGEMENT (VRM),**

**Defendants.**

**CIVIL ACTION FILE**
**NO. 1:25-CV-01703-MHC-JEM**

# ORDER

Pending before the Court is Plaintiff's Second Amended Complaint, (Doc. 19), for frivolity review and her Motion to Participate in Electronic Case Filing, (Doc. 20). The disposition of those motions is detailed herein.

## I. BACKGROUND

On March 31, 2025, Plaintiff initiated this action by filing a pro se application to proceed *in forma pauperis* ("IFP") for herself, though both she and a corporate entity were listed as co-plaintiffs. (*See* Doc. 1.) The Court informed them that corporations cannot proceed in a civil action pro se or IFP, and the Court denied the IFP application and ordered the plaintiffs to pay the full filing fee and obtain legal counsel within 30 days of the date of the Order. (Doc. 2.) On May 1, 2025, Plaintiff filed a motion for reconsideration, (Doc. 3), motion to appoint counsel, (Doc. 4), and motion for temporary restraining order, (Doc. 5). On May 9, 2025, the Court denied those motions and advised that if Plaintiff wished to proceed pro se and IFP, then she must file a new IFP application for herself and attach a new complaint listing only herself as the plaintiff. (Doc. 7.) Alternatively, the Court advised that if both listed plaintiffs wished to continue in this matter, then they must obtain legal counsel, file a new complaint signed by that counsel, and pay the full filing fee. (*Id.*) On May 22, 2025, Plaintiff filed, among other things, a second motion for reconsideration, (Doc. 8), a motion to supplement, (Doc. 9), an amended IFP application and complaint, (Docs. 12, 12-1), and a second motion to appoint counsel, (Doc. 13). On May 27, 2025, the Court denied Plaintiff's amended IFP application without prejudice because Plaintiff did not complete the correct application form. (Doc. 14.) The Court ordered her to either file a second amended IFP application using the correct form or pay the full filing fee. (*Id.*) On June 9, 2025, Plaintiff filed a third motion for reconsideration with exhibits. (Docs. 15, 15-1.) One of those exhibits was her

second amended IFP application. (Doc. 15-1 at 6-14.) On June 16, 2025, the Court, *inter alia*, granted Plaintiff's second amended IFP application but found that her amended complaint, (Doc. 12-1), did not survive frivolity review. (Doc. 16.) The Court therefore ordered Plaintiff to file a second amended complaint ("SAC") and gave Plaintiff explicit repleading instructions. (*Id.* at 13-14.) On July 14, 2025, Plaintiff timely filed her SAC, (Doc. 19), which the Court now reviews for frivolity.

## II. DISCUSSION

### A. Legal Standard

Once the Court finds that an IFP application is "sufficient on its face to demonstrate economic eligibility," the Court should "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (alteration in original) (quoting *Watson*, 525 F.2d at 891). Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune." *Robert v. Garrett*, No. 3:07-CV-625, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation omitted). A complaint fails to state a claim "when the facts as pleaded do not state a claim for relief that is 'plausible on its face.'" *Thompson v. Fernandez Rundle*, No. 10-10029, 2010 WL 3279158, at *2 (11th Cir. Aug. 20, 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While a pro se complaint is liberally construed, *Douglas*

*v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008), a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]'" *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court is under no duty to "re-write" a pro se plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. Jan. 9, 2008) (holding that leniency in construing pro se pleadings "does not permit the district court to act as counsel for a party or to rewrite deficient pleadings") (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

The Court's power to dismiss a claim for frivolity differs from, and in some ways supersedes, the power to dismiss for failure to state a claim under Rule 12(b)(6). *Miller*, 541 F.3d at 1100 (citing *Neitzke*, 490 U.S. at 327). Specifically, a court performing a frivolity review is not required to assume the truth of the allegations in the complaint like it is on a Rule 12(b)(6) motion. *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991) (citing *Neitzke*, 490 U.S. at 327); *Miller*, 541 F.3d at 1100 (courts have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). If a claim is arguable, however, it must be treated like a claim brought by a paying litigant and should survive frivolity review. *Id.*

### B. Analysis

Plaintiff's SAC fails to comply with the Court's repleading instructions in many ways which has resulted in the Court's inability to meaningfully review the substance of the SAC. Most critically, the parameters of her SAC are entirely unclear. The first seven pages of the SAC document contain the case caption, an introduction paragraph, a vague jurisdiction and venue statement, a list of the parties in the case caption, a vague timeline of events, a list of three counts against the Secretary of the VA as well as vague and conclusory allegations to support those claims, a list of eight different counts against some of the other Defendants, the relief requested, and Plaintiff's signature block. (SAC at 1-7.) The next three pages contain unfinished factual allegations against the VA Secretary as well as three former VA Secretaries who are not named as parties to this lawsuit, an exhibit title page, and a list of the relief requested as to the VA Secretary. (*Id.* at 8-10.) The next 33 pages are titled as exhibits, but they contain what seem to be individual complaints against each defendant. (*Id.* at 11-43.) The 126 pages after that appear to contain various exhibits. (*Id.* at 44-159.) Additionally, some of the pages in the SAC document appear to be out of order, though the correct order is unknown to the Court. Plaintiff also attached to her SAC a separate "Statement of Facts" which appears to be a more fleshed-out version of the vague timeline within her SAC. (Doc. 16-1.)

It is not this Court's job to parse filings to understand (i) what happened, (ii) who was involved, (iii) what claims are being asserted against which defendant(s), and (iv) why those claims are being asserted against the

defendant(s). Because the Court cannot readily discern this information from Plaintiff's SAC, the SAC does not survive frivolity review under 28 U.S.C. § 1915(e)(2)(B).

### C. Motion to Participate in Electronic Case Filing

Plaintiff seeks the Court's approval to electronically file and receive documents in this matter. (Doc. 20.) The Local Rules prohibit pro se litigants from filing electronically. Appendix H to the Local Rules, Standing Order No. 19-01, at 3 ("Pro se litigants who are not attorneys in good standing admitted to the Bar of this Court must file all documents with the Court in paper form."). However, pro se litigants can be granted the ability to receive notice of electronic filings via email. Accordingly, Plaintiff's motion, (Doc. 20), is **GRANTED IN PART AND DENIED IN PART**.

## III. CONCLUSION

In light of Plaintiff's pro se status, the Court will give Plaintiff leave to amend her complaint if she believes in good faith that she can assert one or more non-frivolous claims against Defendants. *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291-92 (11th Cir. 2018). Plaintiff is therefore **ORDERED**, within **14 days** from the date of this Order, to file a third amended complaint ("TAC"). The TAC should be pleaded such that every named defendant and the Court can discern what claims Plaintiff is bringing and the particular factual and legal bases of each claim. Specifically, the TAC must:

- Address the shortcomings noted in this Order;
- Comply with the pleading requirements of Rules 8 and 10;

- Comply with the requirements of Rule 11;
- Include a brief factual background section with **specific, non-conclusory factual allegations** that directly pertain to this case, suggest support for the required elements of each claim, and are presented in logical order (which may or may not be chronological) in **individually numbered paragraphs**;
- **Allege each cause of action under a separate count**, as required by Rule 10(b);
- Provide underneath each count in **separately numbered paragraphs** (a) the relevant statute and the particular provision(s) of the statute violated, and (b) the relevant facts, including dates, that she believes entitles her to relief and that specifically support the necessary elements of each claim; and
- If more than one defendant is named in the amended complaint, state in each count which defendant(s) Plaintiff seeks to hold liable and the facts supporting the claim against each defendant.

Plaintiff is **ADVISED** that a TAC will supersede her SAC, so she must assert in her TAC any claims contained in the SAC that she wishes to proceed upon; the Court will not read the two complaints in tandem. She must raise in her TAC all claims that she wishes to bring because later attempts to raise additional claims are reviewed under a different, more restrictive set of rules. Her TAC must comply not only with the specific directions set forth above but also Rules 8 and 10 of the Federal Rules of Civil Procedure.[1] Failure to comply

[1] To that end, pro se plaintiffs may obtain certain basic materials and hand-outs from the Office of the Clerk of Court, located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. But Plaintiff is reminded that the Clerk and his deputies are not allowed to give legal advice. Pro se plaintiffs may also utilize the law library located in the Elbert P. Tuttle Courthouse, 56 Forsyth Street, N.W., Atlanta, Georgia, or visit the Court's website

with this Order shall result in a recommendation to the District Judge that this action be dismissed.

Additionally, Plaintiff's Motion to Participate in Electronic Case Filing, (Doc. 20), is **GRANTED IN PART AND DENIED IN PART**. The Clerk is **DIRECTED** to add Plaintiff's email address – provided as *angelpayne1@gmail.com* – to her contact information and include her among those who automatically receive notices of electronic filings in this case via the Court's electronic filing system. The Clerk is further **DIRECTED** to continue mailing paper copies to Plaintiff in the same manner as they would be directed to any other pro se plaintiff. Plaintiff is **CAUTIONED** that any failure in email delivery will not excuse her from filing timely responses to orders and motions. She is also **ADVISED** that the Clerk's office will not have the ability to help her troubleshoot any difficulties accessing documents on PACER. Finally, Plaintiff is reminded of her obligation to promptly notify the Clerk of any changes to her mailing address, daytime telephone number, or email address. Failure to do so may result in penalties, up to and including dismissal of her claims.

**SO ORDERED and DIRECTED** August 5, 2025.

J. Elizabeth McBath

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

at *http://www.gand.uscourts.gov*. The Federal Rules of Civil Procedure and the Local Rules of this Court are available on the Court's website.