**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, OFFICER OF THE UNITED STATES, BSI FINANCIAL SERVICES, VENDOR RESOURCE MANAGEMENT (VRM), DREW POWERS, JUDGE ASHLEY DRAKE, JUDGE DEFOORS, JUDGE LINDA BORSKY, JUDGE DEBBIE ANN RICKMAN, JUDGE TODD ASHLEY, UNITED STATES MARSHALS SERVICE (ATLANTA DIVISION), MARSHAL J. WILDY (489), MARSHAL COLEMAN, and all others,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:25-CV-1703-MHC-JEM**

**ORDER**

This action comes before the Court on a document filed by Plaintiff, which appears to include both a Third Amended Complaint and a request for a temporary

restraining order ("TRO"), and which the Clerk of Court has docketed as a Motion for TRO ("Mot. for TRO") [Doc. 25].

On March 31, 2025, Plaintiff Angeline Payne filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1], which United States Magistrate Judge J. Elizabeth McBath denied [Doc. 2].[1] Eventually, the Magistrate Judge granted Plaintiff's Second Amended IFP Application [Doc. 15-1 at 6-14] but found that Plaintiff's Amended Complaint [Doc. 17] did not survive frivolity review. June 16, 2025, Order [Doc. 16]. Specifically, the Magistrate Judge found that Plaintiff failed to establish subject matter jurisdiction and failed to state a claim for wrongful foreclosure. Id. at 7-11. Thus, the Magistrate Judge ordered Plaintiff to file a second amended complaint that complies with the Federal Rules of Civil Procedure. Id. at 13-14. On July 14, 2025, Plaintiff filed a Second Amended Complaint [Doc. 19], but the Magistrate Judge, again, found the filing to be deficient because it was not readily discernible "(i) what happened, (ii) who was involved, (iii) what claims are being asserted against which defendant(s), and

[1] Payne's Diversified Housing Inc. also was initially named as a plaintiff in this case, and the Magistrate Judge denied the IFP Application because it was only filled out for Payne, and because corporations cannot proceed IFP. Apr. 4, 2025, Order at 4-5.

(iv) why those claims are being asserted against the defendant(s)." Aug. 5, 2025, Order [Doc. 22] at 5-6.

On August 26, 2025, Plaintiff filed the instant Third Amended Complaint, within which is embedded a request that "this Court issue an immediate Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b)." Mot. for TRO at 12. In Plaintiff's filing, Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. Mot. for TRO at 4. Plaintiff also lists the names of Defendants, with no information as to their citizenship. Id. at 4-5, 8-12. At its core, Plaintiff seeks to stop an eviction that is scheduled to occur on August 28, 2025. Id. at 7. Plaintiff appears to argue that the dispossessory proceeding was dismissed, but that "Defendants are pursuing enforcement based on Magistrate Judge Todd Ashley's striking of Plaintiff's motions." Id. Plaintiff alleges that "this eviction effort is retaliatory and directly connected to the claims raised in the present federal action." Id.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction[] . . . [and] are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution.'" Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "a federal

court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410; see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). And where subject matter jurisdiction is lacking, "a federal court must remand . . . notwithstanding the presence of other motions pending before the court." Id. at 411.

The Court finds that, despite the Magistrate Judge's prior finding that Plaintiff's Amended Complaint failed to establish subject matter jurisdiction, see June 16, 2025, Order at 7-9, Plaintiff still has failed to allege sufficient facts supporting this Court's subject matter jurisdiction over this case. Aside from listing statutes that theoretically confer subject matter jurisdiction (28 U.S.C. §§ 1331, 1343, 1367), Plaintiff's Third Amended Complaint fails to include "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). Indeed, Plaintiff does not even list any causes of action she seeks to assert against any Defendant—let alone a federal cause of action to confer federal question jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff simply lists Defendants and states conclusory allegations of Defendants' alleged wrongdoings. See, e.g., Mot. for TRO at 10 (alleging that the "Secretary of State / Officer of the United States" failed "to oversee and prevent fraudulent legal proceedings and

filings under color of law, including improper state recordation of property interests"); id. (alleging that U.S. Marshals "improperly filed duplicate summons in Plaintiff's matter, enabling unlawful state enforcement proceedings," and "showed force at Plaintiff's home and participated in an attempted eviction without lawful order, exceeding authority and violating Plaintiff's due process rights"); id. at 11 (alleging that Vendor Resource Management "acted as a false holding creditor without lawful standing"). These conclusory allegations do not provide any basis from which this Court can conclude that a federal question is presented on the face of Plaintiff's Third Amended Complaint.

To the extent Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1343, that statute provides the jurisdictional basis for claims brought pursuant to 42 U.S.C. §§ 1983 and 1985. See Ortega v. Schramm, 922 F.2d 684, 688 (11th Cir. 1991) (noting that Section 1343 "authorizes federal courts to entertain section 1983 claims"). Plaintiff fails to state any claim under 42 U.S.C. § 1983, and her conclusory allegations of deprivation of due process are insufficient to state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (holding that "the pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").[2]

Finally, to the extent that Plaintiff seeks the Court's review of the state court's orders with respect to the eviction proceedings, the Rooker-Feldman doctrine[3] prohibits this Court from doing so. Specifically, a federal district court cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Court lacks authority to review or reverse the state court's decision; that authority is vested in the Georgia Court of Appeals.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Third Amended Complaint [Doc. 25] is **DISMISSED** for lack of subject matter

---

[2] Plaintiff also fails to plead the citizenship of any Defendant named in her Third Amended Complaint; thus, Plaintiff fails to allege that diversity jurisdiction exists in this case. See 28 U.S.C. § 1332.

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

jurisdiction.[4] Because the Court lacks subject matter jurisdiction over this case, it cannot rule on Plaintiff's Motion for TRO, which is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to close this file.

**IT IS SO ORDERED** this 27th day of August, 2025.

MARK H. COHEN
United States District Judge

[4] The Court also notes an additional ground for dismissal of Plaintiff's Complaint. She has been provided with three opportunities to amend her complaint to comply with the Magistrate Judge's orders and the Federal Rules of Civil Procedure, and she has failed to do so. See LR 41.3A(2), NDGa. ("The Court may . . . dismiss a civil case for want of prosecution if . . . [a] plaintiff or plaintiffs attorney shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case[.]").