FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
SEP 24 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

ANGELINE PAYNE,

Plaintiff,

v.

Secretary of Veterans Affairs

United States Department of Veterans Affairs

Officer of the United States

BSI Financial Services

Vendor Resource Management (VRM)

Drew Powers

Judge Ashley Drake

Judge DeFoors

Judge Linda Borsky

Judge Debbie Ann Rickman

Judge Todd Ashley

United States Marshals Service (Atlanta Division)

Marshal J. Wildy (489)

Marshal Coleman

and all others

Defendants.

Case No. [1:25-CV-01703-MHC-JEM

PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION AND TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff, Angeline Payne, pro se, and respectfully moves this Court for (1) reconsideration of its prior dismissal order, and (2) issuance of an Emergency Temporary Restraining Order (TRO) restoring Plaintiff to possession of her home at 4585 Spring Valley Parkway pending resolution of this action.

I. INTRODUCTION

This case arises from the wrongful eviction of Plaintiff and her family under an altered and void writ of possession in Case No. 3255, executed on September 22, 2025. The writ was double-stamped with conflicting dates, including a final stamp dated September 23, 2025 — one day after the eviction occurred. Under O.C.G.A. § 44-7-55, a writ must be validly issued before execution, and the officer must remove the tenant and place the landlord in full possession. Neither requirement was met here.

Plaintiff presents new evidence that could not have been considered in the Court's prior dismissal:

VA Loan Guarantee Office Confirmation: On the day of eviction, the VA confirmed this property is not on its docket and any loan was archived more than 20 years ago. Thus, no landlord had standing to evict. Torlyn Henderson was the agent.

Realtor Admissions: The realtor, Issac Scott, acting on behalf of defendants admitted he did not know who the owner was and, on Sept. 24, 2025, told Plaintiff's family they had "three days" to remove belongings, and did not object to us staying over on the property for the last 3 days— proving no lawful landlord has ever been placed in possession.

Altered Writ: The writ used against Plaintiff contains crossed-out dates, double stamps, and a post-eviction court stamp — rendering it void ab initio.

Injury and Medical Harm: Plaintiff suffered leg spasms from walking courthouses to file emergency papers and has been deprived of her daily blood thinner medication, placing her at risk of stroke. This constitutes irreparable harm.

II. ARGUMENT

A. Reconsideration Is Warranted.

Federal Rule of Civil Procedure 59(e) permits reconsideration to correct clear error, prevent manifest injustice, or account for newly discovered evidence. Here, the Court dismissed Plaintiff's case three days before the filing extension expired and without considering evidence now presented showing Defendants lacked standing to evict.

B. TRO Is Necessary to Prevent Irreparable Harm.

Under Rule 65, a TRO is appropriate where Plaintiff shows (1) likelihood of success, (2) irreparable harm, (3) balance of equities, and (4) public interest.

1. Likelihood of Success: VA confirmation proves no lawful landlord exists. The altered writ is void, making eviction unlawful.

2. Irreparable Harm: Plaintiff has already suffered eviction, physical injury, and interruption of life-sustaining medication. These harms cannot be undone by monetary damages.

3. Balance of Equities: Defendants have no standing or ownership; Plaintiff faces loss of home and health.

4. Public Interest: Courts must ensure writs of possession are lawfully issued and executed. Allowing altered writs undermines trust in the judicial process.

III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Grant reconsideration of the dismissal order in light of newly discovered evidence and manifest injustice.

2. Issue an Emergency Temporary Restraining Order:

Restoring Plaintiff to possession of her home at 4585 Spring Valley Parkway;

Enjoining Defendants and their agents from interfering with Plaintiff's possession pending further order.

Requiring Defendants to preserve all evidence relating to the writ and eviction.

3. Grant such other and further relief as the Court deems just.

IV. CONCLUSION

The eviction carried out on September 22, 2025, was unlawful. The writ was altered and void; the VA 4585 Spring Valley Parkway was not on their active loan docket confirming no landlord exists; the realtor admitted no owner is known; and Plaintiff has sustained physical injury and is at risk of stroke without access to her medication. These facts constitute irreparable harm and demand immediate judicial intervention.

Respectfully submitted,

:Angeline-Lavern: Payne ©

Angeline Payne

4585 Spring Valley Parkway

South Fulton, Georgia 30349

angelpayne1@gmail.com

404-202-2169

Date: September 24, 2025