4months,APPEAL,CLOSED,SUBMDJ

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: 1:25−cv−01703−MHC

Angeline Payne v. Secretary of Veterans Affairs et al
Assigned to: Judge Mark H. Cohen
Cause: 28:1331 Fed. Question: Breach of Contract

Date Filed: 03/31/2025
Date Terminated: 08/27/2025
Jury Demand: Plaintiff
Nature of Suit: 220 Real Property: Foreclosure
Jurisdiction: Federal Question

**Plaintiff**

**Payne's Diversified Housing Inc**
*TERMINATED: 05/27/2025*

represented by **Payne's Diversified Housing Inc**
4585 Spring Valley Parkway
South Fulton, GA 30349
404−202−2169
PRO SE

**Plaintiff**

**Angeline Payne**

represented by **Angeline Payne**
4585 Spring Valley Parkway
South Fulton, GA 30349
404−202−2169
PRO SE

V.

**Defendant**

**Secretary of Veterans Affairs**
*United States Officer*

**Defendant**

**BSI Financial Services Inc.**

**Defendant**

**Magistrate Court**
*TERMINATED: 07/14/2025*

**Defendant**

**Drew Powers**
*(a.k.a. VA Attorney)*

**Defendant**

**Marshal J. Wiley**

**Defendant**

**Judge Ashley Drake**

**Defendant**

**Judge Elizabeth George**
*TERMINATED: 07/14/2025*

**Defendant**

**Judge Dfoors**
*each officially and personally*
*TERMINATED: 07/14/2025*

**Defendant**

**Any Other Responsible Party**
*TERMINATED: 07/14/2025*

**Defendant**

**Judge Linda Borsky**

**Defendant**

**Judge John De Foors, III**

**Defendant**

**Debbie Ann Rickman**

**Defendant**

**Judge Todd Ashley**

**Defendant**

**Che' Alexander**

**Defendant**

**Vendor Resource Management (VRM)**

**Defendant**

**United States Department of Veterans Affairs**

**Defendant**

**Officer of the United States**

**Defendant**

**United States Marshal Service (Atlanta Division)**

**Defendant**

**Marshal Coleman**

**Defendant**

**And All Others**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2025 | 1 | APPLICATION for Leave to Proceed in forma pauperis by Angeline Payne, Payne's Diversified Housing Inc. (Attachments: # 1 Complaint, # 2 Civil Cover Sheet)(jbu) (Entered: 04/01/2025) |
| 04/01/2025 | | Submission of 1 APPLICATION for Leave to Proceed in forma pauperis, to Magistrate Judge J. Elizabeth McBath. (jbu) (Entered: 04/01/2025) |
| 04/04/2025 | 2 | ORDER DENYING the 1 Application to Proceed In Forma Pauperis and directing that Plaintiffs pay the full filing fee within 30 days of the date of this Order. Plaintiffs are further ordered to obtain legal counsel, who must enter an appearance in this case within 30 days of the date of this Order. Plaintiffs are advised that failure to comply with this Order may result in dismissal of this action. Signed by Magistrate Judge J. Elizabeth McBath on 04/04/2025. (ddm) (Entered: 04/04/2025) |
| 04/04/2025 | | Clerk's Certificate of Mailing as to Angeline Payne, Payne's Diversified Housing Inc re 2 Order. (ddm) (Entered: 04/04/2025) |
| 05/01/2025 | 3 | MOTION for Reconsideration re 2 Order ruling on IFP, by Angeline Payne. (rsg) (Additional attachment(s) added on 6/9/2025: # 1 Rescanned) (rsg). (Entered: 05/02/2025) |
| 05/01/2025 | 4 | MOTION to Appoint Counsel by Angeline Payne. (rsg) (Entered: 05/02/2025) |
| 05/01/2025 | 5 | MOTION for Temporary Restraining Order by Angeline Payne. (rsg) (Entered: 05/02/2025) |
| 05/02/2025 | | Submission of 5 MOTION for Temporary Restraining Order, to District Judge Steve C. Jones. (rsg) (Entered: 05/02/2025) |
| 05/05/2025 | 6 | ORDER REASSIGNING CASE. Case reassigned to Judge Mark H. Cohen for all further proceedings. Judge Steve C. Jones no longer assigned to case. NOTICE TO ALL COUNSEL OF RECORD: The Judge designation in the civil action number assigned to this case has been changed to 1:25−cv−01703−MHC. Please make note of this change in order to facilitate the docketing of pleadings in this case. Signed by Judge Steve C. Jones on 5/05/2025. (rsg) (Entered: 05/05/2025) |
| 05/05/2025 | | Clerk's Certificate of Mailing as to Angeline Payne, Payne's Diversified Housing Inc re 6 Order Reassigning Case. (rsg) (Entered: 05/05/2025) |
| 05/05/2025 | | Submission of 5 MOTION for Temporary Restraining Order, to District Judge Mark H. Cohen. (rsg) (Entered: 05/05/2025) |
| 05/07/2025 | | Submission of 2 Order ruling on IFP to Magistrate Judge J. Elizabeth McBath. (lme) (Entered: 05/07/2025) |
| 05/09/2025 | 7 | ORDER. Plaintiff Angeline Paynes Motion for Reconsideration, 3 , is DENIED; her Motion to Appoint Counsel, 4 , is DENIED WITHOUT PREJUDICE; and her Motion for Temporary Restraining Order, 5 , is DENIED AS MOOT. If Plaintiff Angeline Payne wishes to proceed pro se and IFP, then she must file a new IFP application for herself and attach to that application a new complaint in which she is the only plaintiff. |

| | | |
|---|---|---|
| | | If both Plaintiffs wish to continue in this matter, then they must obtain legal counsel, file a new complaint signed by that counsel, and pay the full filing fee. Either way, this Order must be complied with by May 23, 2025. Failure to comply with this Order shall result in a recommendation to the District Judge that this action be dismissed. Signed by Magistrate Judge J. Elizabeth McBath on 5/9/2025. (dgr) (Entered: 05/09/2025) |
| 05/09/2025 | | Clerk's Certificate of Mailing as to Angeline Payne and Payne's Diversified Housing Inc re 7 Order. (dgr) (Entered: 05/09/2025) |
| 05/22/2025 | 8 | MOTION for Reconsideration re 2 Order ruling on IFP, by Angeline Payne. (rsg) Modified on 5/23/2025 (rsg). (Entered: 05/23/2025) |
| 05/22/2025 | 9 | MOTION to Supplement by Angeline Payne. (Attachments: # 1 Exhibit)(rsg) Modified on 5/23/2025 (rsg). (Entered: 05/23/2025) |
| 05/22/2025 | 10 | NOTICE of Filing Judicial Reassignment and Continuance of Pending Motions by Angeline Payne. (rsg) (Entered: 05/23/2025) |
| 05/22/2025 | 11 | NOTICE of Filing Supplemental Statement and Sworn Declaration Regarding Procedural Misconduct and Post−Dismissal Communication by Angeline Payne. (rsg) (Entered: 05/23/2025) |
| 05/22/2025 | 12 | APPLICATION for Leave to Proceed in forma pauperis by Angeline Payne. (Attachments: # 1 Complaint)(dgr) (Entered: 05/23/2025) |
| 05/22/2025 | 13 | MOTION to Appoint Counsel by Angeline Payne. (dgr) (Entered: 05/23/2025) |
| 05/23/2025 | | Submission of 12 APPLICATION for Leave to Proceed in forma pauperis and 13 MOTION to Appoint Counsel to Magistrate Judge J. Elizabeth McBath. (dgr) (Entered: 05/23/2025) |
| 05/27/2025 | 14 | ORDER denying without prejudice 12 Application for Leave to Proceed in forma pauperis. Plaintiff is ORDERED, within 21 days of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering fully and truthfully all questions posed. Plaintiff is ADVISED that failure to do so may result in dismissal of this action. The Clerk is DIRECTED to mail a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiff at 4585 Spring Valley Parkway, South Fulton, GA 30349.. Signed by Magistrate Judge J. Elizabeth McBath on 5/27/2025. (dgr) (Entered: 05/27/2025) |
| 05/27/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 14 Order on Application for Leave to Proceed in forma pauperis. Forms sent to party: Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form); (dgr) (Entered: 05/27/2025) |
| 06/09/2025 | 15 | MOTION for Reconsideration re 14 Order on Application for Leave to Proceed in forma pauperis by Angeline Payne. (Attachments: # 1 Exhibits)(dgr) (Entered: 06/12/2025) |
| 06/10/2025 | | Submission of 8 MOTION for Reconsideration re 2 Order ruling on IFP, and 9 MOTION to Supplement to Magistrate Judge J. Elizabeth McBath. (lme) (Entered: 06/10/2025) |
| 06/10/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 14 Order on Application for Leave to Proceed in forma pauperis. Forms sent to party: Affidavit to Proceed IFP. Forms re−mailed to plaintiff. (jbu) (Entered: 06/10/2025) |

| | | |
|---|---|---|
| 06/16/2025 | 16 | ORDER. Plaintiffs Motions for Reconsideration, 8 and 15 , are DENIED; her Motion to Supplement, 9 , is DENIED AS MOOT; and her Motion to Appoint Counsel, 13 , is DENIED WITHOUT PREJUDICE. Additionally, Plaintiffs second amended IFP application, (Doc. 15−1 at 6− 14), is GRANTED, but her Amended Complaint, (Doc. 12−1), does not survive frivolity review. In light of Plaintiffs pro se status, the Court will give Plaintiff leave to amend her complaint if she believes in good faith that she can assert one or more non−frivolous claims against Defendants. Plaintiff is therefore ORDERED, within 28 days from the date of this Order, to file a second amended complaint. The second amended complaint should be pleaded such that every named defendant and the Court can discern what claims Plaintiff is bringing and the particular factual and legal bases of each claim. Signed by Magistrate Judge J. Elizabeth McBath on 6/16/2025. (dgr) (Entered: 06/16/2025) |
| 06/16/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 16 Order. (dgr) (Entered: 06/16/2025) |
| 06/16/2025 | 17 | COMPLAINT filed by Angeline Payne.(dgr) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 06/16/2025) |
| 06/26/2025 | 18 | NOTICE to Pro Se Plaintiffs. Signed by Magistrate Judge J. Elizabeth McBath on 06/26/2025. (ddm) (Entered: 06/26/2025) |
| 06/26/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 18 Notice to Pro Se Parties. (ddm) (Entered: 06/26/2025) |
| 07/14/2025 | 19 | SECOND AMENDED COMPLAINT against Che' Alexander, Todd Ashley, BSI Financial Services Inc., Linda Borsky, John De Foors, III, Ashley Drake, Drew Powers, Debbie Ann Rickman, Secretary of Veterans Affairs, Vendor Resource Management (VRM), Marshal J. Wiley with Jury Demand filed by Angeline Payne. (Attachments: # 1 Statement of Facts, # 2 Table of Authorities, # 3 Plaintiff's Witness List, # 4 Updated Damages Breakdown Sheet)(tcc) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 07/15/2025) |
| 07/14/2025 | 20 | PRO SE MOTION for Permission to Participate in Electronic Case Filing by Angeline Payne. (tcc) (Entered: 07/15/2025) |
| 07/25/2025 | 21 | Electronic Summons Issued as to Che' Alexander, Todd Ashley, BSI Financial Services Inc., Linda Borsky, John De Foors, III, Ashley Drake, Drew Powers, Debbie Ann Rickman, Secretary of Veterans Affairs, Vendor Resource Management (VRM), Marshal J. Wiley. (Attachments: # 1 Summons Secretary of Veterans Affairs, Regional Office, # 2 Summons BSI Financial Services Inc., # 3 Summons Drew Powers, # 4 Summons Linda Bosky, # 5 Summons John DeFoors, # 6 Summons Debbie Ann Rickman, # 7 Summons Todd Ashley, # 8 Summons Che' Alexander, # 9 Summons John Wiley, # 10 Summons Judge Ashley Drake)(dgr) (Entered: 07/25/2025) |
| 08/01/2025 | | Submission of 20 MOTION for Permission to Participate in Electronic Case Filing to Magistrate Judge J. Elizabeth McBath. (lme) (Entered: 08/01/2025) |
| 08/05/2025 | 22 | ORDER. In light of Plaintiffs pro se status, the Court will give Plaintiff leave to amend her complaint if she believes in good faith that she can assert one or more non−frivolous claims against Defendants. Plaintiff is therefore ORDERED, within 14 |

| | | |
|---|---|---|
| | | days from the date of this Order, to file a third amended complaint (TAC). Additionally, Plaintiffs Motion to Participate in Electronic Case Filing, 20 , is GRANTED IN PART AND DENIED IN PART. The Clerk is DIRECTED to add Plaintiffs email address provided as angelpayne1@gmail.com to her contact information and include her among those who automatically receive notices of electronic filings in this case via the Courts electronic filing system. The Clerk is further DIRECTED to continue mailing paper copies to Plaintiff in the same manner as they would be directed to any other pro se plaintiff. Plaintiff is CAUTIONED that any failure in email delivery will not excuse her from filing timely responses to orders and motions. She is also ADVISED that the Clerks office will not have the ability to help her troubleshoot any difficulties accessing documents on PACER. Finally, Plaintiff is reminded of her obligation to promptly notify the Clerk of any changes to her mailing address, daytime telephone number, or email address. Failure to do so may result in penalties, up to and including dismissal of her claims. Signed by Magistrate Judge J. Elizabeth McBath on 8/5/2025. (dgr) (Entered: 08/06/2025) |
| 08/06/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 22 Order. (dgr) (Entered: 08/06/2025) |
| 08/21/2025 | 23 | MOTION for Extension of Time to File Third Amended Complaint by Angeline Payne. (dgr) (Entered: 08/22/2025) |
| 08/25/2025 | 24 | ORDER granting 23 Motion for Extension of Time. Plaintiff shall have through and including August 29, 2025, to file her third amended complaint. Plaintiff is ADVISED that failure to timely comply with this Order may result in a recommendation to the District Judge that he dismiss this case. Signed by Magistrate Judge J. Elizabeth McBath on 8/25/2025. (rsg) (Entered: 08/25/2025) |
| 08/26/2025 | 25 | Third AMENDED COMPLAINT against Todd Ashley, BSI Financial Services Inc., Linda Borsky, John De Foors, III, Ashley Drake, Drew Powers, Debbie Ann Rickman, Secretary of Veterans Affairs, Vendor Resource Management (VRM), Marshal J. Wiley, United States Department of Veterans Affairs, Officer of the United States, United States Marshal Service (Atlanta Division), Marshal Coleman, And All Others filed by Angeline Payne. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(dgr) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/26/2025) |
| 08/26/2025 | | MOTION for Temporary Restraining Order by Angeline Payne. Found within the 25 Third Amended Complaint. (dgr) (Entered: 08/26/2025) |
| 08/26/2025 | | Submission of MOTION for Temporary Restraining Order, to District Judge Mark H. Cohen. (dgr) (Entered: 08/26/2025) |
| 08/26/2025 | | Clerk's Certificate of Mailing as to Angeline Payne re 24 Order on Motion for Extension of Time. (rsg) (Entered: 08/26/2025) |
| 08/27/2025 | 26 | ORDER denying as moot Motion for TRO. It is hereby ORDERED that Plaintiff's Third Amended Complaint 25 is DISMISSED for lack of subject matter jurisdiction. The Clerk of Court is DIRECTED to close this file. Signed by Judge Mark H. Cohen on 8/27/2025. (dgr) (Entered: 08/27/2025) |
| 08/27/2025 | 27 | CLERK'S JUDGMENT that the action be DISMISSED for lack of subject matter jurisdiction. (dgr)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 08/27/2025) |

| | | |
|---|---|---|
| 08/27/2025 | | Civil Case Terminated. Magistrate Judge J. Elizabeth McBath terminated from case. (dgr) (Entered: 08/27/2025) |
| 08/28/2025 | 28 | MOTION for Reconsideration re 26 Order on Motion for TRO and MOTION to Reinstate Case by Angeline Payne. (dgr) (Entered: 08/29/2025) |
| 09/16/2025 | | Submission of 28 MOTION for Reconsideration re 26 Order on Motion for TRO, and MOTION to Reopen Case to District Judge Mark H. Cohen. (lme) (Entered: 09/16/2025) |
| 09/23/2025 | 29 | NOTICE of Filing Supplemental Filing in Support of 28 MOTION for Reconsideration re 26 Order on Motion for TRO, MOTION to Reopen Case by Angeline Payne. (fbj) (Entered: 09/24/2025) |
| 09/24/2025 | 30 | EMERGENCY MOTION for Reconsideration and Temporary Restraining Order by Angeline Payne. (Attachments: # 1 Text of Proposed Order) (fbj) (Entered: 09/24/2025) |
| 10/14/2025 | | Submission of 30 MOTION for Reconsideration MOTION for Temporary Restraining Order to District Judge Mark H. Cohen. (lme) (Entered: 10/14/2025) |
| 10/14/2025 | 31 | ORDER that Plaintiff's Motions for Reconsideration and Temporary Restraining Order 28 , 30 are DENIED. Signed by Judge Mark H. Cohen on 10/14/2025. (fbj) (Entered: 10/14/2025) |
| 10/14/2025 | | Clerk's Certificate of Mailing as to Angeline Payne, Payne's Diversified Housing Inc re 31 Order on Motion for Reconsideration, Order on Motion to Reopen Case,, Order on Motion for TRO. (fbj) (Entered: 10/14/2025) |
| 10/24/2025 | 32 | NOTICE OF APPEAL as to 31 Order on Motion for Reconsideration, Order on Motion to Reopen Case, Order on Motion for TRO, by Angeline Payne. Case Appealed to USCA− 11th Circuit. Transcript Order Form due on 11/7/2025. (fbj) Modified on 10/28/2025 to terminate docket entry relationship (pjm). (Entered: 10/27/2025) |
| 10/28/2025 | 33 | Deficiency Letter issued to Appellant re: 32 Notice of Appeal, filed by Angeline Payne. Reasons for deficiency: Appeal fee not received. Application for IFP not received. (pjm) (Entered: 10/28/2025) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**[1]

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS et al.,**

**Defendants.**

**CIVIL ACTION FILE**
**NO. 1:25-CV-01703-MHC-JEM**

**ORDER**

Pending before the Court is Plaintiff's amended motion to proceed *in forma pauperis* ("IFP"). (Doc. 12.) To apply for IFP status in this District, parties must complete the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Accordingly, Plaintiff's amended IFP motion, (Doc. 12), is **DENIED WITHOUT PREJUDICE**, and Plaintiff is **ORDERED**, within **21 days** of the date of this Order, to either (1) pay the full filing fee, or (2) submit a complete IFP application answering fully and truthfully all questions posed.[2] Plaintiff is **ADVISED** that failure to do so may result in dismissal of this action.

[1] In accordance with the Court's prior Order, (Doc. 7), Plaintiff filed a new complaint listing Angeline Payne as the only Plaintiff in this matter. (Doc. 12-1.) The Clerk is **DIRECTED** to correct the docket to reflect this change.

[2] Although the Sixth, Ninth, and Tenth Circuits have held that magistrate judges do not have authority to enter an order denying IFP status because the ruling is dispositive, other courts, including district courts in this and other circuits, have viewed denials of IFP applications as non-dispositive because they

The Clerk is **DIRECTED** to mail a blank Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) to Plaintiff at 4585 Spring Valley Parkway, South Fulton, GA 30349.

**SO ORDERED and DIRECTED** May 27, 2025.

J. Elizabeth McBath
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

do not bar a plaintiff from proceeding by other means. *See Sanders v. Bayview Loan Servicing, LLC*, No. 1:19-CV-01008-LMM-AJB, 2019 WL 2354969, at *2 n. 2 (N.D. Ga. Mar. 5, 2019) (collecting cases). The Eleventh Circuit has not indicated whether a magistrate judge's denial of pauper status is a non-dispositive ruling, but a judge in this District has suggested so. *See Redford v. Planchard*, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (Duffey, J. *adopting* King, M.J.) (citing *In Re Arnold v. Mortgage Electronic Registration Sys., Inc.*, 166 F. App'x 424, 425 (11th Cir. 2006) and *Camp v. Oliver*, 798 F.2d 434, 436-37 (11th Cir. 1986)); *see also Yepes v. Hininger*, No. CV514-085, 2015 WL 1546869, at *3 (S.D. Ga. Apr. 6, 2015) ("[T]he Magistrate Judge's Order on Plaintiff's Motion to Proceed in Forma Pauperis squarely falls within his authority to issue orders on nondispositive pretrial matters.") (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). This Court finds the second group of cases more persuasive and therefore resolves the pending IFP application by order as opposed to report and recommendation. Regardless, the decision remains subject to review by the District Judge. Fed. R. Civ. P. 72(a).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **ANGELINE PAYNE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SECRETARY OF VETERANS AFFAIRS, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, OFFICER OF THE UNITED STATES, BSI FINANCIAL SERVICES, VENDOR RESOURCE MANAGEMENT (VRM), DREW POWERS, JUDGE ASHLEY DRAKE, JUDGE DEFOORS, JUDGE LINDA BORSKY, JUDGE DEBBIE ANN RICKMAN, JUDGE TODD ASHLEY, UNITED STATES MARSHALS SERVICE (ATLANTA DIVISION), MARSHAL J. WILDY (489), MARSHAL COLEMAN, and all others,**<br><br>**Defendants.** | **CIVIL ACTION FILE**<br><br>**NO. 1:25-CV-1703-MHC-JEM** |

**ORDER**

This action comes before the Court on a document filed by Plaintiff, which appears to include both a Third Amended Complaint and a request for a temporary

restraining order ("TRO"), and which the Clerk of Court has docketed as a Motion for TRO ("Mot. for TRO") [Doc. 25].

On March 31, 2025, Plaintiff Angeline Payne filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1], which United States Magistrate Judge J. Elizabeth McBath denied [Doc. 2].[1] Eventually, the Magistrate Judge granted Plaintiff's Second Amended IFP Application [Doc. 15-1 at 6-14] but found that Plaintiff's Amended Complaint [Doc. 17] did not survive frivolity review. June 16, 2025, Order [Doc. 16]. Specifically, the Magistrate Judge found that Plaintiff failed to establish subject matter jurisdiction and failed to state a claim for wrongful foreclosure. Id. at 7-11. Thus, the Magistrate Judge ordered Plaintiff to file a second amended complaint that complies with the Federal Rules of Civil Procedure. Id. at 13-14. On July 14, 2025, Plaintiff filed a Second Amended Complaint [Doc. 19], but the Magistrate Judge, again, found the filing to be deficient because it was not readily discernible "(i) what happened, (ii) who was involved, (iii) what claims are being asserted against which defendant(s), and

[1] Payne's Diversified Housing Inc. also was initially named as a plaintiff in this case, and the Magistrate Judge denied the IFP Application because it was only filled out for Payne, and because corporations cannot proceed IFP. Apr. 4, 2025, Order at 4-5.

(iv) why those claims are being asserted against the defendant(s)." Aug. 5, 2025, Order [Doc. 22] at 5-6.

On August 26, 2025, Plaintiff filed the instant Third Amended Complaint, within which is embedded a request that "this Court issue an immediate Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b)." Mot. for TRO at 12. In Plaintiff's filing, Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. Mot. for TRO at 4. Plaintiff also lists the names of Defendants, with no information as to their citizenship. Id. at 4-5, 8-12. At its core, Plaintiff seeks to stop an eviction that is scheduled to occur on August 28, 2025. Id. at 7. Plaintiff appears to argue that the dispossessory proceeding was dismissed, but that "Defendants are pursuing enforcement based on Magistrate Judge Todd Ashley's striking of Plaintiff's motions." Id. Plaintiff alleges that "this eviction effort is retaliatory and directly connected to the claims raised in the present federal action." Id.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction[] . . . [and] are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution.'" Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "a federal

court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. at 410; see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). And where subject matter jurisdiction is lacking, "a federal court must remand . . . notwithstanding the presence of other motions pending before the court." Id. at 411.

The Court finds that, despite the Magistrate Judge's prior finding that Plaintiff's Amended Complaint failed to establish subject matter jurisdiction, see June 16, 2025, Order at 7-9, Plaintiff still has failed to allege sufficient facts supporting this Court's subject matter jurisdiction over this case. Aside from listing statutes that theoretically confer subject matter jurisdiction (28 U.S.C. §§ 1331, 1343, 1367), Plaintiff's Third Amended Complaint fails to include "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). Indeed, Plaintiff does not even list any causes of action she seeks to assert against any Defendant—let alone a federal cause of action to confer federal question jurisdiction under 28 U.S.C. § 1331. Instead, Plaintiff simply lists Defendants and states conclusory allegations of Defendants' alleged wrongdoings. See, e.g., Mot. for TRO at 10 (alleging that the "Secretary of State / Officer of the United States" failed "to oversee and prevent fraudulent legal proceedings and

filings under color of law, including improper state recordation of property interests"); id. (alleging that U.S. Marshals "improperly filed duplicate summons in Plaintiff's matter, enabling unlawful state enforcement proceedings," and "showed force at Plaintiff's home and participated in an attempted eviction without lawful order, exceeding authority and violating Plaintiff's due process rights"); id. at 11 (alleging that Vendor Resource Management "acted as a false holding creditor without lawful standing"). These conclusory allegations do not provide any basis from which this Court can conclude that a federal question is presented on the face of Plaintiff's Third Amended Complaint.

To the extent Plaintiff alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1343, that statute provides the jurisdictional basis for claims brought pursuant to 42 U.S.C. §§ 1983 and 1985. See Ortega v. Schramm, 922 F.2d 684, 688 (11th Cir. 1991) (noting that Section 1343 "authorizes federal courts to entertain section 1983 claims"). Plaintiff fails to state any claim under 42 U.S.C. § 1983, and her conclusory allegations of deprivation of due process are insufficient to state a claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (holding that "the pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").[2]

Finally, to the extent that Plaintiff seeks the Court's review of the state court's orders with respect to the eviction proceedings, the Rooker-Feldman doctrine[3] prohibits this Court from doing so. Specifically, a federal district court cannot review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Court lacks authority to review or reverse the state court's decision; that authority is vested in the Georgia Court of Appeals.

## III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Third Amended Complaint [Doc. 25] is **DISMISSED** for lack of subject matter

---

[2] Plaintiff also fails to plead the citizenship of any Defendant named in her Third Amended Complaint; thus, Plaintiff fails to allege that diversity jurisdiction exists in this case. See 28 U.S.C. § 1332.

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

jurisdiction.[4] Because the Court lacks subject matter jurisdiction over this case, it cannot rule on Plaintiff's Motion for TRO, which is **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to close this file.

**IT IS SO ORDERED** this 27th day of August, 2025.

MARK H. COHEN
United States District Judge

[4] The Court also notes an additional ground for dismissal of Plaintiff's Complaint. She has been provided with three opportunities to amend her complaint to comply with the Magistrate Judge's orders and the Federal Rules of Civil Procedure, and she has failed to do so. See LR 41.3A(2), NDGa. ("The Court may . . . dismiss a civil case for want of prosecution if . . . [a] plaintiff or plaintiffs attorney shall, after notice, . . . fail or refuse to obey a lawful order of the Court in the case[.]").

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ANGELINE PAYNE,
Plaintiff(s), vs.

SECRETARY OF VETERANS AFFAIRS, et al.,
Defendant(s).

CIVIL ACTION FILE

NO. 1:25-CV-1703-MHC-JEM

# JUDGMENT

This action having come before the court, Honorable Mark H. Cohen, United States District Judge, for consideration, it is

**Ordered and Adjudged** that the action be **DISMISSED** for lack of subject matter jurisdiction.

Dated at Atlanta, Georgia, this 27th day of August, 2025.

KEVIN P. WEIMER
CLERK OF COURT

By: s/D. Ross
Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
August 27, 2025
Kevin P. Weimer
Clerk of Court

By: s/D. Ross
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**ANGELINE PAYNE,**

**Plaintiff,**

**v.**

**SECRETARY OF VETERANS AFFAIRS, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, OFFICER OF THE UNITED STATES, BSI FINANCIAL SERVICES, VENDOR RESOURCE MANAGEMENT (VRM), DREW POWERS, JUDGE ASHLEY DRAKE, JUDGE DEFOORS, JUDGE LINDA BORSKY, JUDGE DEBBIE ANN RICKMAN, JUDGE TODD ASHLEY, UNITED STATES MARSHALS SERVICE (ATLANTA DIVISION), MARSHAL J. WILDY (489), MARSHAL COLEMAN, and all others,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:25-CV-1703-MHC-JEM**

**ORDER**

On June 16, 2025, after granting Plaintiff's second application to proceed in forma pauperis, the Magistrate Judge found that Plaintiff's amended complaint did not survive a frivolity review under 28 U.S.C. § 1915(e) but gave Plaintiff up to 28

days to file a second amended complaint. June 16, 2025, Order [Doc. 16]. Plaintiff filed her Second Amended Complaint on July 14, 2025 [Doc. 19], but the Magistrate Judge again found that it did not survive frivolity review. Aug. 5, 2025, Order [Doc. 22]. The Magistrate Judge granted Plaintiff an additional 14 days to file a third amended complaint. Id. at 6-7. On August 21, 2025, Plaintiff sought an extension of time, "up to and including August 29, 2025, for the filing of Plaintiff's Third Amended Complaint." [Doc. 23]. The Magistrate Judge granted her request [Doc. 24]. Plaintiff filed her Third Amended Complaint on August 26, 2025 [Doc. 25]. On August 27, 2025, this Court, after reviewing Plaintiff's Third Amended Complaint, found that it once again did not pass a frivolity review because it failed to show that this Court had subject matter jurisdiction over her alleged claims and dismissed the Third Amended Complaint for lack of subject matter jurisdiction. Aug, 27, 2025 [Doc. 26].

On August 28, 2025, Plaintiff filed a Motion for Reconsideration because "the Court dismissed Plaintiff's case before the August 29th deadline" to file a third amended complaint [Doc. 28]. On September 24, 2025, Plaintiff filed an Emergency Motion for Reconsideration and Temporary Restraining Order, again contending that "the Court dismissed Plaintiff's case three days before the filing extension expired [for the filing of Plaintiff's Third Amended Complaint]

Case 1:25-cv-01703-MHC Document 31 Filed 10/14/25 Page 3 of 3

and without considering evidence now presented showing Defendants lacked standing to evict." [Doc. 30].

What Plaintiff ignores is that she was given an extension of time to and including August 29, 2025, to file her Third Amended Complaint, which she filed on August 26, 2025. The Court reviewed the Third Amended Complaint and dismissed this action for lack of subject matter jurisdiction. Plaintiff believes that the Court should have waited until August 29, 2025, to issue its Order, but Plaintiff actually filed her Third Amended Complaint on August 26, 2025, making it ripe for decision. Moreover, Plaintiff presents nothing in the way of "new evidence" to justify a reconsideration of the Court's earlier orders denying her request for a temporary restraining order given the lack of subject matter jurisdiction over her claims for relief. See May 9. 2025, Order [Doc. 6] (denying as moot Motion for TRO); Aug. 26, 2025, Order (denying as moot Motion for TRO)

Accordingly, it is hereby **ORDERED** that Plaintiff's Motions for Reconsideration and Temporary Restraining Order [Docs. 28, 30] are DENIED.

**IT IS SO ORDERED** this 14th day of October, 2025.

MARK H. COHEN
United States District Judge

Case 1:25-cv-01703-MHC Document 32 Filed 10/24/25 Page 2 of 6

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 24 2025

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELINE PAYNE,

Plaintiff,

v.
SECRETARY OF VETERANS AFFAIRS, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, OFFICER OF THE UNITED STATES, BSI FINANCIAL SERVICES, VENDOR RESOURCE MANAGEMENT (VRM), DREW POWERS, JUDGE ASHLEY DRAKE, JUDGE DEFOORS, JUDGE LINDA BORSKY, JUDGE DEBBIE ANN RICKMAN, JUDGE TODD ASHLEY, UNITED STATES MARSHALS SERVICE (ATLANTA DIVISION), MARSHAL J. WILDY (489), MARSHAL COLEMAN, and all others,
Defendants.

Civil Action No. 1:25-CV-01703-MHC-JEM

NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Angeline Payne, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the final Order entered on October 14, 2025, by the Honorable Mark H. Cohen, United States District Judge, which denied Plaintiff's Motions for Reconsideration and Temporary Restraining Order and dismissed this case for lack of subject matter jurisdiction.

Plaintiff respectfully asserts that the district court erred in (1) construing her emergency Temporary Restraining Order filing as her final Third Amended Complaint, despite her timely extension and notice that she was still completing the full amended version; (2) dismissing the action prematurely while Plaintiff was under duress and attempting to prevent an unlawful eviction by federal officers; and (3) depriving Plaintiff of meaningful access to the court and due process under 28 U.S.C. § 1915(e) and the Fifth Amendment.

Plaintiff therefore appeals all rulings and orders leading to and including the October 14, 2025 Order and judgment of dismissal.

Respectfully submitted this 24 day of October 2025.

Signature: Angeline-Lavern: Payne ~©

ANGELINE PAYNE
Pro Se Plaintiff
4585 Spring Valley Parkway
South Fulton, Georgia 30349
angelpayne1@gmail.com
404-202-2169

MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Plaintiff, Angeline Payne, moves pursuant to Fed. R. App. P. 24(a)(3) to proceed on appeal in forma pauperis. Plaintiff was previously granted leave to proceed in forma pauperis in the district court and continues to be unable to pay appellate filing fees due to ongoing displacement and financial hardship. Plaintiff's appeal is taken in good faith and raises substantial issues of due process and jurisdiction.

Respectfully submitted,

Angeline Payne

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Appeal was hand-delivered or mailed via first-class U.S. Mail to the Clerk of Court, U.S. District Court for the Northern District of Georgia, Atlanta Division, and copies were served upon all parties of record on this 24 day of October 2025.

**Angeline Payne**, Pro Se Plaintiff

Case 1:25-cv-01703-MHC Document 32 Filed 10/24/25 Page 25 of 26

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANGELINE PAYNE,

Plaintiff,

v.
SECRETARY OF VETERANS AFFAIRS, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, OFFICER OF THE UNITED STATES, BSI FINANCIAL SERVICES, VENDOR RESOURCE MANAGEMENT (VRM), DREW POWERS, JUDGE ASHLEY DRAKE, JUDGE DEFOOR II, JUDGE LINDA BORSKY, JUDGE DEBBIE ANN RICKMAN, JUDGE TODD ASHLEY, UNITED STATES MARSHALS SERVICE (ATLANTA DIVISION), MARSHAL J. WILDY (489), MARSHAL COLEMAN, and all others,
Defendants.

Civil Action No. 1:25-CV-01703-MHC-JEM

STATEMENT OF ISSUES ON APPEAL

Pursuant to Rule 10(b)(3) of the Federal Rules of Appellate Procedure, Plaintiff–Appellant Angeline Payne respectfully identifies the following issues presented for review by the United States Court of Appeals for the Eleventh Circuit:

1. Premature Dismissal and Due Process Violation
Whether the district court erred by treating Plaintiff's emergency Temporary Restraining Order filing as her final Third Amended Complaint, despite Plaintiff's timely request for and grant of an extension through August 29, 2025, thereby depriving her of the full period authorized to complete her filing.

2. Denial of Access to Court While Under Duress
Whether the district court's dismissal, entered while Plaintiff was under imminent threat of eviction and direct contact from federal marshals, violated her constitutional right to access the courts and due process of law by failing to consider coercive circumstances affecting her ability to finalize and present her claims.

3. Misapplication of 28 U.S.C. § 1915(e) "Frivolity" Review
Whether the district court misapplied § 1915(e) by dismissing the complaint for lack of subject-matter jurisdiction at the screening stage, where Plaintiff's pleadings raised substantial federal

questions and claims involving actions by the United States Department of Veterans Affairs and federal officers.

4. Failure to Consider Newly Presented Evidence of Standing Defects
Whether the court erred in denying reconsideration and a temporary restraining order by refusing to review Plaintiff's newly submitted documentary evidence demonstrating that the named defendants lacked legal standing to foreclose or evict under federal and state law.

5. Violation of Equal Protection and Judicial Fairness Standards
Whether the cumulative conduct of the district court—denying reconsideration, refusing equitable relief, and dismissing the case without a hearing—constituted arbitrary and unequal treatment of an in forma pauperis litigant contrary to the Fifth and Fourteenth Amendments.

Respectfully submitted this 24 day of October 2025.

ANGELINE PAYNE
Pro Se Plaintiff–Appellant
4585 Spring Valley Parkway
South Fulton, Georgia 30349
angelpayne1@gmail.com
404-202-2169